**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| VICTOR PIRNIK, Individually, and on Behalf of All Others Similarly Situated,<br><br>                                        Plaintiff,<br><br>                    v.<br><br>FIAT CHRYSLER AUTOMOBILES, N.V., SERGIO MARCHIONNE, and RICHARD K. PALMER,<br><br>                                        Defendants. | No. 1:15-cv-07199-JMF<br><br>CLASS ACTION |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**MOTION OF GARY KOOPMANN AND TIMOTHY KIDD**
**FOR APPOINTMENT AS LEAD PLAINTIFF**
**AND APPROVAL OF COUNSEL**

# TABLE OF CONTENTS

Page

I.  PRELIMINARY STATEMENT ......................................................................1

II.  STATEMENT OF FACTS ...........................................................................1

III.  ARGUMENT.................................................................................................4

    A.  KOOPMANN AND KIDD SHOULD BE APPOINTED LEAD
        PLAINTIFF ........................................................................................4

        1.  Koopmann and Kidd are Willing to Serve as Class
            Representative ............................................................................5

        2.  Koopmann and Kidd have the "Largest Financial Interest".................5

        3.  Koopmann and Kidd Otherwise Satisfy the Requirements  of
            Rule 23 of the Federal Rules of Civil Procedure .....................................6

        4.  Koopmann and Kidd Will Fairly and Adequately Represent
            the Interests of the Class and are not Subject to any Unique
            Defenses.....................................................................................8

    B.  LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE
        APPROVED ........................................................................................9

IV.  CONCLUSION ...........................................................................................10

TABLE OF AUTHORITIES

Cases

*Albert Fadem Trust v. Citigroup Inc.,*
  239 F. Supp. 2d 344 (S.D.N.Y. 2002).....................................................................6

*Amchem Prods., Inc. v. Windsor,*
  521 U.S. 591 (1997)..............................................................................................8

*Beck v. Maximus,*
  457 F.3d 291 (3d Cir. 2006)..................................................................................8

*Canson v. WebMD Health Corp.,*
  No. 11-cv-5382-JFK, 2011 WL 5331712 (S.D.N.Y. Nov. 7, 2011).......................7

*Chilton v. Chiumento Group,*
  365 Fed. App'x 298 (2d Cir. 2010)........................................................................6

*Comverse Tech., Inc., Sec. Litig.,*
  2007 U.S. Dist. LEXIS 14878, at *22-*25 (E.D.N.Y. Mar. 2, 2007).....................6

*Elan Corp. Sec. Litig., No. 02 Civ. 865 (WK) (FM),*
  2002 U.S. Dist. LEXIS 23162, at *7 (S.D.N.Y. Dec. 3, 2002)...............................

*Ghodooshim v. Qiao Xing Mobile Commc'n Co., Ltd.,*
  No. 12-cv-9264-JSR, 2013 WL 2314267 (S.D.N.Y. May 21, 2013) ......................8

*Gluck v. Cellstar Corp.,*
  976 F. Supp. 542 (N.D. Tex. 1997) .......................................................................7

*In re Bank of Am. Corp. Sec., Deriv. and ERISA Litig.,*
  258 F.R.D. 260 (S.D.N.Y. 2009) ...........................................................................6

*In re Donkenny, Inc. Sec. Litig.,*
  171 F.R.D. 156 (S.D.N.Y. 1997) ...........................................................................5

*In re Drexel Burnham Lambert Group, Inc.,*
  960 F.2d 285 (2d Cir. 1992)..................................................................................7

*In re EVCI Career Colleges Holding Corp. Sec. Litig.,*
  No. 05-cv-10240-CM, 2007 WL 2230177 (S.D.N.Y. July 27, 2007) ....................7

*In re Olsten Corp. Sec. Litig.,*
  3 F. Supp.2d 286 (E.D.N.Y. 1998) ....................................................................6, 7

*In re Oxford Health Plans, Inc. Sec. Litig.,*
  182 F.R.D. 42 (S.D.N.Y. 1998) .............................................................................7

*Lax v. First Merchants Acceptance Corp.*,
    1997 WL 461036 (N.D. Ill. 1997) .................................................................................... 5

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
    589 F. Supp. 2d 388 (S.D.N.Y. 2008) .......................................................................... 5, 9

*Xianglin Shi v. Sina Corp.*,
    No. 05-cv-2154-NRB, 2005 WL 1561438 (S.D.N.Y. July 1, 2005) ....................................... 8

Statutes

15 U.S.C. § 78u ...................................................................................................... *passim*

Rules

Fed. R. Civ. P. 23(a)(3) ............................................................................................. *passim*

Rule 42 of the Federal Rules of Civil Procedure ......................................................... 1

Gary Koopmann and Timothy Kidd (collectively, "Koopmann and Kidd") respectfully submit this Memorandum of Law in support of their motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Rule 42 of the Federal Rules of Civil Procedure, for the entry of an Order: (1) appointing Koopmann and Kidd as Lead Plaintiff on behalf of all persons and entities that purchased or otherwise acquired securities of Fiat Chrysler Automobiles N.V. ("Chrysler" or the "Company") between August 1, 2014 and July 24, 2015, inclusive (the "Class Period"); (2) approving Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") and The Rosen Law Firm P.A. ("Rosen") as Co-Lead Counsel for the Class; and (3) granting such other and further relief as the Court may deem just and proper.

## I.   PRELIMINARY STATEMENT

Pursuant to the PSLRA, the court appoints as lead plaintiff the movant who possesses the largest financial interest in the outcome of the action and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Koopmann and Kidd, with losses of approximately $15,354 in connection with their purchases of Chrysler common stock, have the largest financial interest in the relief sought in this action. Koopmann and Kidd further satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure as they are adequate representatives with claims typical of the other Class members. Accordingly, Koopmann and Kidd respectfully submit that they should be appointed Lead Plaintiff.

## II.   STATEMENT OF FACTS

Chrysler is an automotive group that designs, engineers, manufactures, distributes and sells vehicles and components. The Company offers passenger cars, light trucks, and light commercial vehicles under brand names including Chrysler, Dodge, Fiat, Jeep, and Ram. Chrysler provides

retail and dealer financing, leasing, and rental services, as well as engages in media and publishing business.  The Company sells its products directly, or through distributors and dealers, in approximately 150 countries.

The Company was founded in October 2014 as the result of a merger that completed the integration of Fiat Group Automobiles ("Fiat") and Chrysler LLC ("Chrysler").  Chrysler is incorporated in the Netherlands, with headquarters in London, United Kingdom.  Its shares trade on the NYSE under the ticker symbol "FCAU."

Throughout the Class Period, Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) flaws in the Company's manufacturing processes, supply chain, electronic security measures, and/or quality control rendered at least 3.1 million Chrysler cars and trucks unsafe to drive; (ii) the Company's slow completion rates for recalls, slow or inadequate notifications to consumers, and faulty approaches to addressing safety issues and improper actions by dealers were not in compliance with federal laws and regulations; and (iii) as a result of the foregoing, Defendants' statements about Chrysler's business, operations, and prospects were false and misleading and/or lacked a reasonable basis.

On June 28, 2015, the Company announced a recall that included model-year 2015 Jeep Grand Cherokee and Dodge Durango SUVs.  The Company advised approximately 65 vehicle owners to immediately stop driving their vehicles, and further stated in relevant part:

> [The recalled vehicles] may have been inadvertently equipped with improperly heat-treated suspension components.  This condition, which was not apparent during the assembly process, could lead to component breakage, rear-end instability and/or reduced braking power. . . .
>
> Additional vehicles numbering approximately 7,690 are also subject to recall because they were built during the same eight-day period as the 65 in the field

2

On this news, the Company's stock fell $1.06, or roughly 6.8%, to close at $14.53 on June 29, 2015.

On July 24, 2015, Chrysler issued a recall affecting approximately 1.4 million Jeep Grand Cherokee and Dodge Durango SUVs after it was demonstrated that a security flaw in the vehicles' systems rendered the vehicles vulnerable to remote electronic manipulation ("hacking"), including cutting the vehicle's brakes, shutting down the vehicle's engine, steering the vehicle off the road, and shutting down the vehicle's electronics systems.

On this news, the Company's stock fell $0.39, or 2.5%, to close at $15.15 on July 24, 2015.

On Sunday, July 26, 2015, the NHTSA announced its imposition on the Company of a record $105 million fine in connection with the Company's handling of 23 previous recalls affecting more than 11 million vehicles.  The NHTSA penalties were tied to violations in an array of areas, including misleading regulators, inadequate repairs, and failure to alert affected car owners in a timely manner.  The NHTSA stated, in part:

> ***Fiat Chrysler's pattern of poor performance put millions of its customers, and the driving public, at risk.***  This action will provide relief to owners of defective vehicles, will help improve recall performance throughout the auto industry, and gives Fiat Chrysler the opportunity to embrace a proactive safety culture.

(Emphasis added.)

On September 4, 2015, Chrysler issued a recall notice affecting approximately 7,810 Jeep Renegade SUVs, reflecting further hacking concerns.

On this news, the Company's shares fell $0.27, or 1.9%, to close at $13.60 on September 4, 2015.

On September 10, 2015, Chrysler issued further recall notices affecting nearly 1.7 million recent-model Ram pickups, addressing faulty wiring harnesses, airbags, and steering components.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other class members have suffered significant losses and damages.

## III.    ARGUMENT

### A.    KOOPMANN AND KIDD SHOULD BE APPOINTED LEAD PLAINTIFF

Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of a lead plaintiff in class actions brought under the Exchange Act.  The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  15 U.S.C. § 78u-4(a)(3)(B)(i) &(ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice.  Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Koopmann and Kidd satisfy all three of these criteria and thus are entitled to the presumption that they are the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

**1.   Koopmann and Kidd are Willing to Serve as Class Representative**

On September 11, 2015, counsel in the above-captioned action caused a notice (the "Notice") to be published over *GlobeNewswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against the defendants herein, and advised investors in Chrysler securities that they had until November 10, 2015 to file a motion to be appointed as Lead Plaintiff.   *See* PSLRA Press Release, Declaration of Jeremy A. Lieberman in Support of the Motion by Koopmann and Kidd for Appointment as Lead Plaintiff, and Approval of Lead Counsel ("Lieberman Decl."), Ex. A.

Koopmann and Kidd have filed the instant motion pursuant to the Notice, and have attached certifications attesting that they are willing to serve as representatives for the Class and provide testimony at deposition and trial, if necessary. *See* PSLRA Certification of Koopmann and Kidd, Lieberman Decl., Ex. B. Accordingly, Koopmann and Kidd satisfy the first requirement to serve as Lead Plaintiff for the Class.

**2.   Koopmann and Kidd have the "Largest Financial Interest"**

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."   15 U.S.C. § 78u-4(a)(3)(B)(iii). *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 394-395 (S.D.N.Y. 2008); *In re Donkenny, Inc. Sec. Litig.*, 171 F.R.D. 156, 157 (S.D.N.Y. 1997).

As of the time of the filing of this motion, Koopmann and Kidd believe that they have the largest financial interest of any of the Lead Plaintiff movants based on the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*, 1997 WL 461036, at *5 (N.D. Ill. 1997) (financial interest may be determined by (1) the number of shares purchased during the class

period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered).[1]

During the Class Period, Koopmann and Kidd (1) purchased 10,500 shares of Chrysler stock; (2) expended $170,964 on their purchases of Chrysler stock; (3) retained all of their Chrysler shares; and, (4) as a result of the revelations of the fraud, suffered a loss of $15,534.   *See* Loss Chart of Koopmann and Kidd, Lieberman Decl., Ex. C.  Because Koopmann and Kidd possess the largest financial interest in the outcome of this litigation, they may be presumed to be the "most adequate" plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb); *see also Chilton v. Chiumento Group*, 365 Fed. App'x 298, 299 (2d Cir. 2010) (discussing qualifications for Lead Plaintiff presumption); *In re Bank of Am. Corp. Sec., Deriv. and ERISA Litig.*, 258 F.R.D. 260, 268 (S.D.N.Y. 2009).

### 3.   Koopmann and Kidd Otherwise Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); *see also In re Elan Corp. Sec. Litig.,* No. 02 Civ. 865 (WK) (FM), 2002 U.S. Dist. LEXIS 23162, at *7 (S.D.N.Y. Dec. 3, 2002); *Albert Fadem Trust v. Citigroup Inc.*, 239 F. Supp. 2d 344, 347 (S.D.N.Y. 2002).  Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the

---

[1] *See also In re Olsten Corp. Sec. Litig.,* 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998).  *Accord In re Converse Tech., Inc., Sec. Litig.*, 2007 U.S. Dist. LEXIS 14878, at *22-*25 (E.D.N.Y. Mar. 2, 2007) (collectively, the "*Lax-Olsten*" factors.).

> representative parties will fairly and adequately protect the interests
> of the class.

In making its determination that Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *See Canson v. WebMD Health Corp.*, No. 11-cv-5382-JFK, 2011 WL 5331712, at *4 (S.D.N.Y. Nov. 7, 2011).  Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA."  *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997); *Olsten*, 3 F. Supp. 2d at 296 (quoting *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)).

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where the named representative's claims are typical of the class' claims.  *In re EVCI Career Colleges Holding Corp. Sec. Litig.*, No. 05-cv-10240-CM, 2007 WL 2230177, at *13 (S.D.N.Y. July 27, 2007) ("[t]ypicality does not require that the factual background of each named plaintiffs claim be identical to that of all class members.").

The claims of Koopmann and Kidd are typical of those of the Class.  Koopmann and Kidd allege, as do all class members, that defendants violated Federal Securities Laws by making false or misleading statements of material facts concerning Chrysler during the Class Period, or omitted to state material facts necessary to make the statements they did make not misleading.  Koopmann and Kidd, as did all members of the Class, purchased Chrysler shares at prices artificially inflated by defendants' misrepresentations or omissions and were damaged upon the disclosure of those misrepresentations and/or omissions.  These shared claims, which are based on the same legal

7

theory and arise from the same events and course of conduct as the Class claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." The class representative must also have sufficient interest in the outcome of the case to ensure vigorous advocacy. *See Xianglin Shi v. Sina Corp.*, No. 05-cv-2154-NRB, 2005 WL 1561438, at *3 (S.D.N.Y. July 1, 2005); *Ghodooshim v. Qiao Xing Mobile Commc'n Co., Ltd.*, No. 12-cv-9264-JSR, 2013 WL 2314267 (S.D.N.Y. May 21, 2013); *Beck v. Maximus*, 457 F.3d 291 at 296 (3d Cir. 2006) (emphasizing that the adequacy inquiry "serves to uncover conflicts of interest between named parties and the class they seek to represent," (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997)).

Koopmann and Kidd adequately represent the Class. There is no antagonism between Koopmann's and Kidd's interests and those of the Class, and their losses demonstrate that they have a sufficient interest in the outcome of this litigation. Moreover, Koopmann and Kidd have retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this action, and submit their choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

### 4. Koopmann and Kidd Will Fairly and Adequately Represent the Interests of the Class and are not Subject to any Unique Defenses

The presumption in favor of appointing Koopmann and Kidd as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

      (aa)    will not fairly and adequately protect the interest of the class; or

      (bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

Koopmann's and Kidd's ability and desire to fairly and adequately represent the Class has been discussed above.  Koopmann and Kidd are not aware of any unique defenses defendants could raise that would render them inadequate to represent the Class.  Accordingly, Koopmann and Kidd should be appointed Lead Plaintiff for the Class.

> **B.      LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED**

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court.  15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C.§ 78u-4(a)(3)(B)(iii)(II)(aa).  *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008) (emphasizing that the PSLRA "evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.").

Here, Koopmann and Kidd have selected Pomerantz and Rosen as Co-Lead Counsel. Pomerantz and Rosen are highly experienced in the area of securities litigation and class actions, and have successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors as detailed in the firms' respective resumes. *See* Firm Resume of Pomerantz, Lieberman Decl., Ex. D; Firm Resume of Rosen, Lieberman Decl., Ex. E. As a result of the firms' extensive experience in litigation involving issues similar to those raised in this action, Koopmann's and Kidd's counsel have the skill and knowledge which will enable them to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Koopmann's and Kidd's selection of Counsel, the members of the class will receive the best legal representation available.

## IV.    CONCLUSION

For the foregoing reasons, Koopmann and Kidd respectfully request that the Court issue an Order: (1) appointing Koopmann and Kidd as Lead Plaintiff; (2) approving Pomerantz and Rosen as Co-Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: November 10, 2015
      New York, New York

 

**POMERANTZ LLP**

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
J. Alexander Hood II
Marc Gorrie
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: 212-661-1100
Facsimile:  212-661-8665
Email:  jalieberman@pomlaw.com
Email:  ahood@pomlaw.com
Email:  mgorrie@pomlaw.com

Patrick V. Dahlstrom
10 South LaSalle Street, Suite 3505
Chicago, IL 60603
Telephone: 312-377-1181
Facsimile:  312-377-1184
Email:  pdahlstrom@pomlaw.com

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq.
Laurence M. Rosen, Esq.
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Facsimile:  (212) 202-3827
Email:  pkim@rosenlegal.com
          lrosen@rosenlegal.com

*Counsel for Movants and*
*Proposed Co-Lead Counsel for the Class*

10