

## The Rosen Law Firm
### INVESTOR COUNSEL

Sara Fuks, Esq.
sfuks@rosenlegal.com

November 30, 2015

**BY ECF**

Hon. Jesse M. Furman
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re: *Pirnik v. Fiat Chrysler Automobiles N.V.*, et al., 1:15-cv-07199-JMF (S.D.N.Y.)

Your Honor:

We write on behalf of Lead Plaintiff movants Gary Koopmann and Timothy Kidd ("Movants") in response to the Court's November 23, 2015 order and Defendants' accompanying letter. Dkt. # 21.

Defendants advance two arguments: (a) Koopmann and Kidd should be required to produce information addressing the factors in *Varghese* v. *China Shenghuo Pharm. Holdings, Inc.*, 589 F.Supp. 2d 388, 392 (S.D.N.Y. 2008); and (b) that two law firms should not be appointed lead counsel as it would prejudice defendants. These arguments are without merit.

Aggregation and the *Varghese* factors are a non-issue because Koopmann and Kidd need not aggregate their losses to be appointed lead plaintiff.[1] As noted in Movants' submissions and as reflected in the case authorities cited by Defendants, the issue of unrelated persons as lead plaintiffs arises when such persons attempt to combine their losses to overtake an individual movant with the largest individual losses. In any event, Koopmann and Kidd through their November 20, 2015 letter, and Joint Declaration, provided sufficient information about their

---

[1] In *Varghese* The Rosen Law Firm was counsel for the Maa Group. The Maa Group and the competing movant, Bennett, had submitted a stipulation to the SDNY judgments clerk (after the motions and oppositions were filed) to work together and appoint the Rosen and Cohen Milstein Firms as co-lead counsel. Replies were not filed by movants given the stipulation. Following the issuance of the *Varghese* decision, Judge Marrero held a telephonic status conference where he informed the parties that his chambers learned of the stipulation after the decision was issued and that he would have likely signed the stipulation appointing co-lead plaintiffs and co-lead counsel. He asked the Rosen Law Firm and the Cohen Milstein firm if the parties wanted relief from the decision. The Rosen Law Firm and the Cohen Milstein firm decided to press forward with the case and jointly prosecute it, which both firms did as reflected in the settlement documentation filed later on in the case.

---

background, cooperative efforts, and their acceptance of the duties of serving as lead plaintiff. Courts have approved unrelated groups that have made similar showings. *See, Goldstein* v. *Puda Coal, Inc.,* 827 F.Supp.2d 348, 356 (S.D.N.Y. 2011); *Reimer* v. *Ambac Fin. Group, Inc.,* 2008 WL 2073931, at *3 (S.D.N.Y. May 9, 2008).

Under the PSLRA lead plaintiffs shall select and retain counsel subject to the approval of the Court. 15 U.S.C. § 78u–4(a)(3)(B)(v). The statute "'evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.'" *In re Adelphia Communications Corp. Sec. and Derivative Litig.,* 2008 WL 4128702, at *2 (S.D.N.Y. Sept. 3, 2008) (quoting *In re Cendant Corp. Litig.,* 264 F.3d 201, 276 (3d Cir. 2001)); *Cohen v. U.S. Dist. Court for N. Dist. Of California*, 586 F.3d 703, 712 (9th Cir. 2009) ("[L]ike the Third Circuit, we hold that if the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice"). The Court should disrupt the lead plaintiff's choice only when "necessary to protect the interests of the class." *Cendant,* 264 F.3d at 274 (quoting H.R. Conf. Rep. No. 104–369, at 35 (1995)). Here, Defendants do not argue that the appointment of Co-Lead Counsel would harm the interests of the class. This is fatal to their argument.[2] In any event, the Rosen and Pomerantz firms can work and have worked cooperatively and efficiently.[3]

In short, Gary Koopmann and Timothy Kidd should be appointed as Lead Plaintiffs, and the Court should approve their selection of The Rosen Law Firm, P.A. and Pomerantz LLP as Co-Lead Counsel.

Respectfully submitted,

/s/ Sara Fuks

Sara Fuks


cc: Counsel of record (by ECF)

---

[2] Defendants argue in a conclusory sentence that the appointment of co-lead counsel would prejudice Defendants. Frankly, a counsel structure which exerts more pressure or leverage on Defendants is one that is in the best interests of the class.

[3] *Agfeed* (M.D. Tenn.) $7 million recovery as Co-Lead Counsel; *Silvercorp* (S.D.N.Y.), $14 million recovery with Rosen as additional counsel; *Uni-Pixel* (S.D. Tex.) $4.5 million recovery as Co-Lead Counsel; *Duoyuan Printing* (S.D.N.Y.) $6.193 million recovery as Co-Lead Counsel.