**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GARY KOOPMAN, TIMOTHY KIDD and VICTOR PIRNIK, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> FIAT CHRYSLER AUTOMOBILES N.V., SERGIO MARCHIONNE and SCOTT KUNSELMAN, <br><br> Defendants. | No. 15 Civ. 7199 (JMF) <br><br><br> **DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT** |

Defendants Fiat Chrysler Automobiles N.V. ("FCA"), Sergio Marchionne and Scott Kunselman (collectively, "Defendants") answer the Second Amended Complaint (the "Complaint") of Plaintiffs Gary Koopman, Timothy Kidd and Victor Pirnik ("Plaintiffs"), dated March 29, 2016, as follows:  deny any averments in the Table of Contents, headings, subheadings, footnotes and preamble of the Complaint.

1.     State that the Complaint speaks for itself and that paragraph 1 does not contain an allegation that requires a response.

2.     Admit the allegations in the first two sentences of paragraph 2, and deny the allegations in the last sentence of paragraph 2.

3.     State that, to the extent paragraph 3 purports to allege facts concerning FCA's recall and warranty provisions, no response is required because Plaintiffs' claims against Defendants concerning such provisions were dismissed pursuant to the Court's Order dated October 5, 2016, that the allegations in paragraph 3 comprise legal conclusions to which no

response is required, and otherwise deny the allegations in paragraph 3 to the extent a response is required.

4.      Deny the allegations in paragraph 4, except respectfully refer the Court to the Consent Order, *In re FCA US LLC*, AQ14-003, dated July 24, 2015 ("July Consent Order"), and the Consent Order, *In re FCA US LLC*, AQ14-003, dated December 8, 2015 ("December Consent Order," together with the July Consent Order, the "Consent Orders"), and the documents cited in paragraph 4 for a complete and accurate description of their contents.

5.      State that, to the extent paragraph 5 purports to allege facts concerning FCA's recall and warranty provisions, no response is required because Plaintiffs' claims against Defendants concerning such provisions were dismissed pursuant to the Court's Order dated October 5, 2016, and otherwise deny the allegations in paragraph 5, except respectfully refer the Court to the Consent Orders for a complete and accurate description of their contents.

6.      State that paragraph 6 purports to allege facts concerning FCA's recall and warranty provisions, and therefore no response is required because Plaintiffs' claims against Defendants concerning such provisions were dismissed pursuant to the Court's Order dated October 5, 2016.

7.      State that paragraph 7 purports to allege facts concerning FCA's recall and warranty provisions, and therefore no response is required because Plaintiffs' claims against Defendants concerning such provisions were dismissed pursuant to the Court's Order dated October 5, 2016.

8.      State that Defendants lack sufficient knowledge to allow them to form a belief as to the truth or falsity of the allegations concerning Toyota and other "automakers," respectfully refer the Court to the statement cited in paragraph 8 for a complete and accurate description of its

contents, and otherwise deny the allegations in paragraph 8 insofar as they pertain to the Defendants.

9.      State that Defendants lack sufficient knowledge to allow them to form a belief as to the truth or falsity of the allegations in paragraph 9, except respectfully refer the Court to the announcement cited therein for a complete and accurate description of its contents.

10.     Respectfully refer the Court to Administrator Friedman's April 1, 2014 testimony to the U.S. House of Representatives' Committee on Energy and Commerce for a complete and accurate description of its contents.

11.     Aver that Chrysler Group LLC announced the establishment of an office of Vehicle Safety and Regulatory Compliance on August 12, 2014, the head of which reported to Mr. Marchionne, respectfully refer the Court to the documents cited in paragraph 11 for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 11.

12.     State that paragraph 12 purports to allege facts concerning FCA's recall and warranty provisions and therefore no response is required because Plaintiffs' claims against Defendants concerning such provisions were dismissed pursuant to the Court's Order dated October 5, 2016.

13.     Respectfully refer the Court to the Consent Orders and to the disclosures referenced in paragraph 13 for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 13.

14.     Respectfully refer the Court to the November 19, 2014 letter (the "November 19 Letter"), the November 25, 2014 letter (the "November 25 Letter"), and disclosures referenced in

paragraph 14 for a full and accurate description of their contents, and otherwise deny the allegations in paragraph 14.

15.    Respectfully refer the Court to the November 25 Letter and the transcript of FCA's July 30, 2015 earnings call (the "July 30 Earnings Call") for a full and accurate description of their contents, and otherwise deny the allegations in paragraph 15.

16.    State that the allegations in paragraph 16 comprise legal conclusions to which no response is required, and deny the allegations in paragraph 16 to the extent a response is required.

17.    State that Defendants lack sufficient knowledge to allow them to form a belief regarding the truth or falsity of the allegations concerning General Motors, and otherwise deny the allegations of paragraph 17, except respectfully refer the Court to the Consent Decrees for a full and accurate description of their contents.

18.    Deny the allegations in paragraph 18, except respectfully refer the Court to the November 25 Letter and the letter from Scott Kunselman to David J. Friedman sent on November 26, 2014 (the "November 26 Letter") for a full and accurate description of their contents.

19.    Deny the allegations in the first sentence of paragraph 19, and otherwise deny that the allegations of paragraph 19 present a fair and complete description of the matters described therein, except respectfully refer the Court to the Consent Orders and the statement by NHTSA Administrator Mark Rosekind on July 26, 2015 for a complete and accurate description of their contents.

20.    Deny the allegations in paragraph 20, except respectfully refer the Court to FCA's publicly reported stock price and trading information.

21.     Respectfully refer the Court to the transcript of the July 30 Earnings Call cited in paragraph 21 for a complete and accurate description of its contents, and otherwise deny the allegations in paragraph 21.

22.     State that paragraph 22 purports to allege facts concerning FCA's recall and warranty provisions and therefore no response is required because Plaintiffs' claims against Defendants concerning such provisions were dismissed pursuant to the Court's Order dated October 5, 2016.

23.     Deny that the allegations of paragraph 23 present a fair and complete description of the matters described therein and respectfully refer the Court to the December Consent Order for a complete and accurate description of its contents.

24.     State that the allegations in paragraph 24 are legal conclusions and therefore no response is required, and deny the allegations in paragraph 24 to the extent a response is required.

25.     State that the allegations in paragraph 25 are legal conclusions and therefore no response is required, and deny the allegations in paragraph 25 to the extent a response is required.

26.     State that the allegations in paragraph 26 are legal conclusions and therefore no response is required.

27.     State that the allegations in paragraph 27 are legal conclusions and therefore no response is required.

28.     State that the allegations in paragraph 28 are legal conclusions and therefore no response is required, except admit that shares of FCA are listed on the New York and the Mercato Telematico Azionario managed and organized by the Borsa Italiana.

29.     State that the allegations in paragraph 29 are legal conclusions and therefore no response is required.

30.     State that Defendants lack sufficient knowledge to allow them to form a belief as to the truth or falsity of the allegations concerning Plaintiffs and their conduct, and otherwise state that the allegations in paragraph 30 are legal conclusions and therefore no response is required, and deny the allegations in paragraph 30 to the extent a response is required.

31.     Aver that FCA is a company organized and existing under the laws of the Netherlands, with its principal place of business located at 25 St. James's Street, London SW1A 1HA, United Kingdom, and was established on October 12, 2014 as a result of a merger of Fiat S.p.A. with and into Fiat Investments N.V., deny the third sentence of paragraph 31, and otherwise admit the allegations in paragraph 31.

32.     Aver that, during the time period alleged in the Second Amended Complaint, Mr. Marchionne was the Chief Executive Officer ("CEO") and a member of the Board of Directors of FCA, Chairman and CEO of FCA US LLC ("FCA US"), and a member of the Group Executive Council, that Mr. Marchionne was appointed CEO of Chrysler Group LLC in June 2009, and that Mr. Marchionne is a barrister, solicitor and chartered accountant, and otherwise deny that the allegations in paragraph 32 present a fair and complete description of the matters described therein.

33.     State that Plaintiffs' claims against Mr. Palmer were dismissed pursuant to the Court's Order dated October 5, 2016, and therefore no response to the allegations in paragraph 33 is required.

34.     Aver that, from August 12, 2014 to November 30, 2015, Mr. Kunselman held the position of Senior Vice President of Vehicle Safety and Regulatory Affairs at Chrysler Group

LLC, reporting in that position to Mr. Marchionne, admit that Mr. Kunselman was a member of the Vehicle Regulations Committee, admit the allegations contained in the fourth and fifth sentences of paragraph 34, and otherwise deny that the allegations in paragraph 34 present a fair and complete description of the matters described therein.

35.     State that paragraph 35 defines a term and therefore does not require a response.

36.     Aver that FCA has its principal place of business in London, United Kingdom, that FCA was established on October 12, 2014 as a result of a merger of Fiat S.p.A. with and into Fiat Investments N.V., deny the third sentence of paragraph 36, and otherwise admit the allegations in paragraph 36.

37.     Aver that FCA US has its principal place of business in Auburn Hills, Michigan, that the company has formerly been named Chrysler Group LLC and New Carco Acquisition LLC, that FCA US purchased the principal operating assets and assumed certain liabilities of Chrysler LLC in a transaction approved pursuant to Section 363 of the U.S. Bankruptcy Code, that Chrysler LLC was formerly known as DaimlerChrysler Company LLC and DaimlerChrysler Corporation, that FCA is the ultimate parent company of FCA US, admit the allegations contained in the second sentence of paragraph 37, and otherwise deny that the allegations in paragraph 37 present a fair and complete description of the matters described therein.

38.     Deny that the allegations in paragraph 38 present a fair and complete description of the matters described therein, and otherwise respectfully refer the Court to the publicly filed bankruptcy statements and securities filings of Chrysler Group LLC for a complete and accurate description of their contents.

39.    Admit that FCA is the ultimate parent company of FCA US, respectfully refer the Court to the publicly filed financial statements of Chrysler Group LLC for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 39.

40.    State that the allegations in paragraph 40 are legal conclusions and therefore do not require a response, and to the extent a response is required, respectfully refer the Court to the statute and acts cited in paragraph 40 for a complete and accurate description of their contents, and otherwise state that Defendants lack sufficient knowledge to allow them to form a belief as to the truth or falsity of the allegations concerning the allegations in paragraph 40.

41.    Respectfully refer the Court to the statute cited in paragraph 41 for a complete and accurate description of its contents.

42.    Respectfully refer the Court to the statute cited in paragraph 42 for a complete and accurate description of its contents.

43.    Respectfully refer the Court to the statutes and regulations cited in paragraph 43 for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 43.

44.    Respectfully refer the Court to the Safety Act and Title 49, Section 573.6 of the Code of Federal Regulations for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 44.

45.    Respectfully refer the Court to the Safety Act and Title 49, Sections 577.5(a) and 577.7(a)(1) of the Code of Federal Regulations for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 45.

46.     Respectfully refer the Court to the Safety Act and Title 49, Sections 577.2 and 577.7(a)(1), (b)(1) of the Code of Federal Regulations for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 46.

47.     State that Defendants lack sufficient knowledge to allow them to form a belief as to the truth or falsity of the allegations concerning paragraph 47, which concerns NHTSA's alleged practices and actions.

48.     State that Defendants lack sufficient knowledge to allow them to form a belief as to the truth or falsity of the allegations in the first and third sentences of paragraph 48, which concern NHTSA's alleged practices and actions, respectfully refer the Court to the Safety Act and Title 49, Section 573.6(c)(6) of the Code of Federal Regulations for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 48.

49.     Respectfully refer the Court to the statement cited in paragraph 49, the transcript of the July 2, 2015 NHTSA Hearing (the "NHTSA Hearing Transcript"), the Safety Act and Title 49 of the Code of Federal Regulations for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 49.

50.     State that Defendants lack sufficient knowledge to allow them to form a belief as to the truth or falsity of the allegations concerning "vehicle manufacturers," and otherwise deny the allegations in paragraph 50.

51.     Respectfully refer the Court to the statement by NHTSA Administrator Mark Rosekind on September 29, 2015, the regulations and statutes cited in paragraph 51, and the December Consent Order for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 51.

52. Respectfully refer the Court to the document cited in paragraph 52 for a complete and accurate description of its contents, and otherwise state that Defendants lack sufficient knowledge to allow them to form a belief as to the truth or falsity of the allegations concerning the allegations in paragraph 52.

53. State that Defendants lack sufficient knowledge to allow them to form a belief as to the truth or falsity of the allegations concerning the "automotive industry," and otherwise deny that the allegations in paragraph 53 present a fair and complete description of the matters therein.

54. State that Defendants lack sufficient knowledge to allow them to form a belief as to the truth or falsity of the allegations in paragraph 54, except respectfully refer the Court to the statement cited therein for a complete and accurate description of its contents.

55. State that Defendants lack sufficient knowledge to allow them to form a belief as to the truth or falsity of the allegations in paragraph 55, except respectfully refer the Court to the announcement cited therein for a complete and accurate description of its contents.

56. Respectfully refer the Court to the testimony cited in paragraph 56 for a complete and accurate description of its contents.

57. State that the allegations in paragraph 57 are  legal conclusions and therefore no response is required; to the extent a response is required, Defendants respectfully refer the Court to the Consent Orders for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 57.

58. State that the allegations in the first sentence of paragraph 58 are legal conclusions to which no response is required, respectfully refer the Court to the Consent Orders for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 58.

59.     State that the allegations in paragraph 59 are legal conclusions and therefore no response is required; to the extent a response is required, Defendants state that they lack sufficient knowledge to allow them to form a belief as to the truth or falsity of the allegations concerning General Motors, respectfully refer the Court to the Consent Orders for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 59.

60.     Respectfully refer the Court to the Consent Orders and NHTSA Part 573 Recall Report and associated documents for Recall No. 14V-373 for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 60.

61.     State that the allegations in the second, third, and fourth sentences of paragraph 61 comprise legal conclusions and therefore do not require a response, and otherwise deny the allegations in paragraph 61, except respectfully refer the Court to 49 C.F.R. § 573.6, the Consent Orders and the NHTSA Part 573 Recall Report and associated documents for Recall No. 14V-373, including RCDNN-14V373-3445P, for a complete and accurate description of their contents.

62.     Respectfully refer the Court to the Consent Orders and NHTSA Part 573 Recall Report and associated documents for Recall No. 14V-373, including RCONL-14V373-4180,  for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 62.

63.     State that the allegations in the first sentence of paragraph 63 are  legal conclusions to which no response is required, respectfully refer the Court to the statement of Joshua Neff cited in the footnote of paragraph 63, the Consent Orders and the NHTSA Part 573 Recall Reports and associated documents for Recall Nos. 14V-567, 14V-634, 14V-795 and 15V-

115 for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 63.

64.     State that the second, third, and fourth sentences of paragraph 64 contain legal conclusions to which no response is required, respectfully refer the Court to the 49 C.F.R. §§ 573.6, 577.5(a) and 577.7(a)(1), the Consent Orders and the NHTSA Part 573 Recall Report and associated documents for Recall No. 14V-567, including RCDNN-14V567-8193 and RCONL-14V567-5340, for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 64.

65.     State that the third sentence of paragraph 65 contains legal conclusions to which no response is required, respectfully refer the Court to the Consent Orders and the NHTSA Part 573 Recall Report and associated documents for Recall No. 14V-634, including RCDNN-14V634-6199, for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 65.

66.     State that the second, third, and fourth sentences of paragraph 66 contain legal conclusions to which no response is required, respectfully refer the Court to 49 C.F.R. §§ 577.5(a), 577.7(a)(1), the Consent Orders, and NHTSA Part 573 Recall Report and associated documents for Recall No. 14V-795, including RCAK-14V795-3976, for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 66.

67.     State that the second and third sentences of paragraph 67 contain legal conclusions to which no response is required, respectfully refer the Court to the Consent Orders and the NHTSA Part 573 Recall Report and associated documents for Recall No. 15V-115, including RCAK-15V115-2589, for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 67.

68.    State that the second and third sentences of paragraph 68 contain legal conclusions to which no response is required, respectfully refer the Court to the Defendants' responses to paragraphs 116-126 of the Complaint, the Consent Orders and NHTSA Part 573 Recall Report and associated documents for Recall No. 13V-527, including RCAK-13V527-2440 and RCONL-13V527-5609, for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 68.

69.    State that the third and fourth sentences of paragraph 69 contain legal conclusions to which no response is required, respectfully refer the Court to the Consent Orders and NHTSA Part 573 Recall Report and associated documents for Recall No. 14V-635, including RCAK-14V635-3822 and RCLRPT-14V635-3899, for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 69.

70.    Respectfully refer the Court to the statement cited in paragraph 70 for a complete and accurate description of its contents.

71.    State that the first sentence of paragraph 71 contains legal conclusions to which no response is required, respectfully refer the Court to the Consent Orders and the NHTSA Part 573 Recall Reports and associated documents for Recall Nos. 14V-817 and 14V-354 for a complete and accurate description of their contents, state that Defendants lack sufficient knowledge to allow them to form a belief as to the truth or falsity of the allegations about the "ten vehicle manufacturers," and otherwise deny the allegations in paragraph 71.

72.    State that the first two sentences of paragraph 72 contain legal conclusions to which no response is required, state that the allegation in paragraph 72 do not require a response, and respectfully refer the Court to the Safety Act and 49 C.F.R. 573 to the extent a response is required, and otherwise deny the allegations in paragraph 72.

73.     Respectfully refer the Court to the Consent Orders and the NHTSA Part 573 Recall Report and associated documents for Recall No. 13V-252 for a complete and accurate description of their contents, state that Defendants lack sufficient knowledge to allow them to form a belief as to the truth or falsity of the allegations in the second and third sentences of paragraph 73, and otherwise deny the allegations in paragraph 73.

74.     Admit that Mr. Marchionne was aware of the existence of the recall referenced in Recall No. 13V-252 at various points in time, respectfully refer the Court to the statement referenced in paragraph 74, the Consent Orders, the NHTSA Part 573 Recall Report and associated documents for Recall No. 13V-252, and the June 18, 2013 letter from Chrysler Group LLC in response to the June 3, 2013 NHTSA Recall Request Letter for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 74.

75.     Respectfully refer the Court to the transcript of the interview cited in paragraph 75 for a complete and accurate description of its contents, and otherwise deny the allegations in paragraph 75.

76.     Respectfully refer the Court to the NHTSA Part 573 Recall Report and associated documents for Recall No. 13V-252 for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 76.

77.     State that Defendants lack sufficient knowledge to allow them to form a belief as to the truth or falsity of the allegations concerning NHTSA or its views or conduct, and otherwise deny the allegations in paragraph 77, except respectfully refer the Court to the Consent Orders and the NHTSA Part 573 Recall Report and associated documents for Recall No. 13V-252 for a complete and accurate description of their contents.

78.    State that Defendants lack sufficient knowledge to allow them to form a belief as to the truth or falsity of the allegations concerning NHTSA or its views or conduct, respectfully refer the Court to the NHTSA Part 573 Recall Report and associated documents for Recall No. 13V-252, including NHTSA Special Order Directed to Chrysler Group LLC, *In re EA12-005*, dated July 2, 2014, for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 78.

79.    State that Defendants lack sufficient knowledge to allow them to form a belief as to the truth or falsity of the allegations concerning the allegations in the first sentence of paragraph 79, respectfully refer the Court to the NHTSA Part 573 Recall Report and associated documents for Recall No. 13V-252, including RCLQRT-13V252-5867, for a complete and accurate description of their contents, and otherwise deny the allegations in the second sentence of paragraph 79.

80.    Respectfully refer the Court to the letter cited in paragraph 80 and to the Consent Orders for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 80.

81.    State that Defendants lack sufficient knowledge to allow them to form a belief as to the truth or falsity of the allegations concerning Kayla White and the individual identified in the footnote, and otherwise deny the allegations in paragraph 81, except respectfully refer the Court to the Consent Decrees and the article and verdict referenced in the footnote for a complete and accurate description of their contents.

82.    Respectfully refer the Court to the letter cited in paragraph 82 for a complete and accurate description of its contents, and otherwise deny the allegations in paragraph 82.

83.     Respectfully refer the Court to the letter cited in paragraph 83 for a complete and accurate description of its contents, and otherwise deny the allegations in paragraph 83.

84.     Respectfully refer the Court to the letter cited in paragraph 84 for a complete and accurate description of its contents, and otherwise deny the allegations in paragraph 84.

85.     Respectfully refer the Court to the letter cited in paragraph 85 for a complete and accurate description of its contents, and otherwise deny the allegations in paragraph 85.

86.     Deny the allegations in paragraph 86, except respectfully refer the Court to the Consent Orders and the Special Order Directed to Chrysler Group LLC, *In re EA12-005 NHTSA Recall 13V-252*, dated July 2, 2015 (the "Special Order") for a complete and accurate description of their contents.

87.     Respectfully refer the Court to the letter cited therein for a complete and accurate description of its contents, and otherwise deny the allegations in paragraph 87.

88.     Respectfully refer the Court to the letter cited in paragraph 88 for a complete and accurate description of its contents, and otherwise deny the allegations in paragraph 88.

89.     Deny that the allegations in paragraph 89 present a fair and complete description of the matters therein.

90.     State that Defendants lack sufficient knowledge to allow them to form a belief as to the truth or falsity of the allegations in paragraph 90.

91.     State that the second sentence of paragraph 91 is a legal conclusion to which no response is required, and otherwise state that Defendants lack sufficient knowledge to allow them to form a belief as to the truth or falsity of the allegations in paragraph 91.

92.     Aver that FCA US participated in a regional field action relating to Takata airbags initiated on or about June 19, 2014, and otherwise state that Defendants lack sufficient

knowledge to allow them to form a belief as to the truth or falsity of the allegations in paragraph 92.

93.     Aver that Recalls 14V-354, 14V-817 and 15V-313 involved FCA US vehicles, respectfully refer the Court to the NHTSA Part 573 Recall Reports and associated documents for Recall Nos. 14V-354, 14V-817 and 15V-313 for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 93.

94.     State that Defendants lack sufficient knowledge to allow them to form a belief as to the truth or falsity of the allegations concerning NHTSA and other manufacturers, and otherwise deny that the allegations in paragraph 94 present a fair and complete description of the matters therein, except respectfully refer the Court to the NHTSA Hearing Transcript for a complete and accurate description of its content.

95.     State that Defendants lack sufficient knowledge to allow them to form a belief as to the truth or falsity of the allegations concerning other manufacturers, and otherwise deny that the allegations in paragraph 95 present a fair and complete description of the matters therein, except respectfully refer the Court to the Consent Orders and the NHTSA Part 573 Recall Reports and associated documents for Recall Nos. 14V-354, 14V-817 and 15V-313 for a complete and accurate description of their content.

96.     Respectfully refer the Court to the correspondence cited in paragraph 96 for a complete and accurate description of its contents, and otherwise deny the allegations in paragraph 96, except admit that Steve Williams reported to Mr. Kunselman during the period referenced in paragraph 96.

97.     Respectfully refer the Court to the correspondence cited in paragraph 97 for a complete and accurate description of its contents, and otherwise deny the allegations in paragraph 97.

98.     Respectfully refer the Court to the letter cited in paragraph 98 for a complete and accurate description of its contents, and otherwise deny the allegations in paragraph 98.

99.     Respectfully refer the Court to the letters cited in paragraph 99 for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 99.

100.     Respectfully refer the Court to the letter cited in paragraph 100 for a complete and accurate description of its contents, and otherwise deny the allegations in paragraph 100.

101.     Respectfully refer the Court to the letter cited in paragraph 101 for a complete and accurate description of its contents, and otherwise deny the allegations in paragraph 101.

102.     Respectfully refer the Court to the letter cited in paragraph 102 for a complete and accurate description of its contents, and otherwise deny the allegations in paragraph 102.

103.     Respectfully refer the Court to the letter cited in paragraph 103 for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 103.

104.     Respectfully refer the Court to the letters cited in paragraph 104 for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 104.

105.     Respectfully refer the Court to the NHTSA Hearing Transcript, the correspondence cited in paragraph 105, the Consent Orders and the NHTSA Part 573 Recall Report and associated documents for Recall No. 14V-354 for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 105.

106.     Respectfully refer the Court to the Consent Orders, the correspondence cited in paragraph 106, and the NHTSA Part 573 Recall Reports and associated documents for Recall

Nos. 14V-354, 14V-817, and 15V-313 for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 106.

107.    Respectfully refer the Court to the written statement referenced in paragraph 107 for a complete and accurate description of its contents, and otherwise deny the allegations in paragraph 107.

108.    Respectfully refer the Court to the statement of Joshua Neff at the NHTSA Hearing, the Consent Orders and the reports referenced in paragraph 108 for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 108.

109.    Respectfully refer the Court to the 573 report cited in paragraph 109 and the Consent Orders for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 109.

110.    State that Defendants lack sufficient knowledge to allow them to form a belief as to the truth or falsity of the allegations in the second sentence of paragraph 110 and otherwise deny the allegations, except respectfully refer the Court to the NHTSA Part 573 Recall Reports and associated documents for Recall No. 13V-038 for a complete and accurate description of their contents.

111.    Aver that NHTSA Part 573 Recall 13V-038 affected FCA US vehicles, respectfully refer the Court to the NHTSA Part 573 Recall Report and associated documents for Recall No. 13V-038 for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 111.

112.    Deny that the allegations in the first sentence of paragraph 112 present a fair and complete description of the matters therein, and otherwise state that Defendants lack sufficient knowledge to allow them to form a belief as to the truth or falsity of the allegations in paragraph

112, except respectfully refer the Court to the Consent Orders, the correspondence referenced in paragraph 112, and the NHTSA Part 573 Recall Report and associated documents for Recall No. 13V-038 for a complete and accurate description of their contents.

113.    State that Defendants lack sufficient knowledge to allow them to form a belief as to the truth or falsity of the allegations in paragraph 113, except respectfully refer to the correspondence cited therein, the Consent Orders and the NHTSA Part 573 Recall Report and associated documents for Recall No. 13V-038 for a complete and accurate description of their contents.

114.    State that Defendants lack sufficient knowledge to allow them to form a belief as to the truth or falsity of the allegations in paragraph 114, except respectfully refer the Court to the complaints and testimony cited in paragraph 114 for a complete and accurate description of their contents.

115.    Respectfully refer the Court to the testimony cited in paragraph 115 for a complete and accurate description of its contents.

116.    Deny the allegations in paragraph 116, except respectfully refer the Court to NHTSA Part 573 Recall Reports and associated documents for Recall Nos. 13V-527, 13V-528 and 13V-529 and the Consent Orders for a complete and accurate description of their contents.

117.    Aver that Recall No. 13V-527 affected FCA US vehicles, respectfully refer the Court to NHTSA Part 573 Recall Reports and associated documents for Recall No. 13V-527 for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 117.

118.    Aver that Recall No. 13V-528 affected FCA US vehicles, respectfully refer the Court to NHTSA Part 573 Recall Reports and associated documents for Recall No. 13V-528 for

a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 118.

119.    Aver that Recall No. 13V-529 affected FCA US vehicles, respectfully refer the Court to NHTSA Part 573 Recall Reports and associated documents for Recall No. 13V-529 for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 119.

120.    Respectfully refer the Court to the notice referenced in paragraph 120 for a complete and accurate description of its contents, and otherwise deny the allegations in paragraph 120.

121.    State that Defendants lack sufficient knowledge to allow them to form a belief as to the truth or falsity of the allegations concerning NHTSA and the complaints it received, and otherwise deny the allegations of paragraph 121, except respectfully refer the Court to NHTSA Part 573 Recall Reports and associated documents for Recall Nos. 13V-527, 13V-528 and 13V-529 and the Consent Orders for a complete and accurate description of their contents.

122.    State that Defendants lack sufficient knowledge to allow them to form a belief as to the truth or falsity of the allegations concerning NHTSA, dealers and vehicle owners, and otherwise deny that the allegations in paragraph 122 present a fair and complete description of the matters therein, except respectfully refer the Court to NHTSA Part 573 Recall Reports and associated documents for Recall Nos. 13V-527, 13V-528 and 13V-529, the complaint records and notices referenced in paragraph 122, and the Consent Orders for a complete and accurate description of their contents.

123.    Respectfully refer the Court to the NHTSA Hearing Transcript and the Consent Orders for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 123.

124.    Respectfully refer the Court to the NHTSA Hearing Transcript and the Consent Orders for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 124.

125.    Respectfully refer the Court to the NHTSA Part 573 Recall Reports and associated documents for Recall Nos. 13V-528 and 13V-529 and the Consent Orders for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 125.

126.    Respectfully refer the Court to the NHTSA Hearing Transcript and the Consent Orders for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 126.

127.    Respectfully refer the Court to the Consent Orders and the correspondence referenced in paragraph 127 for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 127.

128.    Respectfully refer the Court to the correspondence cited in paragraph 128, the NHTSA Part 573 Recall Report and associated documents for Recall No. 15V-090, and the Consent Orders for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 128.

129.    Respectfully refer the Court to the correspondence cited in paragraph 129, the NHTSA Part 573 Recall Report and associated documents for Recall No. 15V-290, and the

Consent Orders for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 129.

130.     Respectfully refer the Court to the written statement cited in paragraph 130 and the Consent Orders for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 130.

131.     State that the first, second, third, and fourth statements contain legal conclusions to which no response is required, state that Defendants lack sufficient knowledge to allow them to form a belief as to the truth or falsity of the allegations concerning NHTSA, respectfully refer the Court to the Consent Orders and 49 C.F.R. § 573 for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 131.

132.     State that Defendants lack sufficient knowledge to allow them to form a belief as to the truth or falsity of the allegations concerning NHTSA's knowledge, respectfully refer the Court to the NHTSA Part 573 Recall Reports and associated documents for Recall No. 13V-527 and the Consent Orders for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 132.

133.     State that Defendants lack sufficient knowledge to allow them to form a belief as to the truth or falsity of the allegations concerning NHTSA's knowledge, respectfully refer the Court to the NHTSA Part 573 Recall Reports and associated documents for Recall No. 14V-373 and the Consent Orders for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 133.

134.     State that the last sentence of paragraph 134 contains a legal conclusion to which no response is required, respectfully refer the Court to the NHTSA Part 573 Recall Reports and

associated documents for Recall No. 14V-373 and the Consent Orders for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 134.

135.     State that the last sentence of paragraph 135 contains a legal conclusion to which no response is required, respectfully refer the Court to the letter referenced in paragraph 135, the NHTSA Part 573 Recall Report and associated documents for Recall No. 14V-749 and the Consent Orders for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 135.

136.     State that Defendants lack sufficient knowledge to allow them to form a belief as to the truth or falsity of the allegations concerning NHTSA's knowledge, respectfully refer the Court to the NHTSA Part 573 Recall Reports and associated documents for Recall No. 14V-795 and the Consent Orders for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 136.

137.     Respectfully refer the Court to the written statement referenced in paragraph 137 for a complete and accurate description of its contents, and otherwise deny the allegations in paragraph 137.

138.     State that the second sentence of paragraph 138 is a legal conclusion and therefore no response is required, respectfully refer the Court to the Consent Orders and applicable NHTSA regulations, deny that the allegations in the first sentence of paragraph 138 present a fair and complete description of the matters therein, and otherwise deny the allegations in paragraph 138.

139.     State that the third sentence of paragraph 139 contains a legal conclusion to which no response is required, state that Defendants lack sufficient knowledge to allow them to form a belief as to the truth or falsity of the allegations concerning NHTSA's conduct, respectfully refer

the Court to the NHTSA Part 573 Recall Reports and associated documents for Recall No. 14V-749, the Consent Orders, and applicable NHTSA regulations for a complete and accurate description of their contents, deny that the allegations in the fourth and fifth sentences of paragraph 139 present a fair and complete description of the matters therein, and otherwise deny the allegations in paragraph 139.

140.    Respectfully refer the Court to the Consent Orders and the correspondence referenced in paragraph 140 for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 140.

141.    Respectfully refer the Court to the Consent Orders and the correspondence referenced in paragraph 141 for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 141.

142.    Respectfully refer the court to the written statement referenced in paragraph 142, and otherwise deny the allegations in paragraph 142.

143.    State that the allegations in paragraph 143 comprise legal conclusions, and therefore no response is required; to the extent a response is required, Defendants respectfully refer the Court to the NHTSA Part 573 Recall Reports and associated documents for Recall Nos. 13V-527, 14V-373, 14V-438, 14V-634, 14V-795, 15V-046, 15V-114, and 15V-115, and the Consent Orders, for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 143.

144.    State that the allegations in paragraph 144 comprise legal conclusions, and therefore no response is required; to the extent a response is required, Defendants respectfully refer the Court to the written statement referenced in paragraph 144 for a complete and accurate description of its contents, and otherwise deny the allegations in paragraph 144.

145.    State that the first and third sentences of paragraph 145 contain legal obligations to which no response is required, respectfully refer the Court to the Consent Orders and the relevant NHTSA Part 573 Recall Rreports and associated documents for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 145.

146.    State that the allegations in paragraph 146 comprise legal conclusions, and therefore no response is required; to the extent a response is required, Defendants respectfully refer the Court to the NHTSA Part 573 Recall Reports and associated documents for Recall Nos. 13V-252, 13V-527, 13V-528, 13V-529, 14V-373, 14V-391, 14V-567, 14V-795, 14V-796, 15V-090, 15V-115, and 15V-178, and the Consent Orders, for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 146.

147.    State that the allegations in paragraph 147 comprise legal conclusions, and therefore no response is required; to the extent a response is required, Defendants respectfully refer the Court to the NHTSA Part 573 Recall Reports and associated documents for Recall Nos. 13V-527, 14V-373, 14V-438, 14V-634, 14V-635, 14V-749, 14V-795, 14V-796, 15V-046, 15V-090, 15V-114, and 15V-115, and the Consent Orders, for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 147.

148.    Respectfully refer the Court to the Consent Orders and the written statement referenced in paragraph 148 for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 148.

149.    State that the second and third sentences of paragraph 149 are legal conclusions to which no response is required, respectfully refer the Court to the Consent Orders and applicable NHTSA regulations for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 149.

150.     State that the allegations in paragraph 150 are legal conclusions and therefore do not require a response; to the extent a response is required, Defendants respectfully refer the Court to applicable NHTSA regulations, and otherwise deny the allegations in paragraph 149.

151.     Respectfully refer the Court to the Consent Orders for a complete and accurate description of their contents, and otherwise deny the allegation in paragraph 151.

152.     State that the allegations in paragraph 152 comprise legal conclusions, and therefore no response is required; to the extent a response is required, Defendants respectfully refer the Court to the NHTSA Part 573 Recall Reports and associated documents for Recall Nos. 13V-038, 13V-527, 14V-154, 14V-373, 14V-438, 14V-634, 14V-749, 14V-795, 15V-046, 15V-090, and 15V-115, and the Consent Orders, for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 152.

153.     Respectfully refer the Court to the Consent Orders and the reports referenced in paragraph 153 for a complete and accurate description of their contents, state that portions of paragraph 153 call for legal conclusions as to which no response is required, and otherwise deny the allegations in paragraph 153.

154.     State that the allegations in the last sentence of paragraph 154 are legal conclusions to which no response is required, state that Defendants lack sufficient knowledge to allow them to form a belief as to the truth or falsity of the allegations concerning NHTSA's knowledge or conduct, respectfully refer the Court to the letters and reports cited therein, the relevant NHTSA Part 573 Recall Reports and associated documents, and the Consent Orders for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 154.

155.    State that portions of paragraph 155 do not contain allegations as to which a response is required, and otherwise deny the allegations in paragraph 155, except respectfully refer the Court letters and reports cited therein for a complete and accurate description of their contents, and lack sufficient knowledge to allow them to form a belief as to the truth or falsity of the allegations concerning vehicle owner knowledge.

156.    Respectfully refer the Court to the written statement referenced in paragraph 156 for a complete and accurate description of its contents, and otherwise deny the allegations in paragraph 156.

157.    Aver that Recall 15V-041 concerned airbags, state that Defendants lack sufficient knowledge to allow them to form a belief as to the truth or falsity of the allegations concerning NHTSA's conduct, and otherwise deny the allegations, except respectfully refer the Court to the NHTSA Part 573 Recall Report and associated documents for Recall No. 15V-041 and the Consent Orders for a complete and accurate description of their contents.

158.    Respectfully refer the Court to the Consent Orders and the NHTSA Part 573 Recall Report and associated documents for Recall No. 14V-354 for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 158, except state that Defendants lack sufficient knowledge to allow them to form a belief as to the truth or falsity of the allegations concerning other manufacturers' recall activity.

159.    State that the second and third sentences of paragraph 159 contain legal conclusions to which no response is required, state that Defendants lack sufficient knowledge to allow them to form a belief as to the truth or falsity of the allegations in the first and third sentences of paragraph 159, and, with respect to the second sentence of paragraph 159,

respectfully refer the Court to the applicable NHTSA regulations for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 159.

160.    Respectfully refer the Court to the Consent Orders and the NHTSA Part 573 Recall Reports and associated documents for Recall Nos. 13V-527 and 14V-634 for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 160.

161.    Aver that Recall No. 13V-527 concerned tie rods, state that Defendants lack sufficient knowledge to allow them to form a belief as to the truth or falsity of the allegations concerning what was "important for NHTSA," respectfully refer the Court to NHTSA Part 573 Recall Report and associated documents for Recall No. 13V-527 and the Consent Orders for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 161.

162.    Aver that Recall No. 14V-634 concerned alternators, respectfully refer the Court to NHTSA Part 573 Recall Reports and associated documents for Recall No. 14V-634, the correspondence referenced in paragraph 162 and the Consent Orders for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 162.

163.    Respectfully refer the Court to the NHTSA Hearing Transcript and the Consent Orders for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 163.

164.    State that portions of the allegations in paragraph 164 comprise legal conclusions to which no response is required, and otherwise deny the allegations, except respectfully refer the Court to the Consent Orders and the referenced NHTSA regulations for a complete and accurate description of their contents.

165.    State that Defendants lack sufficient knowledge to allow them to form a belief as to the NHTSA investigators' findings, and otherwise deny the allegations in paragraph 165.

166.    State that paragraph 166 purports to allege facts concerning FCA's recall and warranty provisions and therefore no response is required because Plaintiffs' claims against Defendants concerning such provisions were dismissed pursuant to the Court's Order dated October 5, 2016.

167.    State that paragraph 167 purports to allege facts concerning FCA's recall and warranty provisions and therefore no response is required because Plaintiffs' claims against Defendants concerning such provisions were dismissed pursuant to the Court's Order dated October 5, 2016.

168.    State that paragraph 168 purports to allege facts concerning FCA's recall and warranty provisions and therefore no response is required because Plaintiffs' claims against Defendants concerning such provisions were dismissed pursuant to the Court's Order dated October 5, 2016.

169.    State that paragraph 169 purports to allege facts concerning FCA's recall and warranty provisions and therefore no response is required because Plaintiffs' claims against Defendants concerning such provisions were dismissed pursuant to the Court's Order dated October 5, 2016.

170.    State that paragraph 170 purports to allege facts concerning FCA's recall and warranty provisions and therefore no response is required because Plaintiffs' claims against Defendants concerning such provisions were dismissed pursuant to the Court's Order dated October 5, 2016.

171.    State that paragraph 171 purports to allege facts concerning FCA's recall and warranty provisions and therefore no response is required because Plaintiffs' claims against Defendants concerning such provisions were dismissed pursuant to the Court's Order dated October 5, 2016.

172.    State that paragraph 172 purports to allege facts concerning FCA's recall and warranty provisions and therefore no response is required because Plaintiffs' claims against Defendants concerning such provisions were dismissed pursuant to the Court's Order dated October 5, 2016.

173.    State that paragraph 173 purports to allege facts concerning FCA's recall and warranty provisions, and therefore no response is required because Plaintiffs' claims against Defendants concerning such provisions were dismissed pursuant to the Court's Order dated October 5, 2016.

174.    State that paragraph 174 purports to allege facts concerning FCA's recall and warranty provisions and therefore no response is required because Plaintiffs' claims against Defendants concerning such provisions were dismissed pursuant to the Court's Order dated October 5, 2016.

175.    State that paragraph 175 purports to allege facts concerning FCA's recall and warranty provisions and therefore no response is required because Plaintiffs' claims against Defendants concerning such provisions were dismissed pursuant to the Court's Order dated October 5, 2016.

176.    State that paragraph 176 purports to allege facts concerning FCA's recall and warranty provisions, and therefore no response is required because Plaintiffs' claims against

Defendants concerning such provisions were dismissed pursuant to the Court's Order dated October 5, 2016.

177.    State that paragraph 177 purports to allege facts concerning FCA's recall and warranty provisions, and therefore no response is required because Plaintiffs' claims against Defendants concerning such provisions were dismissed pursuant to the Court's Order dated October 5, 2016.

178.    State that paragraph 178 purports to allege facts concerning FCA's recall and warranty provisions, and therefore no response is required because Plaintiffs' claims against Defendants concerning such provisions were dismissed pursuant to the Court's Order dated October 5, 2016.

179.    State that paragraph 179 purports to allege facts concerning FCA's recall and warranty provisions, and therefore no response is required because Plaintiffs' claims against Defendants concerning such provisions were dismissed pursuant to the Court's Order dated October 5, 2016.

180.    State that paragraph 180 purports to allege facts concerning FCA's recall and warranty provisions and therefore no response is required because Plaintiffs' claims against Defendants concerning such provisions were dismissed pursuant to the Court's Order dated October 5, 2016.

181.    State that paragraph 181 purports to allege facts concerning FCA's recall and warranty provisions and therefore no response is required because Plaintiffs' claims against Defendants concerning such provisions were dismissed pursuant to the Court's Order dated October 5, 2016.

182.    State that paragraph 182 purports to allege facts concerning FCA's recall and warranty provisions, and therefore no response is required because Plaintiffs' claims against Defendants concerning such provisions were dismissed pursuant to the Court's Order dated October 5, 2016.

183.    Aver that, on August 1, 2014, shareholders of Fiat S.p.A. approved the merger of Fiat S.p.A. with and into Fiat Investments N.V., which became effective on October 12, 2014, that FCA's shares have been listed on the New York Stock Exchange since October 13, 2014, and that its shares are also listed on the Mercato Telematico Azionario managed and organized by the Borsa Italiana, and otherwise state that the Complaint speaks for itself and that paragraph 183 does not contain an allegation to which a response is required.

184.    Respectfully refer the Court to the August 12, 2014 press release cited in paragraph 184 for a complete and accurate description of its contents, and otherwise deny the allegations in paragraph 184.

185.    State that the allegations in paragraph 185 are legal conclusions, and therefore no response is required, and otherwise deny all such allegations to the extent a response is required.

186.    State that paragraph 186 purports to allege facts concerning FCA's recall and warranty provisions, and therefore no response is required because Plaintiffs' claims against Defendants concerning such provisions were dismissed pursuant to the Court's Order dated October 5, 2016.

187.    State that paragraph 187 purports to allege facts concerning FCA's recall and warranty provisions, and therefore no response is required because Plaintiffs' claims against Defendants concerning such provisions were dismissed pursuant to the Court's Order dated October 5, 2016.

188.    State that paragraph 188 purports to allege facts concerning FCA's recall and warranty provisions, and therefore no response is required because Plaintiffs' claims against Defendants concerning such provisions were dismissed pursuant to the Court's Order dated October 5, 2016.

189.    State that paragraph 189 purports to allege facts concerning FCA's recall and warranty provisions, and therefore no response is required because Plaintiffs' claims against Defendants concerning such provisions were dismissed pursuant to the Court's Order dated October 5, 2016.

190.    State that paragraph 190 purports to allege facts concerning FCA's recall and warranty provisions, and therefore no response is required because Plaintiffs' claims against Defendants concerning such provisions were dismissed pursuant to the Court's Order dated October 5, 2016.

191.    State that, to the extent paragraph 191 purports to allege facts concerning FCA's recall and warranty provisions, no response is required because Plaintiffs' claims against Defendants concerning such provisions were dismissed pursuant to the Court's Order dated October 5, 2016; to the extent a response is required, Defendants aver that FCA filed an Amendment No. 1 to Form F-1 Registration Statement Under the Securities Act of 1933 (the "Nov. 13 Form F-1/A") with the Securities and Exchange Commission (the "SEC") on November 13, 2014, and respectfully refer the Court to the Nov. 13 Form F-1/A for a complete and accurate description of its contents.

192.    State that paragraph 192 purports to allege facts concerning FCA's recall and warranty provisions, and therefore no response is required because Plaintiffs' claims against

Defendants concerning such provisions were dismissed pursuant to the Court's Order dated October 5, 2016.

193.    State that paragraph 193 purports to allege facts concerning FCA's recall and warranty provisions, and therefore no response is required because Plaintiffs' claims against Defendants concerning such provisions were dismissed pursuant to the Court's Order dated October 5, 2016.

194.    State that paragraph 194 purports to allege facts concerning FCA's recall and warranty provisions, and therefore no response is required because Plaintiffs' claims against Defendants concerning such provisions were dismissed pursuant to the Court's Order dated October 5, 2016.

195.    State that paragraph 195 purports to allege facts concerning FCA's recall and warranty provisions, and therefore no response is required because Plaintiffs' claims against Defendants concerning such provisions were dismissed pursuant to the Court's Order dated October 5, 2016.

196.    State that paragraph 196 purports to allege facts concerning FCA's recall and warranty provisions, and therefore no response is required because Plaintiffs' claims against Defendants concerning such provisions were dismissed pursuant to the Court's Order dated October 5, 2016.

197.    State that paragraph 197 purports to allege facts concerning FCA's recall and warranty provisions, and therefore no response is required because Plaintiffs' claims against Defendants concerning such provisions were dismissed pursuant to the Court's Order dated October 5, 2016.

198.    Respectfully refer the Court to the Nov. 13 Form F-1/A for a complete and accurate description of its contents.

199.    State that the allegations in paragraph 199 are legal conclusions, and therefore no response is required, and otherwise deny all such allegations to the extent a response is required.

200.    Respectfully refer the Court to the statement cited in paragraph 200 for a complete and accurate description of its contents.

201.    State that the allegations in paragraph 201 are legal conclusions and therefore no response is required, and otherwise deny all such allegations to the extent a response is required.

202.    State that, to the extent paragraph 202 purports to allege facts concerning FCA's recall and warranty provisions, no response is required because Plaintiffs' claims against Defendants concerning such provisions were dismissed pursuant to the Court's Order dated October 5, 2016; to the extent a response is required, Defendants state that paragraph 202 contains legal conclusions to which no response is required, aver that FCA filed an Amendment No. 2 Form F-1 Registration Statement Under the Securities Act of 1933 (the "Nov. 25 F-1/A") with the SEC on November 25, 2014, and respectfully refer the Court to the Nov. 25 F-1/A for a complete and accurate description of its contents.

203.    Respectfully refer the Court to the Nov. 25 F-1/A for a complete and accurate description of its contents.

204.    State that the allegations in paragraph 204 are legal conclusions, and therefore no response is required, and otherwise deny all such allegations to the extent a response is required.

205.    State that paragraph 205 purports to allege facts concerning FCA's recall and warranty provisions, and therefore no response is required because Plaintiffs' claims against

Defendants concerning such provisions were dismissed pursuant to the Court's Order dated October 5, 2016

206.    State that paragraph 206 purports to allege facts concerning FCA's recall and warranty provisions, and therefore no response is required because Plaintiffs' claims against Defendants concerning such provisions were dismissed pursuant to the Court's Order dated October 5, 2016.

207.    State that paragraph 207 purports to allege facts concerning FCA's recall and warranty provisions, and therefore no response is required because Plaintiffs' claims against Defendants concerning such provisions were dismissed pursuant to the Court's Order dated October 5, 2016.

208.    State that paragraph 208 purports to allege facts concerning FCA's recall and warranty provisions, and therefore no response is required because Plaintiffs' claims against Defendants concerning such provisions were dismissed pursuant to the Court's Order dated October 5, 2016.

209.    State that paragraph 209 purports to allege facts concerning FCA's recall and warranty provisions, and therefore no response is required because Plaintiffs' claims against Defendants concerning such provisions were dismissed pursuant to the Court's Order dated October 5, 2016.

210.    State that paragraph 210 purports to allege facts concerning FCA's recall and warranty provisions, and therefore no response is required because Plaintiffs' claims against Defendants concerning such provisions were dismissed pursuant to the Court's Order dated October 5, 2016.

211.    State that paragraph 211 purports to allege facts concerning FCA's recall and warranty provisions, and therefore no response is required because Plaintiffs' claims against Defendants concerning such provisions were dismissed pursuant to the Court's Order dated October 5, 2016.

212.    State that paragraph 212 purports to allege facts concerning FCA's recall and warranty provisions, and therefore no response is required because Plaintiffs' claims against Defendants concerning such provisions were dismissed pursuant to the Court's Order dated October 5, 2016.

213.    State that paragraph 213 purports to allege facts concerning FCA's recall and warranty provisions, and therefore no response is required because Plaintiffs' claims against Defendants concerning such provisions were dismissed pursuant to the Court's Order dated October 5, 2016.

214.    State that paragraph 214 purports to allege facts concerning FCA's recall and warranty provisions, and therefore no response is required because Plaintiffs' claims against Defendants concerning such provisions were dismissed pursuant to the Court's Order dated October 5, 2016.

215.    State that paragraph 215 purports to allege facts concerning FCA's recall and warranty provisions, and therefore no response is required because Plaintiffs' claims against Defendants concerning such provisions were dismissed pursuant to the Court's Order dated October 5, 2016.

216.    State that paragraph 216 purports to allege facts concerning FCA's recall and warranty provisions, and therefore no response is required because Plaintiffs' claims against

Defendants concerning such provisions were dismissed pursuant to the Court's Order dated October 5, 2016.

217.    State that paragraph 217 purports to allege facts concerning FCA's recall and warranty provisions, and therefore no response is required because Plaintiffs' claims against Defendants concerning such provisions were dismissed pursuant to the Court's Order dated October 5, 2016.

218.    State that paragraph 218 purports to allege facts concerning FCA's recall and warranty provisions, and therefore no response is required because Plaintiffs' claims against Defendants concerning such provisions were dismissed pursuant to the Court's Order dated October 5, 2016.

219.    State that paragraph 219 purports to allege facts concerning FCA's recall and warranty provisions, and therefore no response is required because Plaintiffs' claims against Defendants concerning such provisions were dismissed pursuant to the Court's Order dated October 5, 2016.

220.    State that paragraph 220 purports to allege facts concerning FCA's recall and warranty provisions, and therefore no response is required because Plaintiffs' claims against Defendants concerning such provisions were dismissed pursuant to the Court's Order dated October 5, 2016.

221.    Respectfully refer the Court to the filing cited in paragraph 221 for a complete and accurate description of its contents.

222.    Respectfully refer the Court to the filing cited in paragraph 222 for a complete and accurate description of its contents.

223.    State that the allegations in paragraph 223 are legal conclusions, and therefore no response is required, and otherwise deny all such allegations to the extent a response is required.

224.    To the extent paragraph 224 purports to allege facts concerning FCA's recall and warranty provisions, no response is required because Plaintiffs' claims against Defendants concerning such provisions were dismissed pursuant to the Court's Order dated October 5, 2016; to the extent a response is required, Defendants aver that FCA filed a Form 6-K with the SEC on March 9, 2015 (the "March 9 6-K"), and respectfully refer the Court to the March 9 6-K for a complete and accurate description of its contents.

225.    State that the allegations in paragraph 225 are legal conclusions, and therefore no response is required; to the extent a response is required, Defendants respectfully refer the Court to the letters cited in paragraph 225 for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 225.

226.    State that paragraph 226 purports to allege facts concerning FCA's recall and warranty provisions, and therefore no response is required because Plaintiffs' claims against Defendants concerning such provisions were dismissed pursuant to the Court's Order dated October 5, 2016.

227.    State that paragraph 227 purports to allege facts concerning FCA's recall and warranty provisions, and therefore no response is required because Plaintiffs' claims against Defendants concerning such provisions were dismissed pursuant to the Court's Order dated October 5, 2016.

228.    State that paragraph 228 purports to allege facts concerning FCA's recall and warranty provisions, and therefore no response is required because Plaintiffs' claims against

Defendants concerning such provisions were dismissed pursuant to the Court's Order dated October 5, 2016.

229.    State that paragraph 229 purports to allege facts concerning FCA's recall and warranty provisions, and therefore no response is required because Plaintiffs' claims against Defendants concerning such provisions were dismissed pursuant to the Court's Order dated October 5, 2016.

230.    State that paragraph 230 purports to allege facts concerning FCA's recall and warranty provisions, and therefore no response is required because Plaintiffs' claims against Defendants concerning such provisions were dismissed pursuant to the Court's Order dated October 5, 2016.

231.    State that paragraph 231 purports to allege facts concerning FCA's recall and warranty provisions, and therefore no response is required because Plaintiffs' claims against Defendants concerning such provisions were dismissed pursuant to the Court's Order dated October 5, 2016.

232.    Respectfully refer the Court to the document cited in paragraph 232 for a complete and accurate description of its contents.

233.    State that the allegations in paragraph 233 are legal conclusions, and therefore no response is required; to the extent a response is required, Defendants respectfully refer the Court to the letters cited in paragraph 233 for a complete and accurate description of their contents and otherwise deny the allegations in paragraph 233.

234.    Respectfully refer the Court to the document cited in paragraph 234 for a complete and accurate description of its contents.

235.    State that the allegations in paragraph 235 are legal conclusions, and therefore no response is required; to the extent a response is required, Defendants respectfully refer the Court to the letters cited in paragraph 235 for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 235.

236.    Respectfully refer the Court to the documents cited in paragraph 236 for a complete and accurate description of their contents.

237.    State that the allegations in paragraph 237 are legal conclusions, and therefore no response is required; to the extent a response is required, Defendants respectfully refer the Court to the letters cited in paragraph 237 for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 237.

238.    State that paragraph 238 purports to allege facts concerning FCA's recall and warranty provisions, and therefore no response is required because Plaintiffs' claims against Defendants concerning such provisions were dismissed pursuant to the Court's Order dated October 5, 2016.

239.    State that paragraph 239 purports to allege facts concerning FCA's recall and warranty provisions, and therefore no response is required because Plaintiffs' claims against Defendants concerning such provisions were dismissed pursuant to the Court's Order dated October 5, 2016.

240.    State that paragraph 240 purports to allege facts concerning FCA's recall and warranty provisions, and therefore no response is required because Plaintiffs' claims against Defendants concerning such provisions were dismissed pursuant to the Court's Order dated October 5, 2016.

241.    Respectfully refer the Court to the July Consent Order and the statement by NHTSA Administrator Mark Rosekind on July 26, 2015 for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 241.

242.    Respectfully refer the Court to the July Consent Order for a complete and accurate description of its contents, and otherwise deny the allegations in paragraph 242.

243.    Respectfully refer the Court to the July Consent Order for a complete and accurate description of its contents, and otherwise deny the allegations in paragraph 243   .

244.    State that Defendants lack sufficient knowledge to allow them to form a belief as to the truth or falsity of the allegations as to what analysts allegedly recognized, respectfully refer the Court to the reports and/or articles cited in paragraph 244 and to FCA's publicly reported stock price and trading information for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 244.

245.    Defendants lack sufficient knowledge to allow them to form a belief as to the truth or falsity of the allegations concerning the reports of media outlets, respectfully refer the Court to the reports and statement cited in paragraph 245 for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 245.

246.    State that paragraph 246 purports to allege facts concerning FCA's recall and warranty provisions, and therefore no response is required because Plaintiffs' claims against Defendants concerning such provisions were dismissed pursuant to the Court's Order dated October 5, 2016.

247.    State that paragraph 247 purports to allege facts concerning FCA's recall and warranty provisions, and therefore no response is required because Plaintiffs' claims against

Defendants concerning such provisions were dismissed pursuant to the Court's Order dated October 5, 2016.

248.    Respectfully refer the Court to the transcript of the July 30 Earnings Call for a complete and accurate description of its contents, and otherwise deny the allegations in paragraph 248.

249.    State that the allegations in paragraph 249 are legal conclusions, and therefore no response is required, and otherwise deny all such allegations to the extent a response is required.

250.    Deny the allegations of paragraph 250.

251.    State that paragraph 251 purports to allege facts concerning FCA's recall and warranty provisions, and therefore no response is required because Plaintiffs' claims against Defendants concerning such provisions were dismissed pursuant to the Court's Order dated October 5, 2016.

252.    State that paragraph 252 purports to allege facts concerning FCA's recall and warranty provisions, and therefore no response is required because Plaintiffs' claims against Defendants concerning such provisions were dismissed pursuant to the Court's Order dated October 5, 2016.

253.    State that paragraph 253 purports to allege facts concerning FCA's recall and warranty provisions, and therefore no response is required because Plaintiffs' claims against Defendants concerning such provisions were dismissed pursuant to the Court's Order dated October 5, 2016.

254.    State that paragraph 254 purports to allege facts concerning FCA's recall and warranty provisions, and therefore no response is required because Plaintiffs' claims against

Defendants concerning such provisions were dismissed pursuant to the Court's Order dated October 5, 2016.

255.    State that paragraph 255 contains legal conclusions to which no response is required, respectfully refer the Court to the December Consent Order for a complete and accurate description of its contents, and otherwise deny the allegations in paragraph 255.

256.    Respectfully refer the Court to the article cited in paragraph 256 for a complete and accurate description of its contents, and otherwise deny the allegations in paragraph 256, except lack sufficient knowledge to allow them to form a belief as to the truth or falsity of the allegations as to what analysts allegedly recognized.

257.    State that the allegations in the second sentence of paragraph 257 are legal conclusions to which no response is required, and deny the allegations of paragraph 257.

258.    State that Defendants lack sufficient knowledge to allow them to form a belief as to the truth or falsity of the allegations contained in paragraph 258, except respectfully refer the Court to the statement cited in paragraph 258 for a complete and accurate description of its contents.

259.    State that Defendants lack sufficient knowledge to allow them to form a belief as to the truth or falsity of the allegations contained in paragraph 259, except respectfully refer the Court to the statement cited in paragraph 259 for a complete and accurate description of its contents.

260.    Respectfully refer the Court to the testimony cited in paragraph 260 for a complete and accurate description of its contents.

261.    Respectfully refer the Court to Defendants' responses to paragraphs 72 through 88 of the Complaint, and otherwise deny the allegations in paragraph 261.

262.     State that Defendants lack sufficient knowledge to allow them to form a belief as to the truth or falsity of the allegations concerning NHTSA and what occurred "immediately after NHTSA fined General Motors," deny the allegations in the second sentence of paragraph 262, and deny that the allegations in the third sentence of paragraph 262 present a fair and complete description of the matters described therein, except respectfully refer to the NHTSA statement referenced therein for a complete and accurate description of its contents.

263.     Respectfully refer the Court to the announcement and filings cited in paragraph 263 for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 263.

264.     Admit the allegations in the first two sentences of paragraph 264 and deny the allegations in the third sentence of paragraph 264.

265.     Aver that Mr. Kunselman communicated with NHTSA personnel during the putative Class Period, was Senior Vice President and Head of Vehicle Safety & Regulatory Compliance of Chrysler Group LLC during the relevant period, respectfully refer the Court to the statement cited in paragraph 265 for a complete and accurate description of its contents, and otherwise deny the allegations in paragraph 265.

266.     State that Plaintiffs' claims against Mr. Palmer were dismissed pursuant to the Court's Order dated October 5, 2016, and therefore no response to the allegations concerning Mr. Palmer is required, respectfully refer the Court to the filing cited in paragraph 266 for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 266.

267.     State that Plaintiffs' claims against Mr. Palmer were dismissed pursuant to the Court's Order dated October 5, 2016, and therefore no response to the allegations concerning

Mr. Palmer is required, respectfully refer the Court to the filings cited in paragraph 267 for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 267.

268.    Respectfully refer the Court to the transcript of the October 29, 2014 earnings call cited in paragraph 268 for a complete and accurate description of its contents, and otherwise deny the allegations in paragraph 268.

269.    Respectfully refer the Court to the transcript of the January 28, 2015 earnings call cited in paragraph 269 for a complete and accurate description of its contents, and otherwise deny the allegations in paragraph 269.

270.    Respectfully refer the Court to the transcript of the July 30 Earnings Call for a complete and accurate description of its contents, and otherwise deny the allegations in paragraph 270.

271.    Respectfully refer the Court to the letters cited in paragraph 271 for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 271.

272.    Aver that Stephen Williams was Head of Safety Compliance and Product Analysis during the relevant period, respectfully refer the Court to the letter cited in paragraph 272 for a complete and accurate description of its contents, and otherwise deny the allegations in paragraph 272.

273.    Respectfully refer the Court to the letter cited in paragraph 273 for a complete and accurate description of its contents, and otherwise deny the allegations in paragraph 273.

274.    Respectfully refer the Court to the letter cited in paragraph 274 for a complete and accurate description of its contents, and otherwise deny the allegations in paragraph 274.

275.     State that Defendants lack sufficient knowledge to allow them to form a belief as to the truth or falsity of the allegations concerning the opinions of "experts in the field" and Administrator Rosekind, respectfully refer the Court to the statement cited in paragraph 275 for a complete and accurate description of its contents, and otherwise deny the allegations in paragraph 275.

276.     Respectfully refer the Court to the statement cited in paragraph 276 for a complete and accurate description of its contents, and otherwise deny the allegations in paragraph 276.

277.     Respectfully refer the Court to the testimony cited in paragraph 277 for a complete and accurate description of its contents, and otherwise deny the allegations in paragraph 277.

278.     Deny the allegations in paragraph 278.

279.     State that paragraph 279 purports to allege facts in support of claims of motive to commit securities fraud, and therefore no response is required because these claims were dismissed pursuant to the Court's Order dated October 5, 2016.

280.     State that paragraph 280 purports to allege facts in support of claims of motive to commit securities fraud, and therefore no response is required because these claims were dismissed pursuant to the Court's Order dated October 5, 2016.

281.     State that paragraph 281 purports to allege facts in support of claims of motive to commit securities fraud, and therefore no response is required because these claims were dismissed pursuant to the Court's Order dated October 5, 2016.

282.    State that paragraph 282 purports to allege facts in support of claims of motive to commit securities fraud, and therefore no response is required because these claims were dismissed pursuant to the Court's Order dated October 5, 2016.

283.    State that paragraph 283 purports to allege facts in support of claims of motive to commit securities fraud, and therefore no response is required because these claims were dismissed pursuant to the Court's Order dated October 5, 2016.

284.    State that paragraph 284 purports to allege facts in support of claims of motive to commit securities fraud, and therefore no response is required because these claims were dismissed pursuant to the Court's Order dated October 5, 2016.

285.    State that paragraph 285 purports to allege facts in support of claims of motive to commit securities fraud, and therefore no response is required because these claims were dismissed pursuant to the Court's Order dated October 5, 2016.

286.    State that the Complaint speaks for itself, and paragraph 286 contains no allegations which require a response.

287.    State that paragraph 287 contains legal conclusions to which no response is required, and contains no allegations which require a response.

288.    State that paragraph 288 contains legal conclusions to which no response is required, and contains no allegations which require a response.

289.    State that Defendants lack sufficient knowledge to allow them to form a belief as to the truth or falsity of the allegations in paragraph 289.

290.    State that paragraph 290 contains legal conclusions to which no response is required, and contains no allegations which require a response, and to the extent a response is required, deny the allegations in paragraph 290.

291.    State that paragraph 291 contains legal conclusions to which no response is required, and contains no allegations which require a response.

292.    State that paragraph 292 contains legal conclusions to which no response is required, and contains no allegations which require a response; to the extent a response is required, deny the allegations in paragraph 292.

293.    State that paragraph 293 contains legal conclusions to which no response is required, and contains no allegations which require a response; to the extent a response is required, deny the allegations in paragraph 293.

294.    State that the Complaint speaks for itself, and paragraph 294 contains no allegations which require a response; to the extent a response is required, deny the allegations in paragraph 294.

295.    State that paragraph 295 contains legal conclusions to which no response is required, and contains no allegations which require a response; to the extent a response is required, deny the allegations in paragraph 295.

296.    State that paragraph 296 contains legal conclusions to which no response is required and contains no allegations which require a response; to the extent a response is required, deny the allegations in paragraph 296.

297.    Restate and incorporate the foregoing responses as if set forth herein.

298.    State that the Complaint speaks for itself and that paragraph 298 does not contain an allegation that requires a response.

299.    Deny the allegations in paragraph 299.

300.    Deny the allegations in paragraph 300.

301.    Deny the allegations in paragraph 301.

302.     State that paragraph 302 purports to allege facts in support of claims of motive to commit securities fraud, and therefore no response is required because these claims were dismissed pursuant to the Court's Order dated October 5, 2016.

303.     Deny the allegations in paragraph 303.

304.     Deny the allegations in paragraph 304.

305.     State that the allegations in paragraph 305 comprise legal conclusions to which no response is required, and to the extent a response is required, deny the allegations in paragraph 305.

306.     State that the allegations in paragraph 306 comprise legal conclusions to which no response is required, and to the extent a response is required, deny the allegations in paragraph 306.

307.     Deny the allegations in paragraph 307.

308.     Restate and incorporate the foregoing responses as if set forth herein.

309.     Deny the allegations in paragraph 309.

310.     State that the allegations in paragraph 310 comprise legal conclusions to which no response is required, and to the extent a response is required, deny the allegations in paragraph 310.

311.     Deny the allegations in paragraph 311.

312.     State that the allegations in paragraph 312 comprise legal conclusions to which no response is required, and to the extent a response is required, deny the allegations in paragraph 312.

313.    State that the allegations in paragraph 313 comprise legal conclusions to which no response is required, and to the extent a response is required, deny the allegations in paragraph 313.

**DEFENSES**

Defendants assert the following defenses with respect to every cause of action asserted by Plaintiffs, without in any way assuming the burden of production, persuasion or proof with respect to any matter that applicable law places on Plaintiffs.  Defendants reserve the right to raise any additional defenses, counterclaims, cross-claims, and third-party claims not asserted herein of which they may become aware through discovery or otherwise.

First Defense

Deny every prayer for relief and deny that Plaintiffs are entitled to any relief whatsoever.

Second Defense

The Complaint fails to state a cause of action upon which relief can be granted.

Third Defense

Plaintiffs have failed to plead their claims against Defendants with particularity.

Fourth Defense

Defendants are not liable because they did not make any representations on which Plaintiffs detrimentally relied.

Fifth Defense

Defendants are not liable because they did not make any false or misleading statements of material fact or omit any material fact.

Sixth Defense

Defendants are not liable because the alleged false or misleading statements were not material to a reasonable investor.

Seventh Defense

Defendants' public statements and filings were accurate in all material respects.

Eighth Defense

The alleged omissions were either disclosed or the alleged facts were not required to be disclosed.

Ninth Defense

Defendants are not liable for any alleged misstatements that were forward-looking statements and/or contained sufficient cautionary language and risk disclosure.

Tenth Defense

Defendants acted at all times in good faith and had no knowledge, and were not reckless in not knowing, that any alleged misstatement was false or misleading.

Eleventh Defense

Defendants are not liable to Plaintiffs because any alleged misstatements or omissions for which Defendants were allegedly responsible were not material to the investment decisions of a reasonable investor.

Twelfth Defense

Defendants are not liable to Plaintiffs because Plaintiffs did not rely on any alleged misstatements or omissions of material fact by Defendants.

Thirteenth Defense

Defendants are not liable to Plaintiffs because Plaintiffs did not reasonably rely on any alleged misstatements or omissions of material fact by Defendants.

<u>Fourteenth Defense</u>

The actual facts which Plaintiffs allege to have been misrepresented or omitted were in fact known to and entered the securities market through credible sources.  Plaintiffs are not entitled to any recovery from Defendants because the substance of the allegedly misleading information that Plaintiffs allege to have been omitted or misrepresented was in fact publicly available and/or widely known to the market and the investing community.

<u>Fifteenth Defense</u>

Plaintiffs' claims are barred in whole or in part because Plaintiffs had actual or constructive knowledge of the alleged misrepresentations or omissions complained of, and Plaintiffs therefore assumed the risk of any alleged damages proximately caused thereby.

<u>Sixteenth Defense</u>

If and to the extent the statements at issue herein are found to have been false or misleading (which Defendants deny), Plaintiffs and any putative class members either knew or should have known about the matters alleged in the Complaint.

<u>Seventeenth Defense</u>

Plaintiffs' damages, if any, are speculative, and thus are not recoverable.

<u>Eighteenth Defense</u>

Plaintiffs did not suffer any losses, and thus cannot recover any damages.

<u>Nineteenth Defense</u>

Plaintiffs' damages, if any, are limited by 15 U.S.C. § 78u-4.

<u>Twentieth Defense</u>

Plaintiffs' claims are barred in whole or in part because Plaintiffs have not suffered any damages as a result of Defendants' conduct because Plaintiffs have failed to mitigate damages.

### Twenty-First Defense

Plaintiffs' claims are barred in whole or in part because all losses and damages alleged in the Complaint are the result of superseding and/or intervening causes and are not the result of any act or omission of Defendants.

### Twenty-Second Defense

Defendants are not liable to the extent that the alleged misstatements and omissions attributed to Defendants were not made in connection with the purchase or sale of FCA securities by Plaintiffs.

### Twenty-Third Defense

Plaintiffs' claims are barred in whole or in part because of the lack of loss causation.

### Twenty-Fourth Defense

Defendants are not liable because Plaintiffs' alleged losses were not actually or proximately caused by Defendants.

### Twenty-Fifth Defense

Defendants are not liable to the extent that the alleged misstatements and omissions attributed to Defendants were not made in connection with the purchase or sale of FCA shares by Plaintiffs.

### Twenty-Sixth Defense

Plaintiffs' claims are barred in whole or in part because of the "bespeaks caution" doctrine.

### Twenty-Seventh Defense

If any liability should arise (and none should), Defendants would not be liable in excess of any amount permitted by applicable law.

<u>Twenty-Eighth Defense</u>

Any damages or injuries suffered by Plaintiffs are the proximate result, either in whole or in part, of actions or omissions of persons or entities other than Defendants.

<u>Twenty-Ninth Defense</u>

Plaintiffs' claims are barred in whole or in part because the alleged misstatements or omissions are nonactionable expressions of opinion that Plaintiffs cannot prove were not truly held at the time they were made.

<u>Thirtieth Defense</u>

Plaintiffs' claims against the Individual Defendants are barred in whole or in part to the extent that the Individual Defendants did not make the alleged misstatements or omissions.

<u>Thirty-First Defense</u>

Plaintiffs' claims are barred in whole or in part because Defendants acted in good faith at all times during the relevant period, made no material misrepresentations or omissions during the relevant period, did not participate in any alleged wrongful conduct challenged by Plaintiffs, and did not act with scienter.

<u>Thirty-Second Defense</u>

Other parties not named in the Complaint may be indispensable parties to this action.

<u>Thirty-Third Defense</u>

Plaintiffs' claims against Defendants are barred, in whole or in part, because at all relevant times, Defendants relied in good faith on the representations, reports, expert opinions, and advice of others.

<u>Thirty-Fourth Defense</u>

Plaintiffs' claims are barred in whole or in part because Defendants neither owed nor breached any duty to Plaintiffs to disclose information allegedly omitted in the public statements, and had no duty to verify, opine upon, audit, review, or correct such information disclosed in the public statements.

<u>Thirty-Fifth Defense</u>

The Individual Defendants are not liable for Plaintiffs' claims because they are not "Control Persons" within the definition of Section 20(a) of the Exchange Act.

<u>Thirty-Sixth Defense</u>

Plaintiffs are not entitled to recover attorneys' fees, experts' fees, or other costs or disbursements.

<u>Thirty-Seventh Defense</u>

The putative class is not certifiable under Rule 23 of the Federal Rules of Civil Procedure.

<u>Thirty-Eighth Defense</u>

The purported claims against Defendants and the allegations upon which they are based are improperly vague, ambiguous, and confusing.  Defendants reserve the right to request a more definite statement.

<u>Thirty-Ninth Defense</u>

Defendants expressly reserve the right to amend and/or supplement their answer, defenses, and all other pleadings.

<u>Fortieth Defense</u>

Defendants have insufficient knowledge or information upon which to form a belief as to whether there may be additional affirmative defenses available to them, and therefore

reserve the right to assert such additional defenses in the event that discovery indicates they would be appropriate.

## PRAYER FOR RELIEF

Defendants respectfully request judgment dismissing this action with prejudice, an award of costs and disbursements, and such other relief as the Court deems appropriate.

Dated: New York, New York
      October 26, 2016

Respectfully submitted,

/s/ Robert J.  Giuffra, Jr.
Robert J. Giuffra, Jr.
William B. Monahan
Anil K. Vassanji
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004-2468
Telephone:  (212) 558-4000
Facsimile:  (212) 558-3588

*Counsel for Defendants*