UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GARY KOOPMANN, TIMOTHY KIDD and VICTOR PIRNIK, Individually and on Behalf of All Others Similarly Situated,<br><br>                                        Plaintiff(s),<br>v.<br><br>FIAT CHRYSLER AUTOMOBILES N.V., SERGIO MARCHIONNE, RICHARD K. PALMER, and SCOTT KUNSELMAN<br><br>                                        Defendants. | Civ. Action No: 15-cv-07199-JMF |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION REQUESTING JUDICIAL NOTICE**

Lead Plaintiffs Gary Koopmann and Timothy Kidd as well as Victor Pirnik ("Plaintiffs") submit this memorandum of law in support of Plaintiffs' Motion Requesting Judicial Notice of (i) the Complaint filed by the Department of Justice in *United States v. FCA US LLC, et al.*, No. 2:17-cv-11633-JCO-EAS (E.D. Mich.), dated May 23, 2017 ("DOJ Complaint"), annexed as Exhibit A to the accompanying Declaration of Jeremy A. Lieberman; and (ii) the stock prices and volume of Fiat Chrysler Automobiles N.V. ("FCAU").

## PROCEDURAL HISTORY

Plaintiff Victor Pirnik filed a class action complaint on September 11, 2015 alleging violations under Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5). Dkt. 1. On December 9, 2015, this Court issued an Order, appointing Gary Koopmann and Timothy Kidd as Lead Plaintiffs, and approved Lead Plaintiffs' selection of Pomerantz LLP and The Rosen Law Firm, P.A. as Lead Counsel. Dkt. 24.

On March 29, 2016, Plaintiffs filed their Second Amended Complaint ("SAC") concerning Chrysler's failure to comply with vehicle safety regulations and asserting a class period of October 14, 2014 through October 28, 2015 (the "SAC Class Period"). Dkt. 38. On April 28, 2016, Defendants moved to dismiss the SAC. Dkt. 44. On October 5, 2016, the Court issued an Opinion and Order, granting in part and denying in part Defendants' motion. Dkt. 50.

On February 22, 2017, with permission from the Court, Plaintiffs filed the Third Amended Complaint ("TAC"), adding allegations concerning Defendants' diesel emissions scandal and extending the class period to be October 14, 2014 through February 6, 2017 (the "TAC Class Period"). Dkt. 69.

On March 17, 2017, Plaintiffs' filed a Motion for Class Certification. Dkt. 85.

On March 22, 2017, Defendants filed a Motion to Dismiss The Emissions-Related Claims from the TAC. Dkt. 92. Plaintiffs filed their opposition papers on April 25, 2017. Dkt. 96. Defendants filed their reply papers on May 15, 2017. Dkt. 98.

1

On May 23, 2017, the Department of Justice ("DOJ") filed a complaint in the Eastern District of Michigan asserting that Defendant FCAU, its United States subsidiary FCA US LLC and other entities violated federal law because, *inter alia*,

> "Defendants illegally sold or caused the illegal sale of approximately 103,828 diesel-fueled new motor vehicles . . . that do not comply with the [Clean Air] Act. The applications for Certificates of Conformity ("COC") for the Subject Vehicles ***did not disclose at least eight software-based features*** that affect the Subject Vehicles' emission control system. . . . In addition, one or more of these undisclosed software features, alone or in combination with one or more of the others, ***bypass, defeat and/or render inoperative the Subject Vehicles' emission control system, causing the vehicles to emit substantially higher levels of NOx during certain normal real world driving conditions than during federal emission tests***.

DOJ Complaint, ¶ 2 (emphasis supplied). Furthermore, "[t]he United States alleges, subject to a reasonable opportunity for further investigation or discovery, that ***members of FCA NV management were involved in the process of gathering and/or approving certain information regarding FCA US' submissions as part of its COC applications for the Subject Vehicles***." *Id*. ¶ 83 (emphasis supplied).

On May 23, 2017, FCAU's stock price declined from $10.89 at 9:30 a.m. to $10.32 at 4:00 p.m., a decline of 5.2%, on unusually high volume of 26,270,000 shares. *See* https://finance.yahoo.com/quote/FCAU/history?p=FCAU.

## ARGUMENT

Plaintiffs respectfully request that the Court take judicial notice of the DOJ Complaint. Under Rule 201(b) of the Federal Rules of Evidence, "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b).

The DOJ Complaint satisfies this standard. Because the accuracy of the docket of the Eastern District of Michigan in which the DOJ Complaint was filed cannot reasonably be questioned, the contents of the DOJ Complaint should be treated as judicially noticed facts. *See*

*Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000) (taking judicial notice of second amended complaint in state-court lawsuit "as a public record" pursuant to Rule 201(b) of the Federal Rules of Evidence); *Am. Home Assur. Co. v. Altman Specialty Plants, Inc.*, 2009 U.S. Dist. LEXIS 6046, at *10 (S.D.N.Y. Jan. 26, 2009) (granting motion to take judicial notice of contents in recently filed complaint: "Because this Court cannot reasonably question the accuracy of the docket in the California Altman action, it treats the existence and content of the Amended Complaint as judicially noticed facts.").[1]

The Court should also take judicial notice of FCAU's stock prices and volume. FCAU's stock price and volume information is available at https://finance.yahoo.com/quote/FCAU/history?p=FCAU. This information cannot be subject to reasonable dispute. Indeed, it is well-settled that a court "may take judicial notice of well-publicized stock prices." *Ganino v. Citizens Utils. Co.*, 228 F.3d 154, 166 n.8 (2d Cir. 2000).

In the alternative, Plaintiffs seek leave to amend the Complaint to reference and incorporate the DOJ Complaint, related public disclosures and the movement in FCAU's stock price. Leave to amend should be freely given. *See, e.g., Foman v. Davis*, 371 U.S. 178, 182 (1962); Fed. R. Civ. P. 15(a)(2). "This is especially true where the proposed amendment arises from the same set of operative facts as the original claims, or from events closely related to those originally pleaded." *Kreinik v. Showbran Photo, Inc.*, 2003 U.S. Dist. LEXIS 18276, *33 (S.D.N.Y. Oct. 10, 2003) "The party opposing amendment has the burden of establishing that

---

[1] Courts in the Second Circuit routinely take judicial notice of governmental filings, decisions, orders and settlements. *See*, *e.g.*, *Stratte-McClure v. Morgan Stanley*, 776 F.3d 94, 100 (2d Cir. 2015) (on a motion to dismiss a securities action, a court may consider "public disclosure documents required by law to be, and that have been, filed with the SEC"); *In re Zyprexa Prods. Liab. Litig.*, 549 F. Supp. 2d 496, 501 (E.D.N.Y. 2008) (courts may consider public documents issued by government agencies). *See also Simmtech Co. v. Barclays Bank PLC* (*In re Foreign Exch. Benchmark Rates Antitrust Litig.*), 74 F. Supp. 3d 581, 592 (S.D.N.Y. 2015) ("The Court has taken judicial notice of penalties and fines levied by regulators in three countries against six Defendants as a result of some of the investigations detailed in the U.S. Complaint and for the very conduct alleged in the Complaint. The penalties provide non-speculative support for the inference of a conspiracy").

amendment would be futile or otherwise inappropriate." *Blagman v. Apple, Inc.*, 307 F.R.D. 107, 111 (S.D.N.Y. 2015).  Here, Defendants cannot satisfy this hefty burden.

"Certainly, courts have considered a governmental investigation as one piece of the puzzle when taking a 'holistic' view of the purported facts as they relate to scienter." *In re Gentiva Sec. Litig.*, 932 F. Supp.2d 352, 380 (E.D.N.Y. 2013).  The fact that the DOJ not only conducted an investigation of FCAU concerning its diesel emissions scandal but also took the significant and unusual step of filing a complaint provides further support of scienter, requiring the denial of Defendants' motion to dismiss.  The filing of the DOJ Complaint adds to the robust scienter allegations already in the TAC, including those regarding Defendants' continued denial of any wrongdoing even after other regulatory bodies began investigating FCAU. ¶¶ 312-324.  *See In re Marsh & McLennan Cos. Sec. Litig.*, 501 F. Supp.2d 452, 486 (S.D.N.Y. 2006) ("Added to the allegations that, after the investigation's announcement, Greenberg and Egan personally made misstatements and aggressively supported the Company's business practices, the existence of the NYAG investigation and the rapid discovery of widespread misconduct at Marsh shortly thereafter constitute strong circumstantial evidence that those defendants either knew or were reckless in not learning of the fraudulent business practices at Marsh.").  The filing of the complaint and resulting stock price decline is also additional support for loss causation.

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that this Court take judicial notice of the DOJ Complaint and attached as Exhibit A to the Declaration of Jeremy A. Lieberman filed herewith as well as FCAU's stock price and volume, or in the alternative, grant Plaintiffs leave to amend the Complaint to reference this information.

Dated: May 24, 2017
New York, New York

**POMERANTZ LLP**
*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
Michael J. Wernke
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
          mjwernke@pomlaw.com

**POMERANTZ LLP**
Patrick V. Dahlstrom
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email: pdahlstrom@pomlaw.com

**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen
Phillip Kim
Sara Fuks
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
Email: pkim@rosenlegal.com
Email: sfuks@rosenlegal.com

*Co-Lead Counsel for Plaintiffs*