# Exhibit 1

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: CHRYSLER-DODGE-JEEP ECODIESEL
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION                                MDL No. 2777

TRANSFER ORDER

**Before the Panel:** Plaintiff in the Northern District of Alabama action listed on Schedule A moves under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Northern District of California.[1] This litigation consists of six actions pending in three districts, as listed on Schedule A. The actions involve allegations that certain 3.0 liter EcoDiesel-powered Jeep Grand Cherokee and Dodge Ram 1500 vehicles were equipped with emissions-cheating devices that engage emissions controls only when emissions testing was being performed. Since the filing of the motion, the parties have notified the Panel of another fourteen related actions pending in nine districts.[2]

All responding parties support centralization, but suggest different transferee districts. Plaintiff in a Southern District of Ohio potential tag-along action suggests centralization in the Southern District of Ohio. Plaintiffs in eight California cases suggest centralization in the Northern District of California. Defendant FCA US LLC (FCA) supports centralization in an East Coast transportation hub, particularly the Southern District of New York. Alternatively, FCA suggests the Northern District of California. Defendant Robert Bosch LLC[3] also supports centralization in a district near an East Coast transportation hub, particularly the Southern District of New York or the

---

[1] Moving plaintiff initially sought centralization in the Northern District of Alabama but, at oral argument, stated that the Northern District of Alabama no longer appeared to be an appropriate transferee forum and switched his support to a Northern District of California transferee forum.

[2] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

[3] Without waiving any objection to service or personal jurisdiction, parent company Robert Bosch GmbH authorized Bosch LLC to represent that it supports its position on transfer.

-2-

District of the District of Columbia. Finally, the United States of America[4] supports centralization in the Eastern District of Michigan or, alternatively, the District of the District of Columbia.[5]

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share common factual questions arising out of the January 12, 2017, announcements by the U.S. Environmental Protection Agency (EPA) and the California Air Resources Board that they had issued notices of violation to FCA for alleged failures to disclose eight Auxiliary Emissions Control Devices (AECDs) in the 3.0 liter EcoDiesel-powered Jeep Grand Cherokee and Dodge Ram 1500 vehicles.[6] The agencies alleged that the undisclosed AECDs shut off portions of the emissions control system, thereby causing excess nitrogen oxide emissions, when not operating under testing conditions. Plaintiffs' complaints contend that FCA marketed the approximately 104,000 vehicles at issue as environmentally friendly, achieving better fuel efficiency, better performance, and lower emissions than typical diesel engines. Plaintiffs' complaints also share allegations that defendants employed software designed to make the vehicles EPA emission-compliant only during emissions testing, while under normal conditions, the vehicles produce nitrogen oxide at levels that greatly exceed applicable standards. Centralization is warranted to streamline the litigation, prevent inconsistent rulings (including with respect to class certification)

---

[4] The United States asserts an interest in this matter because, among other things, the United States, through the Administrator of the Environmental Protection Agency (EPA), is charged under the Clean Air Act (CAA) with setting emission standards for light duty passenger vehicles and administering the CAA's certification program to ensure that those vehicles meet the emission standards throughout their useful lives.

[5] Plaintiffs in a securities action in the Southern District of New York (*Pirnik*), which has recently-added claims involving the FCA emissions violations, oppose centralization of *Pirnik*. If the Panel is inclined to include the action in the MDL, the *Pirnik* plaintiffs prefer a Southern District of New York transferee forum. Defendant Fiat Chrysler Automobiles N.V. suggests that we delay transfer of *Prinik* pending the outcome of its pending motion to dismiss the emissions-violations allegations. Moreover, a plaintiff in the Northern District of California *Fasching* action opposes inclusion of *Pirnik* in the MDL. Since *Pirnik* is a potential tag-along action, these arguments are best addressed in the context of a motion to vacate a conditional transfer order, if one is issued, to cover *Pirnik*.

[6] FCA notes that not all AECDs (whether disclosed or otherwise) are "defeat devices." *See* 40 C.F.R. § 86.1803-0 (setting forth "defeat device" criteria). Plaintiffs elaborate that, under the Clean Air Act in order to obtain a certificate of conformity to sell a vehicle, automakers must submit an application to the EPA disclosing all AECDs installed in the vehicle, a justification for each, and an explanation of why the control device is not a defeat device. Regulators may then determine if they will approve the AECDs.

-3-

and overlapping pretrial obligations, to reduce costs, and create efficiencies for the parties, courts, and witnesses.

We select the Northern District of California as the appropriate transferee district for these actions. California has a strong factual connection to this litigation, as the state with the most affected vehicles and pending cases. Significant testing of affected vehicles occurred in California, and the California Air Resources Board appears to have played an integral role in investigating and, ultimately, revealing defendant's use of eight AECDs. Moreover, the district enjoys the support of several plaintiffs and defendant FCA. We select Judge Edward M. Chen to preside over this litigation, a jurist well-versed in the nuances of complex and multidistrict litigation who can steer this matter on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Northern District of California are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Edward M. Chen for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Marjorie O. Rendell          Charles R. Breyer
Lewis A. Kaplan              Ellen Segal Huvelle
R. David Proctor             Catherine D. Perry

IN RE: CHRYSLER-DODGE-JEEP ECODIESEL
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION                               MDL No. 2777

## SCHEDULE A

### Northern District of Alabama

WARREN v. FIAT CHRYSLER AUTOMOBILES N.V., ET AL., C.A. No. 7:17-00059

### Northern District of California

CHAVEZ v. FCA US LLC, ET AL., C.A. No. 3:16-06909
FASCHING, ET AL. v. FCA US LLC, ET AL., C.A. No. 3:17-00231
CARPENTER, ET AL. v. FCA US LLC, ET AL., C.A. No. 3:17-00288
KITCHEL, ET AL. v. FCA US LLC, ET AL., C.A. No. 3:17-00538

### Southern District of California

SEBASTIAN v. FCA US LLC, ET AL., C.A. No. 3:17-00085