**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GARY KOOPMANN, TIMOTHY KIDD and VICTOR PIRNIK, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff(s),<br><br>v.<br><br>FIAT CHRYSLER AUTOMOBILES N.V., SERGIO MARCHIONNE, RICHARD K. PALMER, and SCOTT KUNSELMAN<br><br>Defendants. | **Civ. Action No: 15-cv-07199-JMF** |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION REQUESTING JUDICIAL NOTICE**

Lead Plaintiffs Gary Koopmann and Timothy Kidd as well as Victor Pirnik ("Plaintiffs") submit this memorandum of law in support of Plaintiffs' Motion Requesting Judicial Notice of a news report published by Reuters on June 16, 2017 entitled "EPA suspected Fiat Chrysler of using 'defeat device' in 2015" annexed as Exhibit A to the accompanying Declaration of Laurence M. Rosen.

## PROCEDURAL HISTORY

Plaintiff Victor Pirnik filed a class action complaint on September 11, 2015 alleging violations under Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5). Dkt. 1. On December 9, 2015, this Court issued an Order, appointing Gary Koopmann and Timothy Kidd as Lead Plaintiffs, and approved Lead Plaintiffs' selection of Pomerantz LLP and The Rosen Law Firm, P.A. as Lead Counsel. Dkt. 24.

On March 29, 2016, Plaintiffs filed their Second Amended Complaint ("SAC") concerning Chrysler's failure to comply with vehicle safety regulations and asserting a class period of October 14, 2014 through October 28, 2015 (the "SAC Class Period"). Dkt. 38. On April 28, 2016, Defendants moved to dismiss the SAC. Dkt. 44. On October 5, 2016, the Court issued an Opinion and Order, granting in part and denying in part Defendants' motion. Dkt. 50.

On February 22, 2017, with permission from the Court, Plaintiffs filed the Third Amended Complaint ("TAC"), adding allegations concerning Defendants' diesel emissions scandal and extending the class period to be October 14, 2014 through February 6, 2017 (the "TAC Class Period"). Dkt. 69.

On March 17, 2017, Plaintiffs' filed a Motion for Class Certification. Dkt. 85.

On March 22, 2017, Defendants filed a Motion to Dismiss The Emissions-Related Claims from the TAC. Dkt. 92. Plaintiffs filed their opposition papers on April 25, 2017. Dkt. 96. Defendants filed their reply papers on May 15, 2017. Dkt. 98.

On May 23, 2017, the Department of Justice ("DOJ") filed a complaint in the Eastern District of Michigan (the "DOJ Complaint") asserting that Defendant FCAU, its United States subsidiary FCA US LLC and other entities violated federal law because, *inter alia*, they caused the illegal sale of vehicles that contained undisclosed software features that bypassed or defeated the vehicles' emissions control systems causing the vehicles to emit higher levels of NOx during normal driving conditions than during federal emissions tests. On May 24, 2017 Plaintiffs filed a Motion Requesting Judicial Notice of the DOJ Complaint as well as the decline in FCAU's stock price following the DOJ Complaint. Dkt. 102. Defendants filed a Memorandum Response to Plaintiffs' Motion Requesting Judicial Notice on May 25, 2017. Dkt. 105. On May 25, 2017 the Court held a status conference and directed Plaintiffs and Defendants to file supplemental memoranda of law concerning the implications of the DOJ Complaint and stock prices on Defendants' pending motion to dismiss the emissions-related claims from the TAC. Plaintiffs and Defendants filed Supplemental Memoranda concerning Plaintiffs' Motion Requesting Judicial Notice on June 1, 2017. Dkt. 109, 110.

On June 2, 2017 the Court issued an order granting Defendants' letter motion for adjournment of the class certification briefing schedule and adjourned the briefing schedule until after the Court resolves Defendants' pending motion to dismiss. Dkt. 111.

On June 16, 2017 Reuters released a news report titled "EPA suspected Fiat Chrysler of using 'defeat device' in 2015" which stated that in November 2015 U.S. regulators told FCAU that they suspected some of its vehicles were "equipped with secret software allowing them to violate emission control standards." Rosen Decl. Ex. A. The Reuters report also stated that it had obtained an email under the Freedom of Information Act from the director of the EPA's Transportation and Air Quality compliance division, Byron Bunker, from January 2016 to FCAU which stated that Bunker was "very concerned about the unacceptably slow pace" of the Company's efforts to explain high nitrogen oxide emissions from some of its vehicles, and that the EPA had told Company officials at a November 2015 meeting that at least one auxiliary emissions control device in its vehicles violated EPA regulations. Rosen Decl. Ex. A.

**ARGUMENT**

Plaintiffs respectfully request that the Court take judicial notice of the June 16, 2017 Reuters news report, not for the truth of the matters asserted in the report but for the fact of its publication. Under Rule 201(b) of the Federal Rules of Evidence, "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b).

The Reuters news report satisfies this standard. The publication of this news report is not subject to reasonable dispute. Indeed, it is well-settled that "it is proper to take judicial notice of the *fact* that press coverage, prior lawsuits, or regulatory filings contained certain information, without regard to the truth of their contents." *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008); *Garber v. Legg Mason, Inc.,* 537 F.Supp.2d 597, 612, n. 4 (S.D.N.Y.2008) (taking judicial notice of newspaper articles for the fact of their publication); *DeBenedictis v. Merrill Lynch & Co., Inc.*, 492 F.3d 209, 214 (3d Cir.2007) (taking judicial notice of *USA Today* and *Time Magazine* articles submitted by defendants).

In their opposition to Defendants' pending motion to dismiss, Plaintiffs requested leave to amend in the event that the Court finds the TAC lacking in any respect. The Reuters news report provides support for the fact that the Court should allow Plaintiffs to amend the TAC to include the information detailed in the report, (along with additional facts that have emerged since the filing of the TAC), should it grant Defendants' pending motion. Leave to amend should be freely given. *See, e.g., Foman v. Davis*, 371 U.S. 178, 182 (1962); Fed. R. Civ. P. 15(a)(2). "This is especially true where the proposed amendment arises from the same set of operative facts as the original claims, or from events closely related to those originally pleaded." *Kreinik v. Showbran Photo, Inc*., 2003 U.S. Dist. LEXIS 18276, *33 (S.D.N.Y. Oct. 10, 2003).

"The party opposing amendment has the burden of establishing that amendment would be futile or otherwise inappropriate." *Blagman v. Apple, Inc.*, 307 F.R.D. 107, 111 (S.D.N.Y. 2015).

Here, the June 16, 2017 Reuters news report categorically refutes the main thrust of Defendants' argument in support of their pending motion to dismiss- i.e. that Plaintiffs have not sufficiently alleged scienter with respect to Defendants' alleged emissions violations because the EPA never alerted them to potential violations with emissions regulations prior to issuing the Notice of Violation in January 2017. In their motion, Defendants assert that unlike Plaintiffs' NHTSA-related claims which the Court sustained, "the TAC does not allege that any regulator notified any of the Defendants prior to their alleged misstatement of noncompliance with any emissions regulations…In fact, the TAC does not claim that the EPA or CARB communicated any concerns to FCA or FCA employees relating to undisclosed AECDs (or the supposed 'defeat devices') *prior to the issuance of the NOVs in January 2017*." Defendants' Memorandum of Law in Support of Motion to Dismiss the Emissions-Related Claims from the Third Amended Complaint, at p. 13-14 (Dkt. 92) (emphasis in original).

The Reuters news report establishes that Defendants were aware that the EPA communicated with Defendants by at least November 2015 concerning its suspicions that the Company was using illegal defeat devices in its vehicles.

As with Plaintiffs' NHTSA-related claims which the Court sustained, Defendants' statements concerning compliance with emissions regulations were false and were made with scienter under *Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 135 S. Ct. 1318 (2015):

> Consider an unadorned statement of opinion about legal compliance: "We believe our conduct is lawful."…[***I]f the issuer made the statement…with knowledge that the Federal Government was taking the opposite view, the investor against has cause to complain.***

*Id*. at 1329.

Given the EPA's warnings to Defendants as described in the Reuters news report, and contrary to Defendants' assertion in their pending motion to dismiss that the EPA never alerted

them to emissions violations, Defendants' statements concerning compliance with emissions regulations were made "with knowledge that the Federal Government was taking the opposite view." *Omnicare*, at 129.

While Plaintiffs believe that the TAC pleads sufficient facts to support denial of Defendants' pending motion to dismiss, should the Court find the TAC lacking in any respect, the fact of the publication of the Reuters news article, which contains additional facts supporting falsity and scienter, provides ample basis for amendment.

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that this Court take judicial notice of the June 16, 2017 Reuters news report attached as Exhibit A to the Declaration of Laurence M. Rosen filed herewith.

Dated: June 20, 2017
New York, New York

**THE ROSEN LAW FIRM, P.A.**

*/s/ Laurence M. Rosen*
Laurence M. Rosen
Phillip Kim
Sara Fuks
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
Email: pkim@rosenlegal.com
Email: sfuks@rosenlegal.com

**POMERANTZ LLP**
Jeremy A. Lieberman
Michael J. Wernke
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665

Email: jalieberman@pomlaw.com
mjwernke@pomlaw.com

**POMERANTZ LLP**
Patrick V. Dahlstrom
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email: pdahlstrom@pomlaw.com

*Co-Lead Counsel for Plaintiffs*