November 27, 2017

<u>Via ECF</u>

The Honorable Jesse M. Furman,
   United States District Judge,
      United States District Court for the Southern District of New York,
         40 Foley Square,
           New York, New York  10007.

        Re:   <u>*Pirnik et al.* v. *Fiat Chrysler Automobiles N.V., et al.*,
                No. 15 Civ. 7199 (JMF)</u>

Dear Judge Furman:

      On behalf of the parties in the above-referenced putative securities class action, and in accordance with the Court's November 13, 2017 Order (ECF No. 142), we submit the parties' "views on the next steps in this litigation, mindful of both the multi-district litigation proceedings pending in the Northern District of California" and "the motion for class certification filed by Plaintiffs on March 17, 2017."

              ***Plaintiffs' Position***

      Now that Plaintiffs have survived Defendants' motion to dismiss the emissions claims, the PSLRA discovery stay is lifted and this Action should continue with discovery into the emissions claims and the briefing of Plaintiffs' motion for class certification. *See* Fed. R. Civ. P. 23(c)(1) (the court "must" determine class certification "at an early practicable time"). After 26 months of litigation Plaintiffs are entitled to a determination as to class certification. Plaintiffs' proposed pretrial schedule is submitted herewith as Exhibit A.

      Defendants argue that the Court should stay the class certification briefing and the setting of discovery deadlines until the Judicial Panel on Multidistrict Litigation ("JPMDL" or the "Panel") decides whether to transfer this Action to the MDL.  JPMDL Rule 2.1(d) states:

> The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. § 1407 ***does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court***.

*See also In re Duke Energy Corp. Sec. Litig*., 2002 WL 1933798, at *1–2 (S.D.N.Y. Aug. 20, 2002) (denying temporary stay) ("The Court concludes that the filing of a motion before the MDL Panel does not … in any other way defer the progress of this case.").[1] The Court

---

[1] Defendants' reliance on *Keir* v. *Unumprovident Corp.*, No. 03 Civ. 5314 (DLC) (S.D.N.Y. June 23, 2003), is easily distinguished. *Keir* was one of five putative nationwide ERISA class actions. It was identified at the outset and the only underlying issue was the same as all the other cases being considered for the MDL. Here, by contrast, (i) the JPMDL has already resolved the transfer motion, holding that this Action "is not appropriate for inclusion in this MDL", (ii) there are no securities actions in the MDL, and (iii) this Action is deep into discovery (defendants have produced over 1 million pages of documents) on the completely separate issue of recalls. In *Animal Sci. Prods., Inc.*

The Honorable Jesse M. Furman                                                                                           -2-

previously ordered that class certification briefing should proceed apace following an order on Defendants' motion to dismiss. ECF No. 111. There is no reason to change course. Defendants have already deposed all three proposed class representatives on all claims in the complaint (including emissions claims) and Plaintiffs are prepared to file an amended motion for class certification (that addresses the slightly longer class period) by December 21, 2017.[2] Defendants do not explain why a ruling by this Court on class certification would disrupt the MDL even if this Action is later included, especially given that none of the actions in the MDL are securities actions and there is no chance of inconsistent rulings. If the action is transferred to the MDL mid-briefing, it can be completed in the MDL. Given this, delaying class certification appears to be Defendants' goal.  Despite stating months ago that they intended to move for transfer if the Court denied their motion to dismiss, they only filed those papers today.

Nor is there any reason for this Court to postpone setting discovery deadlines. Plaintiffs are willing to coordinate with the process being conducted in the MDL.  Indeed, the deadline for completion of document production proposed by Plaintiffs is the same as that in the MDL (April 6, 2018). In the unlikely event that the JPMDL chooses to transfer this Action to the MDL, Judge Chen can adjust deadlines accordingly.  However, this Action should not be set adrift while the JPMDL makes its determination (for which there is no timeline).

Any postponement of pretrial proceedings is particularly inappropriate here because the chances of the JPMDL transferring this Action are slim. "[C]entralization under Section 1407 should be the last solution after considered review of all other options." *In re Best Buy Co., Inc. Cal Song Beverly Credit Card Act Litig.*, 804 F. Supp. 2d 1376, 1378 (J.P.M.L. 2011). Coordination with the MDL is a much more reasonable course.[3]

The MDL consists of consumer actions that bear little resemblance to the claim in this federal securities action: that FCA and certain executives made false and misleading statements concerning FCA's compliance with U.S vehicle safety as well as emissions regulations and purchasers of FCA common stock suffered losses when FCA's stock price declined once the truth became known. This Action involves wholly distinct legal theories and elements (e.g. scienter, market efficiency, loss causation, and statutory damages under the Exchange Act).  *See In re Plasma arc Tech., Inc. Due Diligence Litig.*, 856 F. Supp. 2d 1338, 1338 (J.P.M.L. 2012) (centralization denied in part because plaintiffs allege disparate causes of action). Additionally, the putative class here consists of investors in FCA stock, not people who purchased vehicles manufactured by FCA. *In re: Nutek Baby Wipes Prod. Liab. Litig.*, 96 F. Supp. 3d 1373 (J.P.M.L. 2015) (denying transfer where actions did not involve overlapping putative classes); *In re Medicare Fee Schedule Locality Litig.*, 560 F. Supp. 2d 1344, 1345 (J.P.M.L. 2008) (transfer

---

v. *Hebei Welcome Pharm. Co.*, 2005 WL 3555926, at *1 (E.D.N.Y. Dec. 23, 2005), also cited by Defendants, no party opposed the inclusion of the action in the MDL (only the location) and the hearing concerning the MDL was already set for only one month away.

[2] Defendants suggest that they may seek to depose the Plaintiffs yet again. There is no basis for this request. Defendants already questioned Plaintiffs concerning the emissions claims. The three month change in the class period does not open any new areas relevant to Plaintiffs' adequacy or typicality since all the alleged false statements occurred prior to the three month stub period

[3] Contrary to Defendants' suggestion, the JPMDL never indicated that it would transfer this Action.  In its order denying the previous request for transfer, the JPMDL stated "these arguments are best addressed in the context of a motion to vacate a conditional transfer order, if one is issued, to cover *Pirnik*." (ECF No. 107–1 at 2 n.5.)

The Honorable Jesse M. Furman                                                                                        -3-

motion denied where classes were "distinctly separate"). Of the dozens of factual issues for trial, the only common question of fact between this Action and the consumer actions is whether FCA's vehicles contained defeat devices. This commonality however is superficial given the other numerous divergent factual and legal issues that predominate. *See In re Nutella Mktg. & Sales Practices Litig.*, 804 F. Supp. 2d 1374, 1375 (J.P.M.L. 2011) (denying motion for centralization where "some factual issues regarding the common defendant's marketing practices" exist, but common factual questions are not sufficiently "numerous to justify Section 1407 transfer"). Additionally, the subject matter of Plaintiffs' vehicle-safety related claims has absolutely nothing in common with the subject of the consumer actions. The MDL court would have to familiarize itself with distinct facts and issues germane to the complex vehicle-safety claims while at the same time running the MDL, which further militates against transfer.

Transfer would also significantly impede this Action which is at an advanced stage procedurally. Defendants have produced over 1 million pages of documents and Plaintiffs have noticed six depositions. Transfer and consolidation would cause significant delay. *See, e.g. In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 243 (J.P.M.L. 1978) (denying transfer where it "would not necessarily serve the convenience of the parties and witnesses or promote the just and efficient conduct of this litigation.").

At the very least, transfer to the MDL is premature. The JPMDL previously denied a request to include this Action in the MDL because if Defendants' motion to dismiss were granted then this Action, which would then contain only vehicle safety claims, would be stuck in the MDL. A similar situation still exists. The MDL court has not ruled on the defendants' motions to dismiss the consumer actions. The parties to the MDL are also currently mediating, which could fully resolve those claims. If this Action is transferred to the MDL and the consumer actions are dismissed or settled then this Action will be alone in an MDL that was not created for it, in the wrong jurisdiction, and with a judge that has no knowledge of or experience with the history of this Action or Plaintiffs' vehicle safety claims.

### *Defendants' Position*

This morning, Defendants "tagged" this action to the Multidistrict Litigation ("MDL") now pending before Judge Chen in the Northern District of California. MDL No. 2777. The MDL, in which claims brought on behalf of the Environmental Protection Agency ("EPA") and putative classes of consumers are being coordinated for pretrial proceedings, concerns "allegations that certain 3.0 liter EcoDiesel-powered Jeep Grand Cherokee and Dodge Ram 1500 vehicles were equipped with emissions-cheating devices." (ECF No. 107–1 at 1.)

Defendants are confident that the Judicial Panel on Multidistrict Litigation ("JPML") will transfer this securities action to the MDL. As the JPML previously recognized, this securities action "is a potential tag-along action" because of the "recently-added claims . . . involving the FCA emissions violations." (ECF No. 107–1 at 2 n.5.) Plaintiffs acknowledge that the "commonality between the Securities Action and the Consumer Actions is that they both concern Chrysler's alleged illegal use of defeat devices." (Pls.' Br. at 7, MDL No. 2777 (JPML Mar. 14, 2017), ECF No. 73.) Because this action and the actions pending in the MDL meet the standard under 28 U.S.C. § 1407—the actions involve "one or more common questions of fact" (*e.g.*, whether any of the vehicles at issue included "defeat devices," a critical, disputed question common to all of the actions)—"[c]entralization is warranted." (ECF

The Honorable Jesse M. Furman                                                                                                -4-

No. 107–1 at 2–3.) Indeed, in the Volkswagen MDL, the JPML consolidated both consumer *and securities* actions against Volkswagen raising emissions claims in a single MDL proceeding, because the securities cases "involve[d] questions of fact that are common to the actions previously transferred to the [Volkswagen MDL]." (ECF No. 107–3.)[4]

Plaintiffs mischaracterize both the JPML's prior ruling and the status of the MDL before Judge Chen. Plaintiffs' assertion in a footnote that the JPML held "that this Action 'is not appropriate for inclusion in this MDL'" is both incorrect and highly misleading. The JPML adopted *Defendants'* position to "delay transfer of *Pirnik* pending the outcome of [Defendants'] pending motion to dismiss the emissions-violations allegations," and would consider Plaintiffs' opposition "in the context of a motion to vacate a conditional transfer order." (ECF No. 107–1 at 2 n.5.) Plaintiffs also claim that if Judge Chen grants Defendants' motion to dismiss the consumer claims in the MDL, the securities action will be the only action remaining in the MDL if it is transferred there. Plaintiffs ignore that Defendants answered the complaint filed on behalf of the EPA and did not move to dismiss it. Plaintiffs acknowledged that the EPA's claims share common questions of fact with this securities action when Plaintiffs amended their complaint to incorporate the EPA's allegations. (*E.g.*, ECF No. 129 ¶¶ 6, 38–39, 374–75.)

During the pendency of JPML proceedings,[5] Defendants do not seek a blanket stay of emissions-related discovery in this action. The parties can update their initial disclosures as necessary to address the emissions claims, as well as exchange document requests and responses and objections regarding the emissions claims. Given the likelihood of transfer to the MDL, however, the MDL court should set all discovery-related deadlines in this action. "[T]here would be little purpose in entering a scheduling order while a conditional order of transfer is pending." Manual for Complex Litigation (Fourth) § 20.131. As Your Honor has recognized, courts should "ensure that motion practice and discovery with respect to common issues of fact and law are conducted as part of the[] MDL proceedings." *In re Gen. Motors LLC Ignition Switch Litig.*, 2015 WL 3619584, at *11 (S.D.N.Y. June 10, 2015). Thus, to avoid upending negotiations and discovery agreements in the MDL, and to avoid the risk of duplication of discovery, Plaintiffs should coordinate emissions-related discovery relevant to the securities claims with the Plaintiffs' Steering Committee and the EPA in the MDL. The parties in the

---

[4] *See also*, *e.g.*, *In re Prudential Ins.*, MDL No. 1061 (JPML Aug. 3, 1995), ECF No. 35 (consolidating securities action with common law fraud claims into a single MDL); *In re BP*, 734 F. Supp. 2d 1380, 1383 (JPML 2010) (consolidation to a single MDL "does not require a complete identity or even a majority of common factual and legal issues as a prerequisite to centralization"). In the cases cited by Plaintiffs, the JPML declined to consolidate not because the securities cases did not involve common questions of fact, but because of the "minimal number of actions involved." *In re Nutek Baby Wipes*, 96 F. Supp. 3d 1373, 1373 (JPML 2015) ("Defendants' motion encompasses only three actions pending in two districts."); *see In re Plasma Arc Techs. Inc.*, 856 F. Supp. 2d 1338, 1338 (JPML 2012) ("[A]t most, only five actions are pending in three districts."); *In re Nutella*, 804 F. Supp. 2d 1374 (JPML 2011) ("three actions pending in two districts"); *In re Medicare Fee Schedule*, 560 F. Supp. 2d 1344, 1345 (JPML 2008) ("[T]his litigation involves only two purported class actions.").

[5] Plaintiffs' assertion that "there is no timeline" for the JPML's determination is incorrect. The JPML holds regular hearings and, even assuming Plaintiffs oppose the tagging of this action to the MDL, the JPML will likely decide the matter at its regularly scheduled session in January.

The Honorable Jesse M. Furman                                                                                         -5-

MDL are currently in the early stages of negotiating document search protocols (*e.g.*, custodians, search terms, etc.), and although the parties to this securities action have been engaged in discovery concerning Plaintiffs' *safety recall claims*, emissions-related discovery has not yet begun because of the previously imposed PSLRA stay.  Given the early stages of emissions discovery across both actions, the Plaintiffs here should be required to participate in a joint process with the MDL plaintiffs, instead of proceeding solo, to ensure that emissions-related discovery relevant to the securities, consumer and EPA claims is coordinated.  Even in the unlikely event this case is not transferred to the MDL, coordination will ensure that discovery proceeds in a systematic way and without unnecessary duplication.[6]

As to class certification, the strong likelihood that this action will be transferred to the MDL weighs in favor of the MDL court setting class certification deadlines.  Your Honor previously granted Defendants' motion "request[ing] a continuance of deadlines relating to class certification" given the "potential transfer to MDL in San Francisco."  (ECF Nos. 107, 111.)  Although Plaintiffs suggest that there has been some delay caused by Defendants concerning class certification, Plaintiffs' operative complaint was filed just three months ago.  Given the new emissions allegations and extended putative class period, additional class certification discovery—including of the named plaintiffs, as well as expert discovery—will likely be required.  Although Defendants believe that the parties should proceed with that discovery (coordinated with the MDL plaintiffs, as appropriate), the MDL court should set the class certification deadlines.  *See Keir* v. *Unumprovident Corp.*, No. 02 Civ. 08781 (S.D.N.Y. June 23, 2003), ECF No. 35 (Cote, J.) (staying class certification to "permit the 'MDL' assigned judge to decide and control the class certification process").

Should this Court nonetheless set deadlines for class certification or discovery, Defendants request certain modifications to Plaintiffs' proposed schedule.  *First*, Defendants' class certification opposition deadline should be set for March 9, instead of February 2, to account for year-end holidays, which limit Defendants' time to prepare their opposition papers.  *Second*, Plaintiffs' proposed discovery deadlines should be harmonized, as appropriate, with any comparable deadlines in the MDL.  Specifically, the parties should (i) produce privilege logs on a periodic basis (based on the date of document productions), consistent with the privilege-log scheduling order entered in the MDL, *see* Stipulation Relating to Non-Waiver of Privileges and Production of Privilege Logs at 8–9, MDL No. 2777, ECF No. 246; and (ii) defer setting deadlines for completion of fact and expert discovery until the MDL court has set those deadlines.

We are available at the Court's convenience to discuss any of these matters.

---

[6] For example, Judge Chen has held that the parties in the MDL may not "begin taking depositions of fact witnesses" until April 6, 2018 (*i.e.*, the substantial completion of document production deadline), but the parties may take depositions prior to this date on certain threshold issues, including the "management and maintenance of documents."  Stipulated Discovery Schedule at 8, MDL No. 2777, ECF No. 227.  This is precisely the topic on which Plaintiffs in this action apparently seek to take a Rule 30(b)(6) deposition of one or more of the Defendants.  Any such deposition should be coordinated with the MDL plaintiffs to avoid wasteful duplication; witnesses should not be subject to multiple depositions on the same topic.

The Honorable Jesse M. Furman -6-

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| <u>*/s/ Jeremy A. Lieberman*</u> | <u>*/s/ Robert J. Giuffra, Jr.*</u> |
| Jeremy A. Lieberman | Robert J. Giuffra, Jr. |
| Pomerantz LLP | Sullivan & Cromwell LLP |
| 600 Third Avenue, 20th Floor | 125 Broad Street |
| New York, New York  10016 | New York, New York  10004 |
| (212) 661-1100 | (212) 558-4000 |
| jalieberman@pomlaw.com | giuffrar@sullcrom.com |
| **Counsel for Plaintiffs** | **Counsel for Defendants** |

cc:    All counsel of record (via ECF)

The Honorable Jesse M. Furman                                                                                          -7-

# EXHIBIT A

## *Plaintiffs' Proposed Pretrial Schedule*

<u>Class Certification</u>
- December 21, 2017:        Plaintiffs' Motion for Class Certification
- February 2, 2018:          Defendants' Opposition to Class Certification
- March 9, 2018:             Plaintiffs' Reply Brief

<u>Discovery</u>
- December 11, 2017:        Amended Initial Disclosures
- December 15, 2017:        Initial document requests
- February 2, 2018:          L.R. 33(a) interrogatories
- April 6, 2018:             Completion of fact discovery document production and production of privilege log
- July 13, 2018:             All fact discovery completed
- August 31, 2018:           All expert discovery completed
- September 21, 2018:       Defendants file summary judgment brief
- October 12, 2018:          Plaintiffs file opposition to summary judgment brief
- October 26, 2018:          Defendants file reply summary judgment brief
- November 16, 2018:        Pretrial conference