# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*
_____

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

March 14, 2018

Via ECF

The Honorable Jesse M. Furman,
　United States District Judge,
　　United States District Court for the Southern District of New York,
　　　Thurgood Marshall United States Courthouse,
　　　　40 Foley Square,
　　　　　New York, NY 10007.

　　　　　Re:　*Pirnik et al.* v. *Fiat Chrysler Automobiles N.V., et al.*,
　　　　　　　No. 15 Civ. 7199 (JMF)

Dear Judge Furman:

　　　　On behalf of Defendants Fiat Chrysler Automobiles N.V. and FCA US LLC (together, "FCA"), I respond to Plaintiffs' March 9, 2018 letter-motion ("Letter"; ECF No. 164) seeking thousands of e-mails from 15 additional custodians (none of whom is a senior executive at FCA) in connection with the safety recall claims, on top of the 15 safety recall custodians whose documents FCA has already searched for responsive documents. The Court should deny Plaintiffs' belated request to significantly expand the scope of document discovery.[1]

　　　　*First*, Plaintiffs' request comes far too late. FCA first disclosed to Plaintiffs the custodians from whom it would collect documents on **May 1, 2017** (Ex. 2)—and repeatedly disclosed its document custodians throughout the discovery process (Exs. 3–4)—but Plaintiffs did not raise any objection to FCA's custodian list until February 14, 2018 (Letter at 3). Plaintiffs have, moreover, known about the roles of these additional custodians within the FCA organization since **March 2017**, when FCA first produced organizational charts describing their positions in the company. (Ex. 5 (FCA-PIRNIK-000694419 to -420).) Plaintiffs even marked these organizational charts as deposition exhibits and took testimony about the responsibilities of 11 of the 15 proposed custodians in November of last year. (Ex. 6 (Freeman Dep.) at 20–43, 190–91, 198–99.) Plaintiffs nevertheless waited until shortly before the April 6, 2018 deadline for the "[c]ompletion of fact discovery document production" (ECF No. 144) to demand this

---

[1] To avoid burdening the Court with this discovery dispute, FCA offered to collect, review and produce additional documents on a targeted basis. (Ex. 1 (Mar. 6, 2018 e-mail)). Plaintiffs rejected that offer out of hand, insisting on the substantial expansion of document discovery they are seeking through their letter-motion.

substantial expansion of document discovery.  *See*, *e.g.*, *Colon* v. *City of New York*, 2014 WL 4100607, at *2–3 (S.D.N.Y. Aug. 20, 2014) (Furman, J.) (denying motion to compel at end of discovery period when there was "reason to believe that [plaintiff] has known about" the materials requested "for at least a few months"); *see also* Indiv. R. & P. 2.C ("**if a party waits until near the close of discovery to raise an issue that could have been raised earlier, the party is unlikely to be granted the relief that it seeks, let alone more time for discovery**") (emphasis in original).[2]  A few weeks' notice is insufficient to permit Defendants to collect, review and produce 15 custodians' documents, and there is no basis to extend discovery deadlines after more than 17 months of discovery.  *See Joye* v. *Psch, Inc.*, 2016 WL 3141659, at *4 n.2 (S.D.N.Y. June 3, 2016) (Pitman, J.) ("[A] discovery deadline date is the date on which discovery should be complete; it is not the last date on which a party can serve discovery requests.").

*Second*, the documents that Plaintiffs seek are likely "unreasonably cumulative or duplicative" of those already produced in this action.  Fed. R. Civ. P. 26(b)(2)(C)(i).  With respect to Plaintiffs' safety recall claims, FCA has already produced over 500,000 documents in response to Plaintiffs' document requests, including the documents for every single manager who oversaw the Recall Administration Group, all the way up to the CEO.  Indeed, FCA's production already includes approximately ***10,000*** documents reflecting communications with the additional proposed custodians, which is unsurprising given that the majority of these proposed custodians reported directly to the current custodians—whose documents Plaintiffs received many months ago—and the remainder worked closely with them on recall-related matters.  (Ex. 5 (FCA-PIRNIK-000694420); Ex. 6 (Freeman Dep.) at 20–43).)  Plaintiffs thus have not met their burden of "demonstrat[ing] that the additional requested custodians would provide unique relevant information not already obtained."  *Ft. Worth Emps.' Ret. Fund* v. *J.P. Morgan Chase & Co.*, 297 F.R.D. 99, 107 (S.D.N.Y. 2013) (Francis, J.) (denying request for additional custodians as cumulative where defendants already produced documents from custodians "on the relevant working group lists"); *Mortg. Resolution Servicing, LLC* v. *JPMorgan Chase Bank, N.A.*, 2017 WL 2305398, at *2 (S.D.N.Y. May 18, 2017) (Francis, J.) (denying request for additional custodian where "defendants' production already includes more than 5,300 email communications involving her").

*Third*, even assuming *arguendo* that Plaintiffs' application were timely and sought unique relevant information (and it does not), Plaintiffs' request is not "proportional to the needs of the case," Fed. R. Civ. P. 26(b)(1), because the marginal relevance of these additional documents is far outweighed by the burden of collecting, reviewing and producing them.  Plaintiffs cannot even meet their threshold burden of proving relevance, given that the proposed custodians had "no role in corporate decision-making or public disclosure," and their knowledge is not relevant to scienter.  *Barrett* v. *PJT Partners Inc.*, 2017 WL 3995606, at *7 (S.D.N.Y. Sept. 8, 2017) (Caproni, J.) (collecting cases); *see* Pls.' Br. at 23 (courts only "attribute[] the scienter of *management-level* employees to corporate defendants") (emphasis

---

[2]      Plaintiffs' assertion that they needed to review "voluminous consumer complaints and publicly filed documents" to identify these custodians is belied by their admission that they identified the custodians by the titles and sub-groups listed on the organizational charts FCA produced in March 2017.  (Letter at 1 & n.2.)

added), ECF No. 96.  And, Plaintiffs' theory—that the proposed custodians *might* have communicated their interactions with regulators to more senior employees verbally (Letter at 2–3)—is utterly speculative.  *See Harris* v. *Comp. Assocs. Int'l, Inc.*, 204 F.R.D. 44, 45 (E.D.N.Y. 2001) (Boyle, J.) ("When a party merely speculates as to what evidence would be produced upon further discovery, a court is correct in denying the party's request to allow more discovery.").  Taken to its logical conclusion, Plaintiffs' theory would unreasonably require FCA to produce the documents of every employee who ever had contact with any regulator.  *See Assured Guar. Mun. Corp.* v. *UBS Real Estate Sec. Inc.*, 2013 WL 1195545, at *3–4 (S.D.N.Y. Mar. 25, 2013) (Francis, J.) ("[M]ere membership on a particular committee is not sufficient, by itself, to justify designation as a custodian whose files must be reviewed.") (collecting cases).

Moreover, "[e]ven if the plaintiffs had cleared the hurdle of showing that the proposed additional custodians had some unique relevant information, discovery of [defendants'] files would not be warranted because the cost and burden would be disproportionate."  *Mortg. Resolution Servicing*, 2017 WL 2305398, at *3.  Plaintiffs assert that defendants cannot show burden without first collecting and processing the data from these custodians, and then running search terms to identify the scope of what will need to then be reviewed.  (Letter at 3.)  That is incorrect.  Merely gathering, processing and searching this information would itself cost more than $100,000.  (Ex. 7 (Hollinder Decl.) ¶¶ 5–8.)  Courts in this District routinely deny burdensome requests for additional custodians without requiring parties to run search terms.  *See, e.g.*, *Mortg. Resolution Servicing*, 2017 WL 2305398, at *3 (denying request for additional custodians based on "the cost of restoring the additional custodians' email mailboxes and deduplicating, culling, and reviewing the data").[3]

Although FCA respectfully submits that Plaintiffs' application is meritless, in accordance with Rule 2.D of Your Honor's Individual Rules, should the Court hold oral argument on this matter, an associate at our firm will argue on behalf of FCA.[4]

---

[3]   The out-of-circuit cases cited by Plaintiffs (Letter at 3 n.7) support Defendants' position, because, unlike in those cases, FCA has submitted a sworn declaration with "specific proof" of undue burden.  Two of the cases cited by Plaintiffs (Letter at 2 nn.4, 6) pre-date the 2015 amendments to Rule 26.  *See Assured Guar. Mun. Corp.* v. *UBS Real Estate Sec. Inc.*, 2012 WL 5927379, at *2 (S.D.N.Y. Nov. 21, 2012); *Capital Records, Inc.* v. *MP3Tunes, LLC*, 261 F.R.D. 44 (S.D.N.Y. 2009).  And in *Family Wireless #1, LLC* v. *Automotive Technologies, Inc.*, 2016 WL 2930887 (D. Conn. May 19, 2016), the court *rejected* plaintiffs' request for additional custodians who, like the proposed custodians here, were not "privy to or involved in any discussion of relevant topics," and only permitted discovery of custodians who "were on a committee that had a clear connection to the claims at issue in this matter."  *Id.* at *3–4.

[4]   In addition, the documents of at least one proposed custodian—Ms. Sharon Books—are outside of FCA's "possession, custody, or control," Fed. R. Civ. P. 34(a)(1), because Ms. Books was employed by a third party named Aditya Birla Minacs, not FCA.  (Ex 8 (FCA-PIRNIK-000834468).)  It is black letter law that "a party does not have an obligation to seek documents from third parties."  *Monroe* v. *Geo Grp.*, 2017 WL 3973942, at *7 (S.D.N.Y. Sept. 7, 2017) (Ramos, J.).

The Honorable Jesse M. Furman                                                                                  -4-

                                                                  Respectfully,

                                                                  */s/ Robert J. Giuffra, Jr.*

                                                                  Robert J. Giuffra, Jr.

cc:     All counsel of record (via ECF)