March 28, 2018

**VIA ECF**

The Honorable Jesse M. Furman
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

*Re:  Koopmann et al. v. Fiat Chrysler Automobiles N.V.et al.,* **1:15-cv-07199-JMF (S.D.N.Y.)**

Dear Judge Furman:

On behalf of Plaintiffs, we write in response to Defendants' request for (i) an evidentiary hearing with testimony from the parties' economic experts, and (ii) leave to file a sur-reply. ECF No. 173. Defendants' request should be denied.

The Second Circuit does not require or "encourage" evidentiary hearings on motions for class certification:

> In requiring courts "to assess all of the relevant evidence admitted at the class certification stage," to "resolve[] factual disputes relevant to each Rule 23 requirement," and to "find[] that whatever underlying facts are relevant to a particular Rule 23 requirement have been established," we did not prescribe any particular way of proceeding. ***To the contrary, we emphasized that district courts retain "ample discretion" to limit discovery and "the extent of the hearing" on Rule 23 issues.***

*Teamsters Local 445 Freight Div. Pension, Fund v. Bombardier Inc.*, 546 F.3d 196, 204 (2d Cir. 2008) (citations omitted); *see also Heerwagen v. Clear Channel Communications*, 435 F.3d 219 (2d Cir. 2006) (noting that "[t]he amount of discovery" granted on class certification issues "is generally left to the trial court's considerable discretion").  The Second Circuit "require[s] only that a court "receive enough evidence, by affidavits, documents, or testimony, to be satisfied that each Rule 23 requirement has been met." *Bombardier Inc.*, 546 F.3d 196 citing *Miles v. Merrill Lynch & Co., (In re Initial Pub. Offerings Sec. Litig.)*, 471 F.3d 24, 41 (2d Cir. 2006) (explaining that in determining class certification, "a district judge has ample discretion to circumscribe both the extent of discovery concerning Rule 23 requirements and the extent of a hearing to determine whether such requirements are met").

Evidentiary hearings on class certification are exceedingly rare in securities class actions. In each of the cases cited by Defendants, many of which are not securities class actions, there was either a material dispute between the experts or a motion to exclude an expert's testimony. Here, there is neither. The only two issues that Defendants raise in opposition to class certification are (i) whether the alleged false statements had zero price impact, and (ii) whether the damages model described by Plaintiffs' expert, Dr. Zachary Nye, is consistent with Plaintiffs' theory of liability as required by *Comcast Corp.* v. *Behrend*, 569 U.S. 27 (2013).  Defendants' expert, Dr. Paul Gompers, has provided no price impact opinion, and all his other opinions utilize Dr. Nye's event study. Thus, there is no factual dispute on price impact. Similarly, there is

no material dispute between the experts as to the "event study" damages model Dr. Nye has proposed. Whether the model complies with *Comcast* is a legal question for which no evidentiary hearing is necessary. Tellingly, Defendants do not identify any specific dispute between the experts that necessitates an evidentiary hearing.

Nor should Defendants be permitted to submit sur-reply brief. Plaintiffs' motion for class certification, and Dr. Nye's initial expert report, addressed market efficiency, which Plaintiffs have the burden of proving. Defendants were provided an opportunity to respond to Plaintiffs' motion and Dr. Nye's opinions on market efficiency as well as proffer evidence concerning lack of price impact, which Defendants' have the burden of proving. Dr. Nye's rebuttal report submitted with Plaintiffs' reply brief responds to Defendants' arguments concerning price impact.[1] Thus, it does not contain improper "new arguments." It is standard practice on class certification in securities class actions to submit an expert rebuttal report addressing the defendants' expert's report. Each party had an opportunity to respond to the evidenced proffered by the opposing party in support of the issues for which they had the burden of proof. Defendants chose not to have Dr. Gompers provide any opinion on price impact. They cannot do so now. As for the *Comcast* issue, Defendants dedicated only a page and a half to the *Comcast* issue in their 25-page opposition brief. They cannot now be permitted an additional 10 pages for an argument that they half-heartedly asserted.

Defendants are wrong in asserting that Plaintiffs have failed to comply with this Court's requirement that all memoranda be "double spaced." As explained in the acclaimed book, *Typography For Lawyers*:

> "***Line Spacing:*** Most courts adopted their line-spacing standards in the typewriter era. That's why court rules usually call for double-spaced lines. On a typewriter, each line is the height of the font, thus double spacing means twice the font size. ***So if you're required to use a 12-point font, double line spacing means 24 points***. ***Curiously, the so-called "double" line-spacing option in your word processor doesn't produce true double line spacing. Microsoft Word's "double" spacing, for instance, is about 15% looser, and it varies depending on the font. To get accurate spacing, you should always set it yourself, exactly***."

Matthew Butterick, *Typography For Lawyers* (2d ed. 2015) (emphasis supplied). The Court's format requirements should not be defined by what a particular software manufacturer chooses to identify as "double" spacing, but rather should incorporate the simple arithmetic concept of twice the height of the required font size. While the power and influence of Microsoft is certainly vast, it cannot change fundamental arithmetic that "double" means multiplying something by two. Plaintiffs' memorandum of law, which uses 12-point font in accordance with this Court's rules, was drafted with line spacing set to "exactly 24 point." It is fully compliant.[2]

---

[1] Citations to case law in Dr. Nye's rebuttal report are there to provide context for his economic opinions. Dr. Nye is not providing any legal opinions. Moreover, Dr. Nye is not testifying in front of a jury. The Court is free to ignore any case law citations in Dr. Nye's report if it so chooses.

[2] Counsel for Plaintiffs could have explained this to Defendants' counsel if they had raised this issue, or their request for a sur-reply, when they called to seek consent for an evidentiary hearing.

Respectfully submitted,

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
Michael J. Wernke
Veronica V. Montenegro
POMERANTZ LLP
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665

Patrick V. Dahlstrom
POMERANTZ LLP
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone:  (312) 377-1181
Facsimile:  (312) 377-1184                      `

*/s/ Laurence M. Rosen*
Laurence M. Rosen
Phillip Kim
Sara Fuks
THE ROSEN LAW FIRM, P.A.
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone:  (212) 686-1060
Facsimile:  (212) 202-3827

*Co-Lead Counsel for Plaintiffs*


cc:      All counsel (by ECF)