May 7, 2018

**VIA ECF**

The Honorable Jesse M. Furman
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:  *Koopmann et al. v. Fiat Chrysler Automobiles N.V.et al.*, **1:15-cv-07199-JMF (S.D.N.Y.)**

Dear Judge Furman:

      Pursuant to Rule 2.C of Your Honor's Individual Rules of Practice, we write on behalf of Plaintiffs to request a conference with the Court to request an Order granting Plaintiffs leave to take up to 40 depositions in the above-captioned Action and to propound 24 additional interrogatories. The parties met and conferred via telephone or email on April 18, 23, 24, 27, 30, May 1-3, 2018 on these matters and were unable to reach an agreement. Defendants object to any additional interrogatories and have stated that they will stipulate to no more than 15 depositions.

      Under Rule 30(a) of the Federal Rules of Civil Procedure, any party who wishes to conduct more than 10 depositions without stipulation by the opposing party must seek leave of the court. Fed. R. Civ. P. 30(a)(2)(A)(i). The court must grant a request to exceed 10 depositions unless the additional depositions would be unreasonably cumulative or duplicative, the requesting party had a prior opportunity in discovery to obtain the information sought, or the burden or expense of additional depositions would outweigh any likely benefit. Fed. R. Civ. P. 26(b)(2)(C); *Raniola v. Bratton*, 243 F. 3d 610, 628 (2d Cir. 2001).

      This complex securities class action warrants at least 40 depositions. First, there are five individual defendants and the Class Period spans more than two and a half years (with relevant facts covering approximately five years) and concerns two distinct set of facts (vehicle safety and vehicle emissions), which were handled by separate groups at Chrysler. Approximately 450 individuals worked in these various groups at Chrysler. The emissions portion of the case alone encompasses at least 12 large and complex groups, comprising over 400 individuals with zero overlap with the groups that handled the recalls. [1] Defendants have produced documents from over 150 custodians, thereby acknowledging these individuals' relevance.  Additionally, Defendants have produced over 1.9 million pages (over 600,000 documents). Notably, in the MDL, Defendants stipulated to 70 depositions.  This fact belies any argument that Plaintiffs' request here is unreasonable.  This is especially so given that this case concerns the wholly distinct factual issue of vehicle safety.[2] If the vehicle safety and emissions claims were brought as separate actions, *each* would be permitted a *minimum* of 10 depositions (20 total).[3]

---

[1] *See* Declaration of Jeremy A. Lieberman, Ex. 1; Ex. 2; Ex. 3.
[2] While additional Chrysler and Bosch entities are defendants in the MDL, whether an entity is a defendant is irrelevant to whether that entity or its employees have information relevant to this Action. The underlying facts concerning emissions in both actions are the same. The MDL Panel denied Defendants' motion to transfer because the *legal* issues were different and this action also concerns vehicle safety issues. MDL ECF No. 154.
[3] Notably, Defendants themselves identified 25 individuals directly knowledge about the claims in this case. Ex. 4. (Defendants' Amended Initial Disclosures Pursuant to Rule 26(a)(1), dated December 11, 2017).

Second, there was a high level of turnover in Chrysler's vehicle safety office during the period covering the 23 recalls, increasing the number of necessary depositions. For example, four different individuals have held the position of Manager of the Product Investigations & Campaigns which oversees the Recall Administration Group, i.e., the group in charge of effectuating the recalls. Two individuals who oversaw the Recall Administration Group before reorganization in 2014 were replaced by two others.  Two individuals have held the position of Head of the Vehicle Safety and Regulatory Compliance which reported directly to Sergio Marchionne.  Finally, one individual who worked in Recall Administration left his position earlier in the relevant period, while three individuals began working later in the period.[4]

Defendants argue that the only relevant deponents are Chrysler's executive officers and the individual defendants because only these individuals' scienter is relevant. This is wrong. First, Plaintiffs must prove the falsity of Defendants' statements concerning vehicle safety and emissions. To do so they will need to depose individuals with knowledge of how the 23 recalls were performed and how the diesel engines were developed, programmed and tested, and individuals who communicated with Chrysler's regulators. Second, the knowledge of middle management is relevant to establishing corporate scienter. *See In re iDreamSky Tech. Ltd. Sec. Litig.*, 2017 U.S. Dist. LEXIS 24786, *19 (S.D.N.Y. Feb. 22, 2017). "[I]t is possible to draw a strong inference of corporate scienter without being able to name the individuals who concocted and disseminated the fraud." *Teamsters Local 445 Freight Div. v. Dynex Capital Inc.*, 531 F.3d 190, 195-96 (2d Cir. 2008) (citation omitted).  Establishing knowledge of lower level employees and working up through management is standard practice in any securities action. Notably, during the meet and confer process, Plaintiffs provided Defendants with a list of 36 potential emissions deponents and asked Defendants' counsel to identify which they thought were unnecessary. Defendants refused to identify even one.[5]

Plaintiffs' request is consistent with countless securities fraud cases in this and other districts.  *See In re Lehman Brothers Sec. and ERISA Litig.,* No. 09-md-02017 (LAK) (GWG), Dkt. No. 1130 (S.D.N.Y. Jan. 23, 2013) (coordinated class action allowing 80 deposition days for plaintiffs in the coordinated actions and allowing plaintiffs in the individual actions to attend and examine witnesses at the depositions and delineating a plan whereby individual action plaintiffs can depose additional witnesses unique to their actions); *In re Bank of Am. Corp. Sec. Derivative, and Emp. Retirement Income Sec. Act (ERISA) Litig.,* No. 09-MD-2058 (PKC), Dkt. 453 (S.D.N.Y. Sept. 7, 2011) (permitting plaintiffs 38 depositions); *In re Pfizer Sec. Litig.,* No. 04-cv-09866 (LTS) (HBP), Dkt. No. 223 (S.D.N.Y. Aug. 20, 2010) (permitting 600 hours of depositions); *In re Juniper Networks, Inc. Sec. Litig.,* No. 06-cv-04327 (JW), Dkt. No. 179 (N.D. Cal. Nov. 20, 2008) (permitting 30 depositions); *In re Parmalat Sec. Litig.,* No. 04-cv-0030 (LAK) (HBP), Dkt. No. 414 (S.D.N.Y. Mar. 6, 2006) (permitting 900 hours of depositions); *Nursing Home Pension Fund v. Oracle Corp.,* No. 01-cv-00988 (MJJ), Dkt. No. 246 (N.D. Cal. Mar 10, 2005) (permitting 38 depositions in a case with about 20 custodians).

---

[4] For the reasons stated above, the requested 40 depositions are also warranted when applying the "benefits versus burdens" approach of Rule 26(B)(2).
[5] To date, Plaintiffs have taken three depositions and noticed another 27, involving recall and emissions issues, identified 17 additional Chrysler employees and the names of third-party entities that they are considering deposing. There are currently depositions of vehicle safety witnesses scheduled for May 15, 17, 23 30 and June 1.

Plaintiffs' request is also timely. The document production deadline was April 6 and the fact discovery deadline is not until July 13, 2018.  Defendants continue to produce documents, including a voluminous production of approximately 200,000 pages on April 27, 2018. Defendants' counsel previously advised Plaintiffs' counsel that 25 of 33 potential vehicle safety witnesses (including all of the management-level witnesses) possessed "knowledge that may at least potentially be relevant" to the emissions-related claims. Therefore, Plaintiffs had to review the emissions document productions prior to noticing these depositions. However, it is now apparent that few of those individuals had knowledge of the emissions issues.  Still, the need to perform this review prevented Plaintiffs from scheduling most depositions earlier.

Plaintiffs are limiting their request to 40 depositions because of the July 13, 2018 fact discovery deadline set by the Court. Plaintiffs are willing to coordinate with the depositions in the MDL. However, this has been hindered by the refusal of Defendants and the MDL plaintiffs to provide needed information. On March 20, Plaintiffs' counsel asked Defendants' counsel whether any depositions had been scheduled in the MDL. Defendants' counsel refused to provide this information, stating "[t]o the extent you would like to participate in depositions in that action, you should coordinate with the Plaintiffs' Steering Committee." Ex. 5.  Plaintiffs' counsel contacted the Plaintiffs' Steering Committee as well as counsel for EPA/DOJ. Neither was willing to identify the noticed depositions. It was not until May 3 that Defendants finally provided a list of depositions noticed in the MDL. Ex. 6.  Only 27 of the 70 depositions in the MDL have been noticed, and only three are scheduled to occur before the July 13, 2018 (the rest have not been scheduled). While Plaintiffs are willing to participate in those depositions rather than taking separate depositions, there are numerous individuals that Plaintiffs need to depose that are not among the 27 noticed (including the individual defendants). Moreover, Defendants' position is that Plaintiffs' mere presence at any MDL deposition will count against Plaintiffs' depositions in this action. Ex. 7.  Thus, according to Defendants, even if all 70 MDL emissions depositions occurred prior to July 13, Plaintiffs could only attend at most 15 (assuming Plaintiffs do not take any vehicle safety depositions).

Plaintiffs request permission to take up to 40 depositions independent of the depositions that they may attend in the MDL. In the alternative, Plaintiffs request permission for up to 280 hours of deposition questioning by Plaintiffs' counsel (whether at an MDL deposition or in an independent deposition). The specific individuals whom Plaintiffs seek to depose and the unique relevance of their anticipated testimony are set forth on the accompanying "Schedule of Necessary Deposition Witnesses." Ex. 8. If the Court so desires, Plaintiffs are prepared to submit the referenced documents (which they will file under seal per the Protective Order). ECF No. 94.

*****

Essentially for the same reasons for Plaintiffs' request to increase the deposition limit – the breadth of the matters at issue and the complexity of this Action, Plaintiffs request permission to propound an additional 24 interrogatories.  Plaintiffs in the MDL are permitted 55 interrogatories per defendant on emissions issues only. Plaintiffs have served a total of 26 interrogatories. Defendants argue that Plaintiffs have served 49 because Defendants chose to treat Rule 30(b)(6) deposition topics as interrogatories.  Plaintiffs do not agree that Defendants are permitted to unilaterally count Rule 30(b)(6) topics as counting against the number of interrogatories. Regardless of the counting dispute, Plaintiffs' request for an additional 24 interrogatories is reasonable given the nature of this Action.

Respectfully submitted,

*/s/Jeremy A. Lieberman*
Jeremy A. Lieberman
Michael J. Wernke
Veronica V. Montenegro
POMERANTZ LLP
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665

Patrick V. Dahlstrom
POMERANTZ LLP
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone:  (312) 377-1181
Facsimile:  (312) 377-1184             `

*/s/ Laurence M. Rosen*
Laurence M. Rosen
Phillip Kim
Sara Fuks
THE ROSEN LAW FIRM, P.A.
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone:  (212) 686-1060
Facsimile:  (212) 202-3827

*Co-Lead Counsel for Plaintiffs*


cc:      All counsel (by ECF)

4