May 21, 2018

**VIA ECF**

The Honorable Jesse M. Furman
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

*Re: Koopmann et al. v. Fiat Chrysler Automobiles N.V. et al.,* **1:15-cv-07199-JMF (S.D.N.Y.)**

Dear Judge Furman:

      Pursuant to Rule 2.C of Your Honor's Individual Rules of Practice, we write on behalf of Lead Plaintiffs Gary Koopmann and Timothy Kidd and Plaintiff Victor Pirnik (collectively, "Plaintiffs") to request an informal conference with the Court to resolve a discovery dispute between the parties in the above-captioned Action. Counsel for Plaintiffs and Defendants Fiat Chrysler Automobiles, N.V., FCA US LLC (collectively "Chrysler"), Sergio Marchionne, Scott Kunselman, Michael Dahl, Steve Mazure and Robert E. Lee (collectively "Defendants," and together with Plaintiffs, the "Parties") met and conferred via telephone or email on May 14, 2018, May 16, 2018, May 17, 2018 and May 18, 2018 and were unable to reach an agreement.

      The Parties' discovery dispute concerns Defendants' refusal to produce deposition transcripts and exhibits for the depositions that will take place in the *In re Chrysler-Dodge-Jeep Ecodiesel Marketing, Sales Practices, and Products Liability Litigation,* MDL 2777 ("MDL") pursuant to Defendants' obligation to produce documents in response to Lead Plaintiffs' Second Request for Production of documents ("RFP"), dated December 15, 2017.

      On December 15, 2017, Plaintiffs served their RFP on Defendants for documents concerning the emissions-related allegations.[1] In the RFP, Plaintiffs requested "All documents produced in the Government Action."[2] In response to this RFP, Defendants agreed to produce "(3) other responsive documents produced by FCA in the Emissions MDL…"[3] Accordingly, because the RFP requests are continuing and because Defendants have an ongoing duty to supplement their production, Defendants are required to produce the transcripts of the upcoming depositions scheduled in the MDL. Because there is a direct overlap of emissions issues in the MDL and in this Action, the transcripts of depositions taken in the MDL are extremely relevant

      Rule 26(b) permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." It is axiomatic that the federal rules concerning discovery are afforded a "broad and liberal construction." *Shahzad v. Cnty. Of Nassau*, No. 13 Civ. 2268 (SJF) (SIL), 2014 U.S. Dist. LEXIS 136575, at *8-9 (E.D.N.Y. Sep. 26, 2014)

---

[1] *See* Declaration of Jeremy A. Lieberman, Ex. 1) (Lead Plaintiff's Second Request for Production of Documents, dated December 15, 2017) (all subsequent "Ex." references are to the Lieberman Decl. filed contemporaneously herewith).
[2] Ex. 1 (Request No. 1). The term "documents" is defined to include deposition transcripts.
[3] Ex. 2 (Defendants' Responses and Objections to Lead Plaintiffs' Second Request for Production of Documents, dated January 22, 2018).

(quoting *Anderson v. Sposato*, No. 11 Civ. 55563 (SJF)(WDW), 2014 U.S. Dist. LEXIS 25383 (E.D.N.Y. Feb. 26, 2014)); *see Ambac Assur. Corp. v. Adelanto Pub. Util. Auth.*, No. 09 Civ. 5087 (JFK), 2012 U.S. LEXIS 64086, at *14 (S.D.N.Y. May 7, 2012) (same). Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Defendants do not dispute that the deposition transcripts are relevant and that their production would not be burdensome.

Defendants have advanced two arguments in refusing production of the deposition transcripts. First, Defendants assert that the deposition transcripts are not really documents (and hence not subject to a document request for production) but are instead actual depositions. They argue that because this Court granted Plaintiffs leave to take only 20 depositions, the production of a deposition transcript should be treated as if it were an actual deposition that Plaintiffs noticed and conducted questioning at and should therefore "count" against that limit. Therefore, Defendants said that they will agree to produce deposition transcripts only for depositions which Plaintiffs attend. Obviously, if Plaintiffs attended and participated in a deposition they would be entitled to the transcript thereof. Second, Defendants argue that even if treated as documents the transcripts are not responsive to the RFP requests because: (i) Defendants agreement to produce "other responsive documents produced by FCA in the Emissions MDL" did not mention transcripts, and (ii) the transcripts did not exist at the time Plaintiffs' RFP was served and Defendants objected to the RFP's relevant time period (January 1, 2010 through the present). Defendants argue that if Plaintiffs want to request the deposition transcripts they will have to serve a new document request for production covering this later time period.

Defendants' arguments are unavailing. First, deposition *transcripts* are by definition documents, not depositions. A deposition to which Plaintiffs did not attend and hence did not have an opportunity to question the witness cannot count as a deposition. Under Defendants' definition of what counts as a deposition, production of deposition transcripts, even for depositions that took place years before a litigation was commenced, would count towards a party's deposition limit. This is untenable. *See e.g., Apple Inc. v. Samsung Elecs. Co., Ltd.*, No. C11-1846 LHK (PSG), 2012 U.S. Dist. LEXIS 51884, at *27 (N.D. Cal., Apr. 12, 2012) ("Nor does the production of these deposition transcripts after the fact create an end-run around the 250-hour limit on depositions in this case. If this were the case, the production of deposition transcripts — or for that matter any form of discovery response — from other related actions from which Apple readily agreed to produce transcripts similarly would threaten the limits imposed by the court and the federal rules on discovery in the instant action."). More importantly, Defendants do not dispute the relevance of the deposition transcripts and "[c]ourts have ordered production of deposition transcripts in litigation involving substantially similar claims and issues." *In re Intuitive Surgical Sec. Litig.*, No. 5:13-cv-01920 EJD (HRL), 2016 U.S. Dist. LEXIS 132699, at *4 (N.D. Cal. Sept. 27, 2016); *see Apple Inc. v. Samsung Elecs. Co., Ltd.*, 2012 U.S. Dist. LEXIS 51884, at *27 (compelling production of transcripts from litigation having a "technological nexus" to the lawsuit); *Transamerica Life Ins. Co. v. Moore*, 274 F.R.D. 602 (E.D. Ky. 2011) (granting motion to compel production of deposition transcripts of plaintiff's employees who testified in similar litigation); *Waters v. Earthlink, Inc.*, No. 01-11887-REK, 2004 U.S. Dist. LEXIS 31268, at *6 (D. Mass, Dec. 1, 2004) (concluding that the plaintiff met the "low relevance standard" for discovery of deposition transcripts from "a case involving similar claims and facts to the case at bar."); *Carter-Wallace, Inc. v. Hartz Mountain*

*Indus., Inc.*, 92 F.R.D. 67, 70 (S.D.N.Y. 1981) (ordering production of deposition transcripts from litigation "involv[ing] substantially similar allegations" that "occurred during overlapping periods of time.").

Second, the fact that Defendants' objected to the relevant time period set forth in the RFP's and the fact that the deposition transcripts did not exist at the time the RFP was served is no barrier to production. Precisely because the deposition transcripts did *not* exist at the time the RFP's was served (or even now for that matter) it would have been impossible for Plaintiffs to contemplate an answer to Defendants' objection. Furthermore, the fact remains that Defendants agreed to produce all documents produced in the MDL. This encompasses deposition transcripts. Rule 26(e) requires a party to supplement or correct its prior disclosures or responses, whether the previously omitted information was known at the time of the initial response or was later acquired. *See Spears v. First Am. Eappraiseit*, No. 5:08-cv-00868 RMW (HRL), 2014 U.S. Dist. LEXIS 82527 (N.D. Cal. June 17, 2014) (finding that there is a duty to supplement production with deposition transcripts from a related litigation which were created after the document request was served); *Robbins & Myers, Inc. v. J.M. Huber Corp.*, 274 F.R.D. 63, 73-80 (W.D.N.Y. 2011) (examining the text of Fed. R. Civ. P. 26(e) and its history). Defendants' argument that the transcripts are not included in their agreement to produce "documents produced by FCA in the Emissions MDL" is facially invalid. In any event, the question is not whether Defendants already agreed to produce the transcripts but whether they should be required to produce the transcripts because they are relevant and responsive to the RFP.

While Plaintiffs could serve another document request asking specifically for production of the deposition transcripts, it would needlessly delay these proceedings. When Plaintiffs' counsel asked Defendants' counsel if they would produce the transcripts in response to the contemplated request or would they take the 30 days allowed by Rule 34 to respond and object to this document request, Defendants' counsel was noncommittal. Because time is of the essence – with a looming close of fact discovery of July 13, 2018 and with three depositions of interest to Plaintiffs already scheduled[4] – Plaintiffs believed it more appropriate to raise this dispute with the Court. *See generally Official Comm. of Unsecured Creditors of Hechinger Inv. Co. of Del., Inc. v. Friedman (In re Subpoena Issued to Dennis Friedman)*, 350 F.3d 65, 69 (2d Cir. 2003) ("[T]he federal rules give district courts broad discretion to manage the manner in which discovery proceeds."). At this stage in discovery, Defendants' refusal to even entertain production of the deposition transcripts without a specific document request is an obvious delay tactic. Finally, Defendants do not argue that production of the deposition transcripts is burdensome. Because the transcripts are relevant, and Defendants do not advance a burden argument, the deposition transcripts should be produced.

Respectfully submitted,

*/s/Jeremy A. Lieberman*_____
Jeremy A. Lieberman
Michael J. Wernke
Veronica V. Montenegro

---

[4] Spencer Schipper for May 21, 2018; Kasser Jaffri for June 6, 2018; Douglas Stander for June 12, 2018.

POMERANTZ LLP
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665

Patrick V. Dahlstrom
POMERANTZ LLP
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone:  (312) 377-1181
Facsimile:  (312) 377-1184                       `

*/s/ Laurence M. Rosen*
Laurence M. Rosen
Phillip Kim
Sara Fuks
THE ROSEN LAW FIRM, P.A.
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone:  (212) 686-1060
Facsimile:  (212) 202-3827

*Co-Lead Counsel for Plaintiffs*


cc:      All counsel (by ECF)