```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
VICTOR PIRNIK, individually and on behalf of all                        :
others similarly situated,                                              :
                                                                        :
                                    Plaintiff,                          :
                                                                        :
                    -v-                                                 :
                                                                        :
FIAT CHRYSLER AUTOMOBILES, N.V., et al.,                                :
                                                                        :
                                    Defendants.                         :
                                                                        :
------------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/04/2018

15-CV-7199 (JMF)

MEORANDUM OPINION
AND ORDER

JESSE M. FURMAN, United States District Judge:

In this securities fraud putative class action, familiarity with which is presumed, there are now pending two letter motions raising discovery disputes. (Docket Nos. 203 and 204). Upon review of the parties' letters, the Court concludes that there is no need for a conference.

In the first letter motion, Lead Plaintiffs Gary Koopmann and Timothy Kidd and Plaintiff Victor Pirnik (collectively, "Plaintiffs") challenge Defendants' refusal to produce deposition transcripts and exhibits for the depositions that will take place in the *In re Chrysler-Dodge-Jeep Ecodiesel Marketing, Sales Practices, and Products Liability Litigation,* MDL 2777 ("MDL"), now pending in the Northern District of California. (Docket No. 203). Substantially for the reasons stated in Defendants' response (Docket No. 205), Plaintiffs' letter motion is denied. The Court agrees with Defendants that the transcripts of depositions not yet taken in another action are not responsive to Plaintiffs' December 15, 2017 Request for Production, which sought all documents "*produced*" in connection with the MDL and called for documents up to the date of the requests. (*See id.* at 2-3). Given that, the request is denied as both untimely and a

transparent effort to do an end run around the Court's Order of May 14, 2018, which limited the number of depositions that Plaintiffs may take in this action. (*See* Docket No. 200).

In the second letter motion, Defendants challenge Plaintiffs' refusal to disclose the identities of those who communicated with Plaintiffs' purported "Confidential Witnesses" ("CWs") referred to in the Fourth Amended Complaint (the "FAC") and the dates of such communications. (Docket No. 204). Defendants' request is premised on a sworn declaration from Alex Crabb — who is apparently referred to in the FAC as "CW1" — stating that the statements attributed to him in the FAC "do not accurately reflect" his statements to a "man identifying himself as a 'counselor'" for Plaintiffs. (*Id.* at 1). Although Plaintiffs dispute the extent to which Mr. Crabb's declaration casts doubt on the statements attributed to him in the FAC (*see* Docket No. 206, at 2-3), the Court concludes that his declaration raises sufficient cause for concern and thus further inquiry. To that end, Plaintiffs shall promptly disclose to Defendants the identities of those who communicated with the CWs. *Cf. In re Millennial Media, Inc. Sec. Litig.*, No. 14-CV-7923 (PAE), 2015 WL 3443918, at *4, *6-12 (S.D.N.Y. May 29, 2015) (ordering disclosure of information concerning the plaintiffs' contacts with purported confidential witnesses based on declarations from several purported confidential witnesses); *City of Pontiac Gen. Emps.' Ret. Sys. v. Lockheed Martin Corp.*, 952 F. Supp. 2d 633, 636–37 (S.D.N.Y. 2013) (requiring the "plaintiff's investigator . . . to give testimony" concerning contacts with purported confidential witnesses based on evidence that several of the confidential witnesses had "'recanted' statements attributed to them in the Amended Complaint"); *FDIC v. Wachovia Ins. Servs., Inc.*, No. 3:05-CV-929 (CFD), 2007 WL 1424304, at *1 (D. Conn. May 10, 2007) (compelling a response to an interrogatory seeking to "identify all investigators . . . whose services you have engaged in connection with the facts and matters in the Complaint").

That said, Plaintiffs need not disclose the dates of such communications at this time. Plaintiffs contend that Local Rule 33.3(a) "does not permit discovery into the dates of communications," that disclosure of such information "would reveal the roadmap of Plaintiffs' counsel's methods and strategies in prosecuting this very action *after it had begun*," and that "[p]roviding this information would also be burdensome." (Docket No. 206, at 1-2). Whatever the merit of those arguments, Defendants fail to explain why the dates of all communications between representatives of Plaintiffs and the CWs are relevant and why disclosure would be proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1).

The Clerk of Court is directed to terminate Docket Nos. 203 and 204.

SO ORDERED.

Dated: June 4, 2018
New York, New York

_____
JESSE M. FURMAN
United States District Judge