August 1, 2018

<u>Via ECF</u>

The Honorable Jesse M. Furman,
   United States District Judge,
      United States District Court for the Southern District of New York,
         40 Foley Square,
           New York, New York 10007.

        Re:   *Pirnik et al.* v. *Fiat Chrysler Automobiles N.V., et al.*,
               <u>No. 15 Civ. 7199 (JMF)</u>

Dear Judge Furman:

    On behalf of the parties in the above-referenced action, we write in response to Your Honor's July 26, 2018 Order (ECF No. 237) to provide an update on the parties' efforts to agree to discovery to replace the previously scheduled deposition of Sergio Marchionne, as well as to address any other implications Mr. Marchionne's death has for the case given that he was a named Defendant.

    **Replacement Discovery**

    The parties continue to work toward a resolution of this discovery issue and have made progress since the parties' last report. While the parties continue to discuss this issue, the parties agree that expert discovery should move forward. To that end, the parties agree that Plaintiffs' expert reports should be served by August 15, 2018, and all other deadlines should follow at the same intervals as previously ordered by the Court.

    The proposed revised schedule is as follows:

- August 15, 2018: Plaintiffs serve their expert reports;
- September 12, 2018: Defendants depose Plaintiffs' experts and serve Defendants' expert reports;
- September 26, 2018: Plaintiffs depose Defendants' experts; completion of expert discovery;
- October 17, 2018: Defendants serve their motion for summary judgment;
- November 7, 2018: Plaintiffs serve their opposition to Defendants' motion for summary judgment; and
- November 21, 2018: Defendants serve their reply in support of their motion for summary judgment.

Further, if the parties are unable to reach agreement concerning the discovery to replace the previously scheduled deposition of Mr. Marchionne, the parties will file a joint letter concerning this discovery matter by August 13, 2018.

**Other Implications from Mr. Marchionne's Death**

Plaintiffs state the following: as a result of Mr. Marchionne's death, the action against him will continue against either a successor or representative of Mr. Marchionne. Fed. R. Civ. P. 25(a)(1) provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Accordingly, Fed. R. Civ. P. 25(a)(1) provides for a 90-day period from suggestion of death for a motion for substitution to be made. *Roe v. City of New York*, No. 00 CIV.9062 (RWS), 2003 WL 22715832, at *1 (S.D.N.Y. Nov. 19, 2003).

On July 25, 2018, the parties filed a letter informing the Court of Mr. Marchionne's death. (Dkt. No. 236). Accordingly, the parties agree that the deadline for any motion for substitution is October 23, 2018.

Plaintiffs also submit that the claim against Mr. Marchionne is not extinguished by his death because it is remedial and not penal in nature. "[U]nder federal common law, a federal [claim] survives the death of a party if it is remedial and not penal in nature." *Lai Yoong Low v. Tian Yu Inc.*, No. 12 CIV. 7237 HBP, 2015 WL 1011699, at *3 (S.D.N.Y. Mar. 9, 2015) quoting *Int'l Cablevision, Inc. v. Sykes,* 172 F.R.D. 63, 67 (W.D.N.Y. 1997). Pursuant to Fed. R. Civ. P. 25, a proper party for substitution is "either (1) a successor of the deceased party [—] a distributee of an estate if the estate of the deceased has been distributed at the time the motion for substitution has been made, or (2) a representative of the deceased party [—] a person lawfully designated by state authority to represent the deceased's estate." *Lai Yoong Low*, 2015 WL 1011699, at *3 (internal quotations and citations omitted).

Rule 25 provides that a motion to substitute must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. Fed. R. Civ. P. 25(a)(2). In the event that Mr. Marchionne's appropriate successor or representative is a foreign resident such that service via the Hague is required and such service is not waived, Plaintiffs will request the appropriate relief from the Court at that time.

|  |  |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| */s/ Michael J. Wernke*  | */s/ William B. Monahan*  |
| Michael J. Wernke | William B. Monahan |
| Pomerantz LLP | Sullivan & Cromwell LLP |
| 600 Third Avenue, 20th Floor | 125 Broad Street |
| New York, New York  10016 | New York, New York  10004 |
| (212) 661-1100 | (212) 558-4000 |
| mjwernke@pomlaw.com | monahanw@sullcrom.com |
| ***Counsel for Plaintiffs*** | ***Counsel for Defendants*** |