UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
                              :

VICTOR PIRNIK, *individually and on behalf of all*     :
*others similarly situated*,                          :

                              :

                 Plaintiff,            :

                              :

            -v-                      :

                              :

FIAT CHRYSLER AUTOMOBILES, N.V., et al.,     :

                              :

                Defendants.        :

                              :

------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/02/2018

15-CV-7199 (JMF)

MEMORANDUM OPINION
AND ORDER

JESSE M. FURMAN, United States District Judge:

On June 4, 2018, the Court entered a Memorandum Opinion and Order in this securities fraud class action, familiarity with which is presumed, granting the motion of Fiat Chrysler Automobiles, N.V. ("FCA") and the other Defendants to compel Lead Plaintiffs Gary Koopmann and Timothy Kidd and Plaintiff Victor Pirnik (collectively, "Plaintiffs") to disclose the identities of those who had communicated with purported "Confidential Witnesses" ("CWs") referenced in the Fourth Amended Complaint ("FAC"). (Docket No. 207 ("Order")). That decision was based on a sworn declaration from Alex Crabb (the "Crabb Declaration") — identified in the FAC as "CW1" — that statements attributed to him in the FAC did "not accurately reflect" what he had said to a "man identifying himself as a 'counselor'" for Plaintiffs. (*Id.* at 2). At the Court's direction, Plaintiffs disclosed that two of their investigators, Patrick Maio and Stephanie Stanley, had communicated with the CWs, and Defendants then served subpoenas seeking the investigators' testimony and documents relating to their communication with the CWs. Plaintiffs now move, pursuant to Rule 45(d)(3) of the Federal Rules of Civil Procedure, to quash the

subpoenas.  (Docket No. 219).  For the following reasons, Plaintiffs' motion is granted in part and denied in part.

Defendants correctly note that the Court already considered and rejected many of the arguments that Plaintiffs press here when it granted Defendants' motion to compel.  For instance, Plaintiffs repeat their contentions that there are no inconsistencies between the statements attributed to CW1 in the FAC and the Crabb Declaration, (*compare* Docket No. 220 ("Pls.' Mem."), at 8-9, *with* Docket No. 206 ("Pls.' Ltr. Br."), at 2-3); that the information sought is irrelevant, largely because "the Court did not rely on the statements of CW1 in makings its determination on [Defendants'] motion to dismiss," (*compare* Pls.' Mem. 5, 7 *with* Pls.' Ltr. Br. 3); and that the information is categorically protected by the work product doctrine and its exceptions do not apply, (*compare* Pls.' Mem. 12-23 *with* Pls.' Ltr. Br. 1-2).  As Plaintiffs may not seek reconsideration of the Court's prior decision in the guise of a motion to quash, the Court declines to consider any argument that Plaintiffs previously made without success.  As Defendants point out, there would be little purpose to the Court's prior Order requiring Plaintiffs to disclose the identities of their investigators if Defendants were barred from using that information to conduct any "further inquiry."  (Docket No. 228 ("Defs.' Mem."), at 11-12).

That said, Plaintiffs press some new arguments, and those arguments do warrant quashing Defendants' subpoenas in part.  In the first instance, the disparities Defendants have identified are limited to CW1 and the investigator who spoke with him, Mr. Maio.  (Pls.' Mem. 9).  In their opposition to Plaintiffs' motion, Defendants elide the distinctions among the three CWs and between the two investigators, but they ultimately identify no specific concerns with the other CWs whose statements were used to bolster Plaintiffs' allegations in the FAC or any inconsistencies arising out of interviews conducted by Ms. Stanley.  Accordingly, Defendants

fail to show that the subpoenas it directed to Ms. Stanley are relevant, *see* Fed. R. Civ. P. 26(b)(1), and the Court grants Plaintiffs' motion to quash those subpoenas. Similarly, Defendants fail to show the need for discovery with respect to communications with the other CWs. Accordingly, the subpoenas directed to Mr. Maio are quashed to the extent that they seek information concerning his communications with anyone other than CW1. *See id.*

With regard to Mr. Maio, the Court continues to be of the view that further inquiry into the discrepancies between the statements attributed to CW1 in the FAC and the allegations in the Crabb Declaration is warranted, and the discovery sought is proportional to the needs of the case. *See id.*; *cf., e.g.*, *In re Symbol Techs., Inc. Sec. Litig.*, No. 05-CV-3923 (DRH) (AKT), 2017 WL 1233842, at *11 (E.D.N.Y. Mar. 31, 2017) (concluding that witness interview memoranda in a securities fraud suit were relevant under Rule 26(b)(1) because they "contain[ed] factual information elicited from the [confidential informants] bearing upon Plaintiff's allegations of [Defendant's] wrongdoing"). The Court does not agree with Plaintiffs that the full scope of discovery sought from Mr. Maio is necessarily protected work product. At a minimum, Defendants are entitled to take Mr. Maio's deposition and inquire into his communications with CW1 and the purported discrepancies between those communications and the statements attributed to Mr. Maio in the FAC. *See City of Pontiac Gen. Emps.' Ret. Sys. v. Lockheed Martin Corp.*, 952 F. Supp. 2d 633, 636-37 (S.D.N.Y. 2013); *In re Millennial Media, Inc. Sec. Litig.*, No. 14-CV-7923 (PAE), 2015 WL 3443918, at *4, *6-12 (S.D.N.Y. May 29, 2015). To the extent that any questions asked of Mr. Maio call for testimony that would reveal counsel's mental processes, *see Feacher v. Intercontinental Hotels Grp.*, No. 06-CV-0877, 2007 WL 3104329, at *2 (N.D.N.Y. Oct. 22, 2007), Plaintiffs may object at the deposition. The work product doctrine is not a valid basis to preclude a deposition altogether.

Defendants' request for documents requires more analysis, as such items are categorically protected by the work product doctrine to the extent that they tend to reveal the "mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26; *see also United States v. Nobles*, 422 U.S. 225, 238-39 (1975) ("[A]ttorneys often must rely on the assistance of investigators and other agents in the compilation of materials in preparation for trial. It is therefore necessary that the [work product] doctrine protect material prepared by agents for the attorney as well as those prepared by the attorney himself."). The Court agrees with Plaintiffs that the work product doctrine protects Mr. Maio's interview notes and memoranda. *See, e.g.*, *In re Gen. Motors LLC Ignition Switch Litig.*, 80 F. Supp. 3d 521, 532 (S.D.N.Y. 2015) ("Interview notes and memoranda produced in the course of . . . investigations have long been considered classic attorney work product."); *see also Upjohn Co. v. United States*, 449 U.S. 383, 399 (1981) ("Forcing an attorney to disclose notes and memoranda of witnesses' oral statements is particularly disfavored because it tends to reveal the attorney's mental processes." (citation omitted)). Defendants do not show that they have a "substantial need" in defending this case on the merits to review those documents. *See, e.g.*, *SEC v. Nadel*, No. 11-CV-215 (WFK) (AKT), 2013 WL 1092144, at *2 (E.D.N.Y. Mar. 15, 2013). And the Court concludes that Plaintiffs did not waive protection of the doctrine by using CW1's statements — rather than affirmatively relying on the interview notes and memoranda *themselves* — in the FAC. *Cf. In re Gen. Motors*, 80 F. Supp. 3d at 534. Plaintiffs do not justify quashing the request for documents beyond interview notes and memoranda, as they barely address other such documents at all, and there is no reason to conclude that any and all responsive documents would necessarily be covered by the work product doctrine. *See, e.g.*, *Johnson v. Bryco Arms*, No. 02-CV-3029, 2005 WL 469612, at *5

(E.D.N.Y. Mar. 1, 2005) ("On its face the disputed document supports the conclusion that it is a straightforward description of events by the witness, showing no input from attorneys."). To the extent Plaintiffs believe that other responsive documents are privileged or covered by the work product doctrine, they may seek to protect them through a privilege log in the normal course. They may not refrain from complying altogether.

For the foregoing reasons, Plaintiffs' motion to quash is GRANTED in part and DENIED in part. Specifically, Plaintiffs' motion is granted to the extent that Defendants' subpoenas seek testimony or documents from Ms. Stanley, testimony or documents from Mr. Maio pertaining to CWs other than Crabb, and interview notes and memoranda from Mr. Maio. By contrast, Plaintiffs' motion is denied to the extent that they seek Mr. Maio's deposition regarding his communications with Crabb and responsive documents other than interviews notes and memoranda. In view of its limited scope, the deposition of Mr. Maio shall not exceed two hours and shall be conducted within the next three weeks. Plaintiffs shall produce any responsive documents and/or a privilege log at least two days prior to the deposition.

The Clerk of Court is directed to terminate Docket No. 219.[1]

SO ORDERED.

Date:  August 2, 2018
       New York, New York

_____
JESSE M. FURMAN
United States District Judge

---

[1] Plaintiffs insist that they should be permitted to depose Crabb in advance of any depositions of the investigators. (Pls.' Mem. 24-25 ("It would be completely unfair to allow Defendants to take the depositions of Plaintiffs [sic] investigators without permitting the deposition of Mr. Crabb, so that Plaintiffs can examine him concerning the statements he made in his declaration and his overall story.")). To the extent Plaintiffs' request is procedurally proper, it is denied. The Court is again unpersuaded by Plaintiffs' efforts to circumvent Court-imposed discovery deadlines and limitations on the number of fact depositions. (*See* Docket No. 200; Order 1-2). If Plaintiffs wanted to examine Crabb "concerning . . . his overall story," they had ample opportunity to do so prior to the deadline for fact discovery.