USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/24/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------- X
:
VICTOR PIRNIK, *individually and on behalf of all others similarly situated*, :
:
                      Plaintiff, :     15-CV-7199 (JMF)
:
      -v- :
:
FIAT CHRYSLER AUTOMOBILES, N.V., et al., :
:
                      Defendants. :
:
-------------------------------------------------------------------------- :
:
GARY KOOPMANN, TIMOTHY KIDD, and VICTOR PIRNIK, :
:     18-CV-3460 (JMF)
                      Plaintiffs, :
:
      -v- :
:    MEMORANDUM OPINION
UNITED STATES DEPARTMENT OF TRANSPORTATION, et al., :      AND ORDER
:
                      Defendants. :
:
-------------------------------------------------------------------------- X

JESSE M. FURMAN, United States District Judge:

      At issue in these cases is whether Plaintiffs can depose Robert Garris, a former employee of the National Highway Traffic Safety Administration ("NHTSA"). Plaintiffs in *Pirnik v. Fiat Chrysler Automobiles N.V.*, 15-CV-7199 (JMF), subpoenaed Garris to testify and, at or about the same time, submitted a request to the United States Department of Transportation ("USDOT"), of which NHTSA is a part, seeking permission to conduct the deposition pursuant to agency regulations knowing as "*Touhy* regulations." USDOT denied the request, and Plaintiffs then filed *Koopman v. United States Department of Transportation*, 18-CV-3460 (JMF), challenging

that denial under the Administrative Procedure Act, 5 U.S.C. §§ 500 *et seq.* In an Opinion and Order entered on August 16, 2018, this Court held that the USDOT's *Touhy* regulations "are invalid to the extent that they extend to former employees" and that USDOT's denial of Plaintiff's request, which had been based on those regulations, was therefore "arbitrary and capricious and in excess of statutory jurisdiction." *Koopmann v. United States Dep't of Transp.*, 18-CV-3460 (JMF), 2018 WL 3946450, at \*6 (S.D.N.Y. Aug. 16, 2018). Nevertheless, the Court observed that Defendants in *Koopmann* (collectively, the "Government") "could conceivably challenge the subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure, which authorizes a court to 'quash or modify a subpoena' on various grounds." *Id.* at \*7 (quoting Fed. R. Civ. P. 45(d)(3)(A)). Accordingly, it directed the parties to submit letters addressing, among other things, "whether the Court should (a) deem Defendants to have made a Rule 45 motion to quash or modify the subpoena to Garris in the *Pirnik* action and (b) decide that motion based on the parties' briefing in [*Koopmann*]." *Id.* The parties have filed letters and agree that the Court should indeed deem the Government to have made a Rule 45 motion and that there is no need for additional briefing. (18-CV-3460, Docket Nos. 30, 31).

Having reviewed the parties' letters and applicable law, the Court now rejects the Government's argument, pursuant to Rule 45, that Garris's testimony would "impos[e] an undue burden." (Docket No. 30, at 2). To begin with, the Court is skeptical that the Government — as opposed to Garris, the recipient of the subpoena — has standing to argue that the subpoena poses an undue burden. *Cf., e.g.*, *Manolis v. Brecher*, No. 11-CV-2750 (RMB) (HBP), 2013 WL 4044808, at \*2 n.1 (S.D.N.Y. Aug. 9, 2013) ("As a general rule, a party lacks standing to challenge subpoenas issued to non-parties on the grounds of relevancy or undue burden."); *Knoll, Inc. v. Moderno, Inc.*, No. C 12-80193-MISC (SI), 2012 WL 4466543, at \*2 (N.D. Cal.

2

Sept. 26, 2012) ("[A] party moving to quash a non-party subpoena has standing when the party has a personal right or privilege in the information sought to be disclosed."); *United States v. Nachamie*, 91 F. Supp. 2d 552, 558 (S.D.N.Y. 2000) ("A party generally lacks standing to challenge a subpoena issued to a third party absent a claim of privilege or a proprietary interest in the subpoenaed matter."). But the Court need not decide that question because it concludes that the Government's arguments fall short on the merits.

Notably, because Garris is a former employee, his deposition, by definition, does not raise many of the typical concerns underlying the "undue burden" analysis. *See, e.g.*, *CCA of Tennessee, LLC v. Dep't of Veterans Affairs*, No. 09-CV-2442 (WQH) (CAB), 2010 WL 1734953, at *8 (S.D. Cal. Apr. 27, 2010) (finding an undue burden because of "the specialized nature of [the proposed deponent's] work, her heavy patient load, [and] the lack of substitute staff psychologists," among other considerations). Nor is the request here "cumulative and duplicative" or "too attenuated." *See Vale v. Great Neck Water Pollution Control Dist.*, No. 14-CV-4229 (AYS), 2016 WL 11269253, at *3 (E.D.N.Y. May 31, 2016). As Plaintiffs explain, Garris's testimony is relevant to the issue of scienter, and his deposition would not be cumulative because "he is the only independent party that can testify as to what information was provided to [the *Pirnik* Defendants'] employees." (18-CV-3460, Docket No. 26, at 20). And, as far as the Court is aware, Garris is the only NHTSA employee that Plaintiffs seek to depose. In sum, in "engag[ing] in a balancing test to determine whether undue burden exists," *Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Americas*, 262 F.R.D. 293, 299 (S.D.N.Y. 2009), the Court concludes that Garris's deposition would not be unduly burdensome.

The Government plainly has standing to challenge the subpoena to Garris on the other ground it presses, that the subpoena calls for disclosure of information protected by the

3

deliberative-process privilege, because the Government is the holder of that privilege. *See, e.g.*, *Pleasant Gardens Realty Corp. v. H. Kohnstamm & Co.*, 08-CV-5582 (JHR/JS), 2009 WL 2982632, at *2-5 & n.10 (D.N.J. Sept. 10, 2009); *Estate of Ungar v. Palestinian Auth.*, 400 F. Supp. 2d 541, 554 (S.D.N.Y. 2005) ("In the absence of a claim of privilege, a party usually does not have standing to object to a subpoena directed to a non-party witness." (internal quotation marks omitted)), *aff'd*, 332 F. App'x 643 (2d Cir. 2009); *Mir v. Med. Bd. of Cal.*, No. 12-CV-2340 (DHB) (GHC), 2016 WL 3406118, at *3 (S.D. Cal. June 21, 2016) ("[T]he Executive Director for [the agency] . . . has standing to assert the [deliberative-process] privilege."). But the deliberative-process privilege extends only to "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001) (internal quotation marks omitted). It does not protect "purely factual information" or communications with regulated entities. *United States v. Wey*, 252 F. Supp. 3d 237, 249 (S.D.N.Y. 2017) (quoting *MacNamara v. City of New York*, 249 F.R.D. 70, 78 (S.D.N.Y. 2008)); *see also Citizens Union of City of New York v. Attorney Gen. of New York*, 269 F. Supp. 3d 124, 159 (S.D.N.Y. 2017). And here, Plaintiffs principally seek factual information about what Garris communicated to FCA. (*See* 18-CV-3460, Docket No. 1, at ¶ 19). In any event, the privilege does not call for quashing or modifying the subpoena *ex ante*; at most, it calls for allowing a lawyer from the Government to attend the deposition to object to particular questions on privilege grounds. *See, e.g.*, *In re Application of Chevron Corp.*, 749 F. Supp. 2d 135, 141 (S.D.N.Y. 2010) (denying motion to quash subpoenas and directing parties to make their specific objections during the deposition).

For the foregoing reasons, the Court concludes that Plaintiffs have the better of the argument. Accordingly, the Government's motion to quash or modify the subpoena to Garris pursuant to Rule 45 is DENIED. Unless the Court orders otherwise, Plaintiffs shall conduct the deposition of Garris within the next three weeks. All other dates and deadlines in the *Pirnik* action remain in effect. The Clerk of Court is directed to docket this Memorandum Opinion and Order in both 18-CV-3460 and 15-CV-7199.

SO ORDERED.

Date: August 24, 2018
New York, New York

_____
JESSE M. FURMAN
United States District Judge