**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GARY KOOPMANN, TIMOTHY KIDD and VICTOR PIRNIK, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff(s),<br><br>v.<br><br>FIAT CHRYSLER AUTOMOBILES N.V., SERGIO MARCHIONNE, RICHARD K. PALMER, SCOTT KUNSELMAN, SCOTT KUNSELMAN, MICHAEL DAHL, STEVE MAZURE and ROBERT E. LEE<br><br>Defendants. | Civ. Action No: 15-cv-07199-JMF |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED**
**MOTION FOR SUBSTITUTION**

Lead Plaintiffs Gary Koopmann and Timothy Kidd and Plaintiff Victor Pirnik (collectively "Plaintiffs") respectfully submit this Memorandum of Law in support of their motion, pursuant to Federal Rule of Civil Procedure 25(a)(1) ("Rule 25") to substitute Roland Iseli and Allessandro Baldi, who are Co-Executors of the Estate of Sergio Marchionne, as defendants in their capacity as Co-Executors, for Defendant Sergio Marchionne ("Marchionne"). Defendants do not oppose the relief sought in Plaintiffs' Motion.

## RELEVANT FACTS

Sergio Marchionne was the Chief Executive Officer and Executive Director of Defendants Fiat Chrysler and FCA US until the time of his death this past July 2018, and is named as a Defendant in the Action. (Dkt. No. 129, ¶50). The Action asserts claims for violation of Section 10(b) and Rule 10b-5 and §20(a) of the Securities Exchange Act of 1934 as to Mr. Marchionne.  (Dkt. No. 129, Counts I and II (pages 160, 163)).

On July 25, 2018 the Parties filed a letter informing the Court of Mr. Marchionne's death. (Dkt. No. 236).  Rule 25 provides for a 90 day period from the suggestion of death for a motion for substitution to be made.  *Roe v. City of New York*, No. 00 CIV.9062 (RWS), 2003 WL 22715832, at *1 (S.D.N.Y. Nov. 19, 2003). Accordingly, the deadline for a motion for substitution was October 23, 2018.  On October 22, 2018 Plaintiffs filed a letter with the Court, with Defendants' consent, requesting that the Court extend the deadline for Plaintiffs to file a motion for substitution under Rule 25 for thirty days, in light of the fact that Defendants had informed Plaintiffs that they did not yet have an answer as to the identity of the proper party for substitution for Mr. Marchionne.  (Dkt. No. 260).  The Court so-ordered Plaintiffs' request for an extension of time to file their Rule 25 motion for substitution.  (Dkt. No. 261).

On November 12, 2018 Counsel for Defendants informed Plaintiffs' Counsel that the proper parties for substitution for Mr. Marchionne are Roland Iseli and Alessandro Baldi, who

1

are serving as Co-Executors of the Estate of Sergio Marchionne.[1] Defendants' Counsel further informed Plaintiffs' Counsel that it would be representing Messrs. Iseli and Baldi and accepting service on their behalf.[2]

## ARGUMENT

Rule 25(a) governs the substitution of parties in the event of a death of a party. "The rule states: *'Substitution if the Claim Is Not Extinguished.* If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.'" *Allen ex rel. Allen v. Devine*, No. 09-CV-668 ADS ETB, 2011 WL 5117619, at *2 (E.D.N.Y. Oct. 25, 2011) (quoting Rule 25(a)).

"When determining a motion to substitute a party, a Court must decide whether (1) the motion is timely; (2) the movant's claims have not been extinguished by the death; and (3) the movant proposes a proper party for substitution." *Allen ex rel. Allen v. Devine,* No. 09-CV-668 ADS ETB, 2011 WL 5117619, at *2 (E.D.N.Y. Oct. 25, 2011).  Here, all of the above factors for granting Plaintiffs' Motion for Substitution are met.

First, the motion for substitution is timely. Rule 25 provides for a 90 day period from suggestion of death for a motion for substitution to be made.  *Roe v. City of New York*, No. 00 CIV.9062 (RWS), 2003 WL 22715832, at *1 (S.D.N.Y. Nov. 19, 2003).  Accordingly, the deadline for a motion for substitution was October 23, 2018.  On October 22, 2018 Plaintiffs filed a letter with the Court, with Defendants consent, requesting that the Court extend the deadline for Plaintiffs to file a motion for substitution under Rule 25 for thirty days, in light of

---

[1] *See* Declaration of Sara Fuks in Support of Motion for Substitution ("Fuks Dec.") ¶2 filed contemporaneously herewith.
[2] Fuks Dec. ¶2.

the fact that Defendants had informed Plaintiffs that they did not yet have an answer as to the identity of the proper party for substitution for Mr. Marchionne.  (Dkt. 260).  The Court so-ordered Plaintiffs' request for an extension of time to file their Rule 25 motion for substitution. (Dkt. 261).

Second, Plaintiffs' claims as to Mr. Marchionne have not been extinguished by his death. The claims against Mr. Marchionne are not extinguished by his death because claims brought under the Securities Exchange Act of 1934 are remedial and not penal in nature.  "[U]nder federal common law, a federal [claim] survives the death of a party if it is remedial and not penal in nature." *Lai Yoong Low v. Tian Yu Inc*., No. 12 CIV. 7237 HBP, 2015 WL 1011699, at *3 (S.D.N.Y. Mar. 9, 2015) quoting *Int'l Cablevision, Inc. v. Sykes,* 172 F.R.D. 63, 67 (W.D.N.Y.1997).  It is well settled that claims brought under the federal securities laws are remedial in nature.  *See S.E.C. v. U.S. Envtl., Inc.*, No. 94CIV.6608(PKL)(AJP), 2003 WL 21697891, at *24 (S.D.N.Y. July 21, 2003), *aff'd*, 114 F. App'x 426 (2d Cir. 2004) (citing federal securities laws as "remedial statutes"); *S.E.C. v. Milligan,* 436 F. App'x 1 (2d Cir. 2011) (citing "remedial goals" of the Securities Exchange Act of 1934); *S.E.C. v. Breed*, No. 01 CIV.7798(CSH)(AJP, 2004 WL 909170, at *3 (S.D.N.Y. Apr. 29, 2004) ("the SEC may seek other than injunctive relief in order to effectuate the purposes of [the federal securities laws], *so long as such relief is remedial relief* and is not a penalty assessment") (emphasis added).

Accordingly, because the claims against Mr. Marchionne are remedial in nature they are not extinguished by his death.

Third, Messrs. Iseli and Baldi are proper parties for substitution.  On November 12, 2018 Counsel for Defendants informed Plaintiffs' Counsel that the proper parties for substitution for Mr. Marchionne are Roland Iseli and Alessandro Baldi, who are serving as Co-Executors of the

Estate of Sergio Marchionne.  Defendants' Counsel further informed Plaintiffs' Counsel that it would be representing Messrs. Iseli and Baldi and accepting service on their behalf.

Pursuant to Fed.R.Civ.P. 25, a proper party for substitution is "either (1) a successor of the deceased party [—] a distrib-utee of an estate if the estate of the deceased has been distributed at the time the motion for substitution has been made, or (2) a representative of the deceased party [—] a person lawfully designated by state authority to represent the deceased's estate." *Lai Yoong Low v. Tian Yu Inc.*, No. 12 CIV. 7237 HBP, 2015 WL 1011699, at *3 (S.D.N.Y. Mar. 9, 2015) (internal quotations and citations omitted).  Defendants' Counsel has informed Plaintiffs that Messrs. Iseli and Baldi are the co-executors of Mr. Marchionne's estate. They are therefore representatives of Mr. Marchionne's estate.  *See Natale v. Country Ford Ltd.*, 287 F.R.D. 135, 137 (E.D.N.Y. 2012) (finding that "there is no question that as Executor of the decedent's estate, [executor] is a proper party for substitution, noting that "'A 'representative' of the deceased party's estate is a proper party for substitution.'") (quoting *Graham v. Henderson,* 224 F.R.D. 59, 64 (N.D.N.Y.2004)).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion for Substitution and substitute Roland Iseli and Allessandro Baldi, as Co-Executors for the Estate of Sergio Marchionne, for Defendant Sergio Marchionne.  Defendants do not oppose the relief sought in Plaintiffs' Motion.

Respectfully submitted,

Dated: November 20, 2018                                 **THE ROSEN LAW FIRM, P.A.**
New York, New York

                                                                    */s/ Sara Fuks*
                                                                    Laurence M. Rosen
                                                                    Phillip Kim

4

Sara Fuks
Jonathan Stern
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
Email: pkim@rosenlegal.com
Email: sfuks@rosenlegal.com


**POMERANTZ LLP**

Jeremy A. Lieberman
Michael J. Wernke
Veronica Montenegro
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665


**POMERANTZ LLP**
Patrick V. Dahlstrom
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email: pdahlstrom@pomlaw.com


*Co-Lead Counsel for Plaintiffs and the Class*