# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| GARY KOOPMANN, TIMOTHY KIDD and VICTOR PIRNIK, Individually and on Behalf of All Others Similarly Situated, | **Case No: 15-cv-07199-JMF** <br><br> Hon. Jesse M. Furman |
| Plaintiffs, | |
| v. | |
| FIAT CHRYSLER AUTOMOBILES N.V., FCA US LLC, RONALD ISELI AND ALESSANDRO BALDI, AS CO-EXECUTORS FOR THE ESTATE OF SERGIO MARCHIONNE, SCOTT KUNSELMAN, MICHAEL DAHL, STEVE MAZURE and ROBERT E. LEE, | |
| Defendants. | |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement dated April 5, 2019 ("Stipulation"), is entered into by and among (i) Court-appointed Class Representatives Gary Koopmann, Timothy Kidd and Victor Pirnik ("Plaintiffs"), on behalf of themselves and the Class (as defined below in ¶ 1(h)), and (ii) Defendants Fiat Chrysler Automobiles N.V. ("FCA"), FCA US LLC ("FCA US"), Ronald Iseli and Alessandro Baldi, as co-executors for the estate of Sergio

Marchionne ("Marchionne" and the "Estate of Marchionne"), Scott Kunselman ("Kunselman"), Michael Dahl ("Dahl"), Steve Mazure ("Mazure") and Robert E. Lee ("Lee") (collectively, the "Defendants," and with Plaintiffs, the "Parties"), by and through their respective counsel, and embodies the terms and conditions of the settlement of the above-captioned action ("Action").[1] Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally and forever compromise, settle, release, resolve and dismiss with prejudice the Action and all Released Plaintiffs' Claims (defined below) against the Defendants' Releasees (defined below).

WHEREAS:

A.     On September 11, 2015, Victor Pirnik filed a putative class action complaint styled as *Victor Pirnik v. Fiat Chrysler Automobiles N.V., et al.*, No 1:15-cv-07199-JMF (the "Action"), alleging violations of federal securities laws against FCA, Marchionne and Richard Palmer ("Palmer"), in the United States District Court for the Southern District of New York.

B.     On December 9, 2015, the Court entered an order appointing Gary Koopmann and Timothy Kidd as lead plaintiffs, and Pomerantz LLP and The Rosen Law Firm, P.A. as lead counsel.

---

[1]  All terms with initial capitalization not otherwise defined in this paragraph shall have the meanings ascribed to them in ¶ 1 herein.

C.     On January 22, 2016, Plaintiffs filed the First Amended Complaint for Violations of the Federal Securities Laws ("Amended Complaint") alleging violations of §10(b) of the Securities Exchange Act of 1934 ("Exchange Act") against FCA, Marchionne, Palmer and Kunselman, and alleging violations of § 20(a) of the Exchange Act against Marchionne, Palmer and Kunselman.

D.     On March 7, 2016, the defendants named in the Amended Complaint filed a motion to dismiss that complaint.

E.     On March 29, 2016, Plaintiffs filed the Second Amended Complaint for Violations of the Federal Securities Laws ("SAC"), addressing deficiencies that defendants alleged in their motion to dismiss (per the Court's invitation in its Order of March 8, 2016).

F.     On April 28, 2016, the defendants named in the SAC filed a motion to dismiss that complaint, which was thereafter fully briefed.

G.     On October 5, 2016, the Court denied the motion to dismiss in part and granted it in part, including by dismissing all claims against Palmer.

H.     On October 26, 2016, the defendants named in the SAC filed their Answer to that complaint.

I.     On February 22, 2017, having received permission from the Court to do so, Plaintiffs filed the Third Amended Complaint for Violations of the Federal Securities Laws ("TAC").

3

J.      On March 22, 2017, the defendants named in the TAC filed a motion to dismiss the new allegations in the TAC, which was thereafter fully briefed.

K.      On August 1, 2017, the Court granted defendants' motion to dismiss the new allegations in the TAC, but granted Plaintiffs permission to amend.

L.      On August 24, 2017, Plaintiffs filed the Fourth Amended Complaint for Violations of the Federal Securities Laws ("FAC"), which added as defendants (in addition to FCA, Marchionne, and Kunselman) FCA US, Dahl, Mazure and Lee.

M.      On September 5, 2017, Defendants filed a motion to dismiss the new allegations in the FAC, which was thereafter fully briefed.

N.      On November 13, 2017, the Court denied Defendants' motion to dismiss.

O.      On December 18, 2017, Defendants filed their Answer to the FAC.

P.      On December 21, 2017, Plaintiffs filed their motion for class certification, which was thereafter fully briefed.

Q.      On June 26, 2018, the Court granted Plaintiffs' motion for class certification, (i) certifying a class that consists of all persons who purchased, on a U.S. Exchange or in a transaction in the United States, FCA common stock between October 13, 2014 and May 23, 2017, both dates inclusive, excluding Defendants, current and former officers and directors of FCA and FCA US,

members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest; (ii) appointing Gary Koopmann, Timothy Kidd and Victor Pirnik as class representatives; and (iii) appointing Pomerantz LLP and The Rosen Law Firm, P.A. as Class Counsel.

R.    On December 12, 2018, Defendants filed a motion for summary judgment and two *Daubert* motions, and Plaintiffs filed four *Daubert* motions.

S.    On January 4, 2019, Plaintiffs filed a motion for sanctions based on allegations of spoliation, which Defendants opposed and which motion was thereafter fully briefed.

T.    Pursuant to various discovery requests (including requests for production of documents, interrogatories and subpoenas to third-parties), Defendants produced (and Class Counsel reviewed) over 3,500,000 pages of documents; the Parties collectively took 36 depositions, and the Parties exchanged reports from 11 expert witnesses.

U.    On September 26, 2018, Class Counsel and Defendants' Counsel participated in a full-day mediation session before the Hon. Daniel Weinstein (Ret.) of JAMS.  In advance of that session, the Parties exchanged detailed mediation statements with numerous exhibits, addressing liability and damages,

which were submitted to Judge Weinstein.  That mediation session ended without any agreement being reached.

V.     On January 8, 2019, Class Counsel and Defendants' Counsel participated in a second full-day mediation session before Judge Weinstein.  In advance of that session, the Parties exchanged and submitted to Judge Weinstein supplemental mediation statements with numerous exhibits, addressing additional factors impacting liability and damages. That mediation session ended without any agreement being reached.

W.     Following additional conversations between Judge Weinstein and the Parties, Judge Weinstein issued a Mediator's proposal that the Action settle for $110 million in cash, which was accepted by each Party on February 4, 2019.

X.     In recognition of the inherent risks and costs of continued litigation and the benefits of resolving this litigation, the Parties to this Stipulation desire to settle and resolve any and all actual or potential Released Claims by or between the Releasees.

Y.     This Stipulation (together with the exhibits hereto and the Supplemental Agreement) reflects the final and binding agreement between the Parties.

Z.     Based upon their investigation, prosecution, and mediation of the case, Plaintiffs and Class Counsel have concluded that the terms and conditions of

this Stipulation are fair, reasonable, and adequate to Plaintiffs and the Class, and in their best interests.  Based on Plaintiffs' direct oversight of the prosecution of this matter and with the advice of Class Counsel, Plaintiffs have agreed to settle and release the Released Plaintiffs' Claims (as defined below in ¶ 1(ii)) pursuant to the terms and provisions of this Stipulation, after considering, among other things: (i) the financial benefit that members of the Class will receive under the proposed Settlement; and (ii) the significant risks and costs of continued litigation and trial.

AA.   This Stipulation constitutes a compromise of all matters that are in dispute between the Parties.  The Parties are entering into this Stipulation solely to eliminate the uncertainty, burden, and expense of further protracted litigation.  All of the Defendants deny, and continue to deny, any and all allegations of fault, liability, wrongdoing, or damages whatsoever, including, without limitation, any allegation that they have committed any act or omission giving rise to any liability under the Exchange Act, or Rule 10b-5 promulgated thereunder.  Specifically, Defendants expressly have denied, and continue to deny, that Plaintiffs have asserted any valid claims against them, including, without limitation, any liability arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action.  Defendants also have denied, and continue to deny, among other allegations, the allegations that Plaintiffs or the Class have suffered any damages, or that Plaintiffs or the Class were harmed by the conduct

alleged in the Action or that they could have alleged as part of the Action.  In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the Action.

BB.   As set forth below, neither the Settlement nor any of the terms of this Stipulation shall be construed or deemed to be evidence of or an admission, concession, or finding on the part of any of the Defendants with respect to any claim or allegation of any fault, liability, wrongdoing, or damages whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted.  The Defendants have determined that it is desirable and beneficial to them that the Action be settled in the manner and upon the terms and conditions set forth in this Stipulation.  Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Plaintiffs of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of Defendants' defenses to liability had any merit.  Each of the Parties recognizes and acknowledges, however, that the Action has been initiated, filed, and prosecuted by Plaintiffs in good faith and defended by Defendants in good faith, and that the Action is being voluntarily settled with the advice of counsel.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Plaintiffs (individually and on behalf of all members of the Class) and Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Plaintiffs' Claims as against the Defendants' Releasees and all Released Defendants' Claims as against the Plaintiffs' Releasees shall be settled and released, upon and subject to the terms and conditions set forth below.

## DEFINITIONS

1.     As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

(a)     "Action" means *Pirnik et al. v. Fiat Chrysler Automobiles N.V., et al.*, No. 15-cv-07199-JMF, pending in the United States District Court for the Southern District of New York.

(b)     "Alternative Judgment" means a form of final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Stipulation.

(c)     "Authorized Claimant" means a Class Member who or which submits to the Claims Administrator a Claim Form that is approved by the Court for payment from the Net Settlement Fund.

(d)   "Claim" means a paper claim submitted on a Proof of Claim Form or an electronic claim that is submitted to the Claims Administrator.

(e)   "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, that a Claimant must complete and submit to the Claims Administrator in order to be eligible to share in a distribution of the Net Settlement Fund.

(f)   "Claimant" means a person or entity who or which submits a Claim Form to the Claims Administrator seeking to be eligible to share in the Net Settlement Fund.

(g)   "Claims Administrator" means Epiq Class Action & Mass Tort Solutions Inc., the firm retained by Class Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Class Members and to administer the Settlement.

(h)   "Class" means all persons or entities who purchased, on a U.S. Exchange or in a transaction in the United States, FCA common stock between October 13, 2014 and May 23, 2017, both dates inclusive, excluding Defendants, current and former officers and directors of FCA and FCA US, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest.  Also excluded

from the Class are those Persons who are found by the Court to have timely and validly requested exclusion from the Class.

(i)    "Class Counsel" means the law firms Pomerantz LLP and The Rosen Law Firm, P.A.

(j)    "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed to Authorized Claimants.

(k)    "Class Member" means each person and entity who or which is a member of the Class.

(l)    "Class Period" means the period of time between October 13, 2014 and May 23, 2017, both dates inclusive.

(m)    "Court" means the United States District Court for the Southern District of New York.

(n)    "Defendants" means FCA, FCA US, Ronald Iseli and Alessandro Baldi, as co-executors for the estate of Sergio Marchionne, Kunselman, Dahl, Mazure and Lee.

(o)    "Defendants' Counsel" means the law firm Sullivan & Cromwell LLP.

(p)    "Defendants' Releasees" means Defendants, together with their past, present, or future affiliates, divisions, joint ventures, assigns, assignees, direct

or indirect parents or subsidiaries, controlling shareholders, successors, predecessors, and entities in which a Defendant has a controlling interest, and each of their past, present, or future officers, directors, agents, employees, partners, members, attorneys, controlling shareholders, advisors, investment advisors, auditors, accountants, insurers (including reinsurers and co-insurers), and Immediate Family members, and the legal representatives, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, successors in interest, or assigns of any of the foregoing.  For the avoidance of doubt, Defendants' Releasees expressly includes Roland Iseli and Alessandro Baldi, as Co-Executors of the estate of Sergio Marchionne.

(q)   "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 31 of this Stipulation have been met and have occurred, or have been waived.

(r)   "Escrow Account" means an account maintained at The Huntington National Bank wherein the Settlement Amount shall be deposited and held in escrow under the control of Class Counsel.

(s)   "Escrow Agent" means The Huntington National Bank.

(t)   "Escrow Agreement" means the agreement between Class Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

(u)   "Final," with respect to the Judgment or, if applicable, the Alternative Judgment, or any other court order means:  (i) if no appeal is filed, the expiration date of the time provided for filing or noticing of any appeal under the Federal Rules of Appellate Procedure, *i.e.*, thirty (30) days after entry of the Judgment, Alternative Judgment or order; or (ii) if there is an appeal from the Judgment, Alternative Judgment or other court order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the Judgment, Alternative Judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant.  However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to:  (i) attorneys' fees, costs or expenses; or (ii) the plan of allocation for the Settlement proceeds (as submitted or subsequently modified), shall not in any way delay or preclude the Judgment or, if applicable, the Alternative Judgment, from becoming Final.

(v)   "Immediate Family" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, sisters-in-law and any persons (other than a

tenant or employee) sharing the household.  As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

(w)  "Judgment" means the final judgment, substantially in the form attached hereto as Exhibit B, entered by the Court approving the Settlement.

(x)  "Litigation Expenses" means the reasonable costs and expenses incurred by Class Counsel in connection with commencing, prosecuting and settling the Action (which may include the reasonable costs and expenses of Plaintiffs directly related to their representation of the Class), for which Class Counsel intend to apply to the Court for reimbursement from the Settlement Fund.

(y)   "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes and Tax Expenses; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court.

(z)   "Notice" means the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses; and (III) Settlement Fairness Hearing, substantially in the form attached hereto as Exhibit 1 to Exhibit A, which is to be mailed to potential Class Members.

(aa) "Notice and Administration Costs" means the costs, fees and expenses that are reasonably and actually incurred by the Claims Administrator and/or Class Counsel in connection with: (i) providing notice to the Class; and (ii) administering the Settlement, including, but not limited to, the Claims process, as well as the reasonably and actually incurred costs, fees and expenses incurred in connection with the Escrow Account.

(bb) "Parties" means Defendants and Plaintiffs, on behalf of themselves and the Class.

(cc) "Plaintiffs" means Gary Koopmann, Timothy Kidd and Victor Pirnik.

(dd) "Plaintiffs' Releasees" means (i) Plaintiffs, their attorneys and all other Class Members; (ii) the current and former parents, affiliates, subsidiaries, successors, predecessors, assigns, and assignees of each of the foregoing in (i); and (iii) the current and former officers, directors, Immediate Family members, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, agents, affiliates, insurers, reinsurers, predecessors, successors, assigns and advisors of each of the persons or entities listed in (i) and (ii), in their capacities as such.

(ee) "Plan of Allocation" means Plaintiffs' proposed plan set forth in the Notice to be utilized for determining the allocation of the Net Settlement Fund, as submitted or subsequently modified.

(ff)  "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Class.

(gg)  "Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

(hh)  "Released Defendants' Claims" means any and all claims, rights, duties, controversies, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, losses, judgments, liabilities, allegations, arguments, and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether fixed or contingent, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action. "Released Defendants' Claims" does not include (i) any claims relating to the enforcement of the Settlement; or (ii) any claims against any person or entity who submits a request for exclusion from the Class that is accepted by the Court ("Excluded Defendants' Claims").

(ii)   "Released Plaintiffs' Claims" means any and all claims, rights, duties, controversies, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, losses, judgments, liabilities, allegations, arguments, and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether fixed or contingent, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that Plaintiffs or any other member of the Class (i) asserted in the Action or (ii) could have asserted in any court or forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations, or omissions set forth in the complaints filed in the Action and that relate to the purchase, acquisition or ownership of shares of FCA common stock on (and for ownership, shares resulting from a purchase or acquisition on) the New York Stock Exchange or any other securities exchange located in the United States ("U.S. Exchange") or otherwise in a transaction in the United States, during the Class Period.   "Released Plaintiffs' Claims" does not include (i) any claims relating to the enforcement of the Settlement; (ii) any claims asserted in the action *Palazzolo v. Fiat Chrysler Automobiles N.V.*, No. 4:16-cv-12803-LVP-SDD (E.D. Mich.); or (iii) any claims of any person or entity who or which submits a request

for exclusion from the Class that is accepted by the Court ("Excluded Plaintiffs' Claims").

(jj)   "Releasee(s)" means each and any of the Defendants' Releasees and each and any of the Plaintiffs' Releasees.

(kk) "Releases" means the releases set forth in ¶¶ 4-5 of this Stipulation.

(ll)   "Settlement" means the settlement on the terms and conditions set forth in this Stipulation.

(mm) "Settlement Amount" means One Hundred Ten Million United States Dollars (US$110,000,000.00) in cash to be paid pursuant to ¶ 7 of this Stipulation.

(nn)   "Settlement Fairness Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(oo) "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

(pp) "Summary Notice" means the Summary Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses; and (III) Settlement Fairness

Hearing, substantially in the form attached hereto as Exhibit 3 to Exhibit A, to be published as set forth in the Preliminary Approval Order.

(qq) "Taxes" means: (i) all federal, state, and/or local taxes of any kind (including any interest or penalties thereon) arising with respect to any income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon the Releasees or their counsel with respect to any income earned by the Settlement Fund for any period after the deposit of the Settlement Amount in the Escrow Account during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes; and (ii) all taxes imposed on payments by the Settlement Fund, including withholding taxes.

(rr) "Tax Expenses" means the expenses and costs incurred by Class Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) tax returns for the Settlement Fund).

(ss) "Unknown Claims" means any Released Plaintiffs' Claims which Plaintiffs or any other Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his

19

or its favor at the time of the release of such claims.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly waive, and each of the Class Members shall be deemed to have, and by operation of the Judgment or the Alternative Judgment, if applicable, shall have, expressly waived, the provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Parties acknowledge that they may hereafter discover facts in addition to or different from those which he or it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims, but, upon the Effective Date, Plaintiffs and Defendants shall expressly settle and release, and each of the other Class Members shall be deemed to have, and by operation of the Judgment or the Alternative Judgment, if applicable, shall have, settled and released, any and all Released Claims without regard to the subsequent discovery or existence of such different or additional facts.  Plaintiffs and Defendants acknowledge, and each of the other Class Members shall be deemed by operation

of the Judgment or the Alternative Judgment, if applicable, to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement of which this release is a part.

## PRELIMINARY APPROVAL OF SETTLEMENT

2.     Promptly upon execution of this Stipulation, Plaintiffs will move for preliminary approval of the Settlement and the scheduling of a hearing for consideration of, *inter alia*, final approval of the Settlement and Class Counsel's application for an award of reasonable attorneys' fees and reimbursement of Litigation Expenses.   Plaintiffs' motion for preliminary approval shall be unopposed by Defendants.  Concurrently with the motion for preliminary approval, Plaintiffs shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

## RELEASE OF CLAIMS

3.     The obligations incurred pursuant to this Stipulation are in consideration of:   (i) the full and final disposition of the Action as against Defendants; and (ii) the Releases provided for herein.

4.     Pursuant to the Judgment, or the Alternative Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Plaintiffs and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors and assigns in

their capacities as such, and on behalf of any other person or entity legally entitled to bring Released Plaintiffs' Claims on behalf of any Class Member, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim against the Defendants' Releasees, and shall forever be barred and enjoined from commencing, instituting, maintaining, prosecuting or continuing to prosecute any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees, in this Action or in any other proceeding.  This Release shall not apply to any Excluded Plaintiffs' Claims.

5.      Pursuant to the Judgment, or the Alternative Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors and assigns in their capacities as such, and on behalf of any other person or entity legally entitled to bring Released Defendants' Claims on behalf of the Defendants, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim against the Plaintiffs' Releasees, and shall forever be barred and enjoined from commencing, instituting, maintaining,

prosecuting or continuing to prosecute any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees, in this Action or in any other proceeding.  This Release shall not apply to any Excluded Defendants' Claims.

6.     Notwithstanding ¶¶ 4-5 above, nothing in the Judgment, or the Alternative Judgment, if applicable, shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment, or Alternative Judgment, if applicable.

## THE SETTLEMENT CONSIDERATION

7.     In consideration of the full settlement of the claims asserted in the Action against Defendants and the Defendants' Releasees and the Releases specified in ¶¶ 3-6 above, FCA shall pay or cause to be paid the Settlement Amount into the Escrow Account as follows:

(a)     Within two (2) business days after the issuance of the Preliminary Approval Order, Class Counsel shall provide Defendants' Counsel wiring instructions for the Settlement Amount, the payee's Form W-9, and any other information reasonably required by Defendants to process payment of the Settlement Amount;

(b)     Within ten (10) business days after the issuance of the Preliminary Approval Order, Defendants shall wire, or shall cause to be wired,

$325,000 into the Escrow Account for the purpose of Notice and Administration Costs.

        (c)    Within twenty (20) business days after the issuance of the Preliminary Approval Order, Defendants shall wire, or shall cause to be wired, the remainder of the Settlement Amount into the Escrow Account.

8.    Defendants' sole monetary obligation under the Settlement, including in connection with the provision and administration of notice and the administration of the Settlement and any costs associated therewith (except for the provision of notice pursuant to CAFA as detailed in ¶ 38 hereof) and any attorneys' fees or costs awarded by the Court, is the Settlement Amount, and Defendants shall not be liable for any other amount or amounts.

## USE OF SETTLEMENT FUND

9.    The Settlement Fund shall be used to pay:  (a) any Taxes and Tax Expenses; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; (d) any attorneys' fees awarded by the Court; and (e) any other costs or fees approved by the Court.  Under no circumstances will Defendants (or any of the other Defendants' Releasees) be required to pay more than the Settlement Amount.  The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 18-29 below.

10.     Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date. All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed, or returned, pursuant to the terms of this Stipulation and/or further order of the Court.  At the written direction of Class Counsel, the Escrow Agent shall invest any funds in the Escrow Account exclusively in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a United States Treasury Fund or a bank account that is either (a) fully insured by the Federal Deposit Insurance Corporation ("FDIC") or (b) secured by instruments backed by the full faith and credit of the United States Government.  The Escrow Agent shall reinvest the proceeds of these instruments or accounts as they mature in similar instruments or accounts at their then-current market rates.

11.     The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation.  The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Class Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible

for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund.  Class Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes or Tax Expenses owed with respect to the Settlement Fund.   Upon written request, one or more of Defendants will provide to Class Counsel the statement described in Treasury Regulation § 1.468B-3(e).   Class Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.  Unless otherwise specified herein expressly, all obligations with respect to the Qualified Settlement Fund are obligations of Class Counsel, not Defendants or Defendants' Counsel.

12.   All Taxes and Tax Expenses shall be paid out of the Settlement Fund, and in all events the Defendants' Releasees shall have no liability or responsibility whatsoever for the payment of Taxes or Tax Expenses.  Taxes and Tax Expenses shall be timely paid by the Escrow Agent pursuant to the disbursement instructions

to be set forth in the Escrow Agreement, and without further order of the Court, and Class Counsel shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)).   The Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of ¶¶ 11 and 12 of this Stipulation.

13.    The Settlement is not a claims-made settlement.  Upon the occurrence of the Effective Date, no Defendant, Defendants' Releasee, or any other person or entity who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including, without limitation, the number of Claim Forms submitted, the collective amount of Recognized Claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

14.    Class Counsel may pay from the Settlement Fund, without further approval from Defendants or further order of the Court, all Notice and Administration Costs actually incurred and paid or payable; *provided, however*,

that Class Counsel may only pay up to $325,000 in Notice and Administration Costs prior to the Settlement Fairness Hearing without further Court approval. Following the Settlement Fairness Hearing, Class Counsel may pay amounts for Notice and Administration Costs over $325,000 without further Court approval. Such costs and expenses shall include, without limitation, the actual costs of printing and mailing the Notice and Claim Form, publishing the Summary Notice, reimbursements to nominee owners for forwarding the Notice and Claim Form to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice, administering the Settlement (including processing submitted Claims), and the fees, if any, of the Escrow Agent.  In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to Defendants, any of the other Defendants' Releasees or any other person or entity who or which paid any portion of the Settlement Amount.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

15.   Class Counsel will apply to the Court for an award of reasonable attorneys' fees to be paid from (and out of) the Settlement Fund.  Class Counsel also will apply to the Court for reimbursement of Litigation Expenses, which may include a request for reimbursement of Plaintiffs' reasonable costs and expenses

directly related to their representation of the Class, to be paid from (and out of) the Settlement Fund.  Class Counsel's application for an award of attorneys' fees and/or Litigation Expenses is not the subject of any agreement between Defendants and Plaintiffs other than what is set forth in this Stipulation.  This Stipulation shall not be construed as an endorsement by Defendants of any application submitted by Class Counsel for an award of attorneys' fees and/or Litigation Expenses.

16.    Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid, including any interest thereon, to Class Counsel within five days of such award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Class Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final.  Class Counsel shall make the appropriate refund or repayment in full no later than thirty (30) calendar days after: (a) receiving from Defendants' Counsel notice of the termination of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees and/or Litigation Expenses has

become Final.  The procedure for, the allowance or disallowance of, and the amount of any attorneys' fees and/or Litigation Expenses are not necessary terms of this Stipulation, are not conditions of the Settlement embodied herein, and shall be considered separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement.  Neither Plaintiffs nor Class Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses, and any appeal from any order awarding attorneys' fees and/or Litigation Expenses or any reversal or modification of any such order shall not affect or delay the finality of the Judgment or Alternative Judgement.

17.    Defendants and Defendants' Releasees shall have no responsibility for or liability whatsoever with respect to the allocation or award of attorneys' fees or Litigation Expenses.  The attorneys' fees and Litigation Expenses that are awarded to Class Counsel shall be payable solely from the Settlement Fund.  With the sole exception of FCA's obligation to cause the Settlement Amount to be paid into the Escrow Account pursuant to ¶ 7 above, the Defendants' Releasees shall have no responsibility for, and no liability whatsoever with respect to, any payment of attorneys' fees and/or Litigation Expenses to Class Counsel pursuant to this Stipulation, or for any other attorneys' fees and/or Litigation Expenses incurred by

or on behalf of any other Class Member in connection with this Action or the Settlement.

## NOTICE AND SETTLEMENT ADMINISTRATION

18.    As part of the Preliminary Approval Order, Plaintiffs shall seek appointment of a Claims Administrator.   The Claims Administrator shall administer the Settlement, including, but not limited to, the process of receiving, reviewing and approving or denying Claims, under Class Counsel's supervision and subject to the jurisdiction of the Court.   Other than Defendants' obligation to provide Class Counsel or the Claims Administrator with FCA's common stock records as provided in ¶ 19 below, none of Defendants, nor any of the other Defendants' Releasees, shall have any involvement in or any responsibility, authority or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Plaintiffs, any other Class Members or Class Counsel in connection with the foregoing.   Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

19.    In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Class Counsel shall cause the Claims Administrator to mail,

or email, the Notice and Claim Form to those members of the Class as may be identified through reasonable effort. Class Counsel shall also cause the Claims Administrator to have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court. For the purposes of identifying and providing notice to the Class, within five (5) calendar days after entry of the Preliminary Approval Order, FCA shall provide or cause to be provided to Class Counsel or the Claims Administrator, at no cost to the Settlement Fund, Class Counsel or the Claims Administrator, a list, in electronic form, of record holders of FCA common stock during the Class Period obtained from FCA's U.S. transfer agent (consisting of names and addresses, as well as e-mail addresses if available), to the extent that such information is reasonably available.

20. The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or in part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund as calculated pursuant to the proposed Plan of Allocation set forth in the Notice attached hereto as Exhibit 1 to Exhibit A (or such other plan of allocation as the Court approves).

21. The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation, and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court. Plaintiffs and Class Counsel may not cancel or terminate the Settlement (or this

Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation approved in this Action. Defendants and the other Defendants' Releasees shall not object in any way to Plaintiffs' Plan of Allocation or any other plan of allocation in this Action. No Defendant, nor any other Defendants' Releasees, shall have any involvement with or liability, obligation or responsibility whatsoever for the application of the Court-approved plan of allocation.

22.     Any Class Member who does not submit a valid Claim Form will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and Settlement, including the terms of the Judgment or, the Alternative Judgment, if applicable, to be entered in the Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any of the Defendants or the Defendants' Releasees with respect to the Released Plaintiffs' Claims in the event that the Effective Date occurs with respect to the Settlement.

23.     Class Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval. No Defendant, or any other Defendants' Releasees, shall be permitted to review, contest or object to any Claim, or any decision of the Claims Administrator

or Class Counsel with respect to accepting or rejecting any Claim, nor shall any Defendant or Defendants' Releasee have any responsibility for, interest in, or liability for any decision.  Class Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claims submitted in the interests of achieving substantial justice.

24.    For purposes of determining the extent, if any, to which a Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)    Each Claimant shall be required to submit a Claim in paper form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, or in electronic form, in accordance with the instructions for the submission of such Claims, and supported by such documents as are designated therein, including proof of the Claimant's claimed loss, or such other documents or proof as the Claims Administrator or Class Counsel, in their discretion, may deem acceptable;

(b)    All Claims must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice.  Any Class Member who fails to submit a Claim by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court such Class Member's Claim Form is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the

Settlement, including the terms of the Judgment or Alternative Judgment, if applicable, and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any of the Defendants or the Defendants' Releasees with respect to any Released Plaintiffs' Claim.  A Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.  In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

(c)    Each Claim shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the plan of allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

(d)    Claims that do not meet the submission requirements may be rejected.  Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim Form submitted.   The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose

Claim is to be rejected has the right to review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)    If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.   If a dispute concerning a Claim cannot be otherwise resolved, Class Counsel shall thereafter present the request for review to the Court.

25.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure; provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Class Member and the validity and amount of the Claimant's Claim.  No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claims.

26.    Class Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order:  (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the

Claims submitted; (b) approving payment of any administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

27.     Payment pursuant to the Class Distribution Order shall be final and conclusive against all Class Members.  All Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment, if applicable, to be entered in this Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing, commencing, instituting, maintaining, prosecuting or continuing to prosecute any action, claim or other proceeding of any kind against any of the Defendants or the Defendants' Releasees with respect to any and all of the Released Plaintiffs' Claims.

28.     No person or entity shall have any claim against Plaintiffs, Class Counsel, the Claims Administrator or any other agent designated by Class Counsel, or Defendants, the Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court.  Plaintiffs and

Defendants, and their respective counsel, Plaintiffs' damages consultant/expert, and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator, the payment or withholding of Taxes (including interest and penalties) of Tax Expenses owed by the Settlement Fund, or any losses incurred in connection therewith.

29.    All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court.   All Class Members, other Claimants, and the Parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

## **<u>TERMS OF THE JUDGMENT</u>**

30.    If the Settlement contemplated by this Stipulation is approved by the Court, Class Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

## CONDITIONS OF SETTLEMENT AND EFFECT OF
## DISAPPROVAL, CANCELLATION OR TERMINATION

31.     The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

(a)     the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 2 above;

(b)     the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 7 above;

(c)     FCA has not exercised its option to terminate the Settlement pursuant to the provisions of this Stipulation;

(d)     Plaintiffs have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation; and

(e)     the Court has approved the Settlement as described herein, following notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment and the Judgment has become Final, or the Court has entered an Alternative Judgment with the consent of all Parties, and the Alternative Judgment has become Final.

32.     If the Settlement Amount is not paid into the Escrow Account in accordance with ¶ 7 of this Stipulation, then Plaintiffs in their sole discretion, and not Defendants, shall have the right to (a) terminate the Settlement and Stipulation

by providing written notice to Defendants at any time prior to the Court's entry of Final Judgment; or (b) enforce the terms of the Settlement and this Stipulation and seek a judgment effecting the terms herein, after providing written notice to Defendants.  Notwithstanding the foregoing, Defendants shall have a period of forty-eight (48) hours after Plaintiffs provide written notice of their intent to terminate the Settlement and Stipulation or enforce the terms of the Settlement and this Stipulation in which to cure the alleged non-compliance with ¶ 7 of this Stipulation.  If Defendants cure such alleged non-compliance within that forty-eight (48) hour period, then Plaintiffs shall not have the right to terminate the Settlement and Stipulation or enforce the terms of the Settlement and Stipulation. Simultaneously herewith, Plaintiffs and Defendants are executing a "Supplemental Agreement" setting forth certain conditions under which this Settlement may be withdrawn or terminated at Defendants' sole discretion if Class Members who meet certain criteria exclude themselves from the Class.  The Supplemental Agreement shall not be filed with the Court, except that the Supplemental Agreement and/or its contents may be brought to the attention of the Court, in camera, if so requested by the Court or as otherwise ordered by the Court.  The Parties will keep the terms of the Supplemental Agreement confidential, except if compelled by judicial process to disclose them.

33.     Upon the occurrence of all of the events referenced in ¶ 31 above, any and all remaining interest or right of Defendants or any other Defendants' Releasees in or to the Settlement Fund, if any, shall be absolutely and forever extinguished, and the Releases herein shall be effective.

34.     If (i) FCA exercises its right to terminate the Settlement as provided in this Stipulation or the Supplemental Agreement; (ii) Plaintiffs exercise their right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

(a)     the Settlement and the relevant portions of this Stipulation shall be canceled and terminated;

(b)     Plaintiffs and Defendants shall revert to their respective positions in the Action as of the date immediately prior to the execution of this Stipulation;

(c)     the terms and provisions of this Stipulation, with the exception of this ¶ 34 and ¶¶ 14, 16, 36 and 57, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment, or Alternative Judgment, if applicable, or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*; and

(d)   Within five (5) business days after joint written notification of termination is sent by Defendants' Counsel and Class Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon and any funds received by Class Counsel consistent with ¶ 16 above), less any Notice and Administration Costs actually incurred, paid or payable and less any Taxes and Tax Expenses paid, due or owing shall be returned by the Escrow Agent to FCA (or such other persons or entities as FCA may direct).  In the event that the funds received by Class Counsel consistent with ¶ 16 above have not been refunded to the Settlement Fund within the five (5) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent to FCA (or such other persons or entities as FCA may direct) immediately upon their deposit into the Escrow Account consistent with ¶ 16 above.

35.    It is further stipulated and agreed that Plaintiffs, on the one hand, and FCA, on the other hand, shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so ("Termination Notice") to the other Parties to this Stipulation within thirty (30) days of:  (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; (d) the date upon which the Judgment is

modified or reversed in any material respect by the United States Court of Appeals for the Second Circuit or the United States Supreme Court; or (e) the date upon which an Alternative Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Second Circuit or the United States Supreme Court, and the provisions of ¶ 34 above shall apply. However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or reimbursement of Litigation Expenses or with respect to any plan of allocation shall not be considered material to the Settlement, shall not affect the finality of any Judgment or Alternative Judgment, if applicable, and shall not be grounds for termination of the Settlement.

## NO ADMISSION OF WRONGDOING

36.     Neither this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of this Stipulation, nor any proceedings taken pursuant to or in connection with this Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)     shall be offered against any of the Defendants or the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants or the

Defendants' Releasees with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants or the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants or the Defendants' Releasees, in any arbitration proceeding or other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b)     shall be offered against Plaintiffs or any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by Plaintiffs or any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants or Defendants' Releasees had meritorious defenses, or that damages recoverable under the FAC would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against Plaintiffs or any of the Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(c)      shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## MISCELLANEOUS PROVISIONS

37.    All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

38.    Pursuant to the Class Action Fairness Act ("CAFA"), no later than ten (10) calendar days after the Stipulation is filed with the Court, Defendants, at their own cost, shall serve proper notice of the proposed Settlement upon those who are entitled to notice pursuant to CAFA.

39.    FCA warrants and represents that, as to the payments made or to be made on behalf of it, at the time of entering into this Stipulation and at the time of such payment it, or to the best of its knowledge any persons or entities contributing

45

to the payment of the Settlement Amount, were not "insolvent" within the meaning of 11 U.S.C. §101(32).  This representation is made by FCA and not by its counsel.

40.    In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Plaintiffs, the Parties shall jointly move the Court to vacate and set aside the Releases given and the Judgment or Alternative Judgment, if applicable, entered in favor of Defendants and the other Defendants' Releasees pursuant to this Stipulation, in which event the Releases and Judgment, or Alternative Judgment, if applicable, shall be null and void, and the Parties shall be restored to their respective positions in the litigation as provided in ¶ 34(b) above, Class Counsel shall promptly return any attorneys' fees and Litigation Expenses received pursuant to ¶ 16 above, plus accrued interest at the same net rate as is earned by the Settlement Fund, and any cash amounts in the Settlement Fund (less any Taxes and Tax Expenses paid, due or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid or payable) shall be returned as provided in ¶ 34 above.

41.    The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Plaintiffs and any Class Members against Defendants and the Defendants' Releasees with respect to the Released Plaintiffs' Claims.   Accordingly, Plaintiffs and their counsel and Defendants and their counsel agree not to assert in any forum that this Action was brought by Plaintiffs or defended by Defendants in bad faith or without a reasonable basis.   No party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure, or of 28 U.S.C. Section 1927, or otherwise make any accusation of wrongful or actionable conduct by any other Party, relating to the institution, prosecution, defense, or settlement of this Action.   The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties, and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

42.    In all events, Plaintiffs and their counsel and Defendants and their counsel shall not make any accusations of wrongful or actionable conduct by either Party concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

43.     The Parties agree that each shall not issue press releases regarding the Settlement, or otherwise publicize the Settlement by means of other public statements, social media or otherwise, except as specifically provided in this Stipulation or as required by the Court or a federal or state governmental agency. This provision shall not prohibit Class Counsel from communicating with any Class Member regarding the Action or the Settlement, or in responding to inquiries or objections raised by the Class or third-parties.  This provision also shall not prohibit Class Counsel from noting the fact of the Settlement in filings with courts in support of their appointment as class counsel in other matters.  For the avoidance of doubt, however, nothing herein shall be construed to apply to comments and related arguments provided by any Party to the Court (including in Court filings) in the context of seeking approval of the Settlement.

44.     The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of both Plaintiffs and Defendants (or their successors-in-interest).

45.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

46.     Pending approval of the Court of this Stipulation and its exhibits, all proceedings in this Action shall be stayed and all members of the Class shall be

barred and enjoined from prosecuting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

47.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Class Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Class Members.

48.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

49.     This Stipulation, its exhibits and the Supplemental Agreement constitute the entire agreement among Plaintiffs and Defendants concerning the Settlement and this Stipulation and its exhibits.  All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation or its exhibits other than those contained and memorialized in such documents.

50.     This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the

signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

51.    This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, limited liability company or other entity into or with which any party hereto may merge, consolidate or reorganize.

52.    The construction, interpretation, operation, effect and validity of this Stipulation and all documents necessary to effectuate it shall be governed by the internal laws of the State of New York without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

53.    Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in the Court.

54.    This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

55.    All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take

appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

56.   Class Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

57.   If any Party is required to give notice to another party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or email transmission, with confirmation of receipt.  Notice shall be provided as follows:

> If to Plaintiffs or              Pomerantz, LLP
> Class Counsel:                   Attn:  Jeremy A. Lieberman
>                                  600 Third Avenue, 20th Floor
>                                  New York, New York 10016
>                                  Telephone:  (212) 661-1100
>                                  Facsimile:  (212) 661-8665
>                                  Email: jalieberman@pomlaw.com
>
>                                  The Rosen Law Firm, P.A.
>                                  Attn:  Laurence M. Rosen
>                                  275 Madison Avenue, 34th Floor
>                                  New York, New York 10016
>                                  Telephone:   (212) 686-1060
>                                  Facsimile:   (212) 202-3827
>                                  Email:  lrosen@rosenlegal.com
>
>
> If to Defendants or              Sullivan & Cromwell LLP

Defendants' Counsel:        Attn: William B. Monahan
125 Broad Street
New York, NY  10004-2498
Telephone:  (212) 558-4000
Facsimile:  (212) 558-3588
Email:  monahanw@sullcrom.com

58.    Except as otherwise provided herein, each Party shall bear its own fees and costs.

59.    All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

60.    No opinion or advice concerning the tax consequences of the proposed Settlement to individual Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation.  Each Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Class Member.

**IN WITNESS WHEREOF**, the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of April 5, 2019.

**POMERANTZ LLP**

_____

Jeremy A. Lieberman
Michael J. Wernke
Veronica V. Montenegro
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
      mjwernke@pomlaw.com
      vvmontenegro@pomlaw.com


**POMERANTZ LLP**
Patrick V. Dahlstrom
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email: pdahlstrom@pomlaw.com

***Co-Class Counsel***

**THE ROSEN LAW FIRM, P.A.**


_____

Laurence M. Rosen
Sara Fuks
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: lrosen@rosenlegal.com
      sfuks@rosenlegal.com

**SULLIVAN & CROMWELL LLP**

_____

Robert J. Giuffra, Jr.
William B. Monahan
Thomas C. White
Joshua S. Levy
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
Email: giuffrar@sullcrom.com
      monahanw@sullcrom.com
      whitet@sullcrom.com
      levyjo@sullcrom.com


***Attorneys for Defendants***

**IN WITNESS WHEREOF**, the Parties hereto have caused this Stipulation

to be executed, by their duly authorized attorneys, as of April 5, 2019.

**POMERANTZ LLP**                              **SULLIVAN & CROMWELL LLP**

_____                    _____

Jeremy A. Lieberman                            Robert J. Giuffra, Jr.
Michael J. Wernke                              William B. Monahan
Veronica V. Montenegro                         Thomas C. White
600 Third Avenue, 20th Floor                   Joshua S. Levy
New York, New York 10016                       125 Broad Street
Telephone:  (212) 661-1100                     New York, New York 10004
Facsimile:  (212) 661-8665                     Telephone: (212) 558-4000
Email: jalieberman@pomlaw.com                  Facsimile: (212) 558-3588
        mjwernke@pomlaw.com                    Email:  giuffrar@sullcrom.com
        vvmontenegro@pomlaw.com                        monahanw@sullcrom.com
                                                       whitet@sullcrom.com
                                                       levyjo@sullcrom.com

**POMERANTZ LLP**
Patrick V. Dahlstrom                           ***Attorneys for Defendants***
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone:  (312) 377-1181
Facsimile:   (312) 377-1184
Email:  pdahlstrom@pomlaw.com

***Co-Class Counsel***

**THE ROSEN LAW FIRM, P.A.**

_____
Laurence M. Rosen
Sara Fuks
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone:   (212) 686-1060
Facsimile:    (212) 202-3827
Email:  lrosen@rosenlegal.com
        sfuks@rosenlegal.com

**IN WITNESS WHEREOF**, the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of April 5, 2019.

POMERANTZ LLP                          SULLIVAN & CROMWELL LLP

_____            _____
Jeremy A. Lieberman                    Robert J. Giuffra, Jr.
Michael J. Wernke                      William B. Monahan
Veronica V. Montenegro                 Thomas C. White
600 Third Avenue, 20th Floor           Joshua S. Levy
New York, New York 10016               125 Broad Street
Telephone:  (212) 661-1100             New York, New York 10004
Facsimile:  (212) 661-8665             Telephone: (212) 558-4000
Email: jalieberman@pomlaw.com          Facsimile: (212) 558-3588
       mjwernke@pomlaw.com             Email:  giuffrar@sullcrom.com
       vvmontenegro@pomlaw.com                 monahanw@sullcrom.com
                                               whitet@sullcrom.com
                                               levyjo@sullcrom.com

**POMERANTZ LLP**
Patrick V. Dahlstrom                   *Attorneys for Defendants*
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone:  (312) 377-1181
Facsimile:   (312) 377-1184
Email:  pdahlstrom@pomlaw.com

*Co-Class Counsel*

**THE ROSEN LAW FIRM, P.A.**


_____
Laurence M. Rosen
Sara Fuks
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone:  (212) 686-1060
Facsimile:   (212) 202-3827
Email:  lrosen@rosenlegal.com
        sfuks@rosenlegal.com

*Co-Class Counsel*