# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GARY KOOPMANN, TIMOTHY KIDD and VICTOR PIRNIK, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>FIAT CHRYSLER AUTOMOBILES N.V., FCA US LLC, RONALD ISELI AND ALESSANDRO BALDI, AS CO-EXECUTORS FOR THE ESTATE OF SERGIO MARCHIONNE, SCOTT KUNSELMAN, MICHAEL DAHL, STEVE MAZURE and ROBERT E. LEE,<br><br>Defendants. | Case No: 15-cv-07199-JMF<br><br>Hon. Jesse M. Furman |

## ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, a securities class action is pending in this Court entitled *Victor Pirnik, et al. v. Fiat Chrysler Automobiles N.V., et al.*, No 1:15-cv-07199-JMF (the "Action");

WHEREAS, Class Representatives Gary Koopmann, Timothy Kidd and Victor Pirnik ("Plaintiffs"), on behalf of themselves and the other members of the Class (as defined below), and Defendants Fiat Chrysler Automobiles N.V. ("FCA"),

FCA US LLC, Ronald Iseli and Alessandro Baldi, as co-executors for the estate of Sergio Marchionne, Scott Kunselman, Michael Dahl, Steve Mazure and Robert E. Lee (collectively, the "Defendants," and, together with Plaintiffs, on behalf of themselves and the other members of the Class, the "Parties") have determined to settle all claims asserted against Defendants in the Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated April 5, 2019 (the "Stipulation"), subject to approval of this Court (the "Settlement");

WHEREAS, Plaintiffs have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and providing for notice to Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Plaintiffs' motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation.

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **<u>Preliminary Approval of the Settlement</u>** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds that the Parties have shown the Court that it will likely be able to approve the proposed

Settlement as being fair, reasonable and adequate to the Class under Federal Rule of Civil Procedure 23(e)(2), subject to further consideration at the Settlement Fairness Hearing to be conducted as described below.

2. **<u>Settlement Fairness Hearing</u>** – The Court will hold a hearing (the "Settlement Fairness Hearing") on **September 5, 2019** at 3**:00 p.m.** in Courtroom 1105 of the United States District Court for the Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, Courtroom 1105, New York, NY 10007, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class, and should be approved by the Court; (b) whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Class Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Fairness Hearing shall be given to Class Members as set forth in ¶ 4 of this Order.

3. The Court may adjourn the Settlement Fairness Hearing without further notice to the Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Class.

4. **<u>Retention of Claims Administrator and Manner of Giving Notice</u>** – Class Counsel are hereby authorized to retain Epiq Class Action & Mass Tort Solutions Inc. (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Settlement Fairness Hearing shall be given by Class Counsel as follows:

   a. within five (5) calendar days after entry of this Order, FCA shall provide or cause to be provided to Class Counsel or the Claims Administrator, at no cost to the Settlement Fund, Class Counsel, or the Claims Administrator, a list, in electronic form, of record holders of FCA common stock during the Class Period obtained from FCA's U.S. transfer agent (consisting of names and addresses, as well as e-mail addresses if available), to the extent that such information is reasonably available;

   b. not later than twenty (20) calendar days after the date of entry of this Order ("Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Claim Form, substantially in the forms attached as Exhibits A-1

(filed at Docket No. 355-2) and A-2 (filed at Docket No. 355-3) to the Stipulation, respectively (together, the "Notice Packet"), to be mailed by first-class mail, or e-mailed, to potential Class Members at the mailing addresses and/or the e-mail addresses set forth in the records provided or caused to be provided by FCA, or who otherwise may be identified through further reasonable effort;

    c.  contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded;

    d.  not later than ten (10) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached as Exhibit A-3 to the Stipulation, *see* Docket No. 355-4, to be published once in *Investor's Business Daily* and to be transmitted once over the *PR Newswire*; and

    e.  not later than seven (7) calendar days prior to the Settlement Fairness Hearing, Class Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

  5.  **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Claim Form, and the Summary Notice, attached as Exhibits A-1, A-2, and A-3 to the Stipulation, respectively, and (b) finds

that the mailing and distribution of the Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in ¶ 4 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Class Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, of their right to exclude themselves from the Class, and of their right to appear at the Settlement Fairness Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules. The date and time of the Settlement Fairness Hearing shall be included in the Notice and Summary Notice before they are mailed (and/or e-mailed) and published, respectively.

6. **<u>Nominee Procedures</u>** – Brokers and other nominees who purchased or otherwise acquired FCA common stock on a U.S. Exchange or otherwise in the

United States during the Class Period for the benefit of another person or entity shall (a) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice, send a list of the names and addresses (and e-mail addresses, if available) of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail or e-mail the Notice Packet to such beneficial owners. Nominees or custodians who elect to send the Notice Packet to their beneficial owners shall send a written certification to the Claims Administrator confirming that the mailing has been made as directed. Additional copies of the Notice Packet shall be made available to any nominee or custodian requesting same for the purpose of distribution to beneficial owners. The Claims Administrator shall, if requested, reimburse nominees or custodians solely for their reasonable out-of-pocket expenses, up to $0.70 per notice mailed or $.10 per name and address provided to Claims Administrator, incurred in providing notice to beneficial owners, which expenses would not have been incurred except for the sending of such notice, and subject to further order of this Court with respect to any dispute concerning such reimbursement.

7. **Participation in the Settlement** – Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked, or submitted online, no later than one hundred twenty (120) calendar days after the Notice Date. Notwithstanding the foregoing, Class Counsel may, at their discretion, accept for processing late Claims, provided such acceptance does not delay the distribution of the Net Settlement Fund to the Class. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim and the subject matter of the Settlement.

8. Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Class Counsel or the Claims

Administrator;[1] (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Class Member must be included in the Claim Form to the satisfaction of Class Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

9. Any Class Member who does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment and the Releases provided for therein; and (d) will be barred from commencing, instituting, maintaining, prosecuting or continuing to prosecute any or all of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Notice.

---

[1] The documentation provided must show whether the FCA common stock claimed was purchased or otherwise acquired on a U.S. Exchange or in a transaction in the United States. To the extent the documentation does not provide whether the claimed common stock was purchased or otherwise acquired on a U.S. Exchange or in a transaction in the United States, or it is unclear, the Claimant will be required to supply additional documentation that provides such information to the satisfaction of Class Counsel or the Claims Administrator.

Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in ¶ 7 above.

10. **Exclusion From the Class** – Any member of the Class who wishes to exclude himself, herself, or itself from the Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Class must be mailed or delivered such that it is received no later than **August 15, 2019**, to: *Fiat Chrysler Automobiles Securities Litigation Settlement*, EXCLUSIONS, c/o Epiq Class Action & Claims Solutions, Inc., P.O. Box 5270, Seattle, Portland, OR 97208-5270, and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Class in *Pirnik et al. v. Fiat Chrysler Automobiles N.V., et al.*, Case No. 15-cv-07199-JMF"; (iii) state the number of shares of FCA common stock that the person or entity requesting exclusion purchased/acquired between October 13, 2014 and August 21, 2017, both dates inclusive, as well as the dates, number of shares, and prices of each such purchase/acquisition, and whether the purchase/acquisition was made on a U.S. Exchange or otherwise in the United States; (iv) state the number of shares of FCA common stock that the person or entity requesting exclusion sold between

October 13, 2014 and August 21, 2017, both dates inclusive, as well as the dates, number of shares, and prices of each such sale; and (v) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

11. Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Class shall not be a Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

12. Any Class Member who or which does not timely and validly request exclusion from the Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Class; (b) shall be forever barred from requesting exclusion from the Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Judgment and the Releases provided for therein; and (d) will be barred from commencing, instituting, maintaining, prosecuting or continuing to prosecute any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees, as more fully described in the Stipulation and Notice.

13. **Appearance and Objections at Settlement Fairness Hearing** – Any Class Member who does not request exclusion from the Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court and delivering to representatives of both Class Counsel and Defendants' Counsel, at the addresses set forth in ¶ 14 below, a notice of appearance such that it is received no later than **August 15, 2019**, or as the Court may otherwise direct. Any Class Member who does not enter an appearance will be represented by Class Counsel.

14. Any Class Member who does not request exclusion from the Class may submit a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Class Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; *provided, however*, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, the Plan of Allocation, and/or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on representatives of

both Class Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than **August 15, 2019**.

| **Class Counsel** | **Defendants' Counsel** |
|---|---|
| Jeremy A. Lieberman, Esq.<br>Pomerantz LLP<br>600 Third Avenue, 20th Floor<br>New York, New York 10016 | William B. Monahan, Esq.<br>Sullivan & Cromwell LLP<br>125 Broad Street<br>New York, NY 10004-2498 |
| Laurence M. Rosen, Esq.<br>The Rosen Law Firm, P.A.<br>275 Madison Avenue, 34th Floor<br>New York, New York 10016 | |

15. Any objections by a Class Member must: (a) state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) state whether the objector is represented by counsel and, if so, the name, address, and telephone number of the objector's counsel; (c) indicate whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class; (d) state with specificity the grounds for the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention; and (e) include documents sufficient to prove membership in the Class, consisting of (1) documents showing the number of shares of FCA common stock that the objector purchased/acquired between October 13, 2014 and August 21, 2017, both dates inclusive, as well as the dates, number of shares, and prices of each such

purchase/acquisition, and whether the purchase/acquisition was made on a U.S. Exchange or otherwise in the United States, and (2) documents showing the number of shares of FCA common stock that the objector sold between October 13, 2014 and August 21, 2017, both dates inclusive, as well as the dates, number of shares, and prices of each such sale. Documentation establishing membership in the Class (including that the FCA common stock claimed was purchased or acquired on a U.S. Exchange or otherwise in the United States) must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement. Objectors who enter an appearance and desire to present evidence at the Settlement Fairness Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing. Objectors shall be allowed to present argument and evidence solely at the discretion of the Court.

16. Any Class Member who or which does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the Settlement, the Plan of Allocation, and Class Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness,

reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

17. **Stay and Temporary Injunction** – The Court hereby stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Further, pending final determination of whether the Settlement should be approved, the Court bars and enjoins Plaintiffs from commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees.

18. **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Class Members and notifying them of the Settlement, as well as in administering the Settlement, shall be paid as set forth in the Stipulation without further order of the Court.

19. **Settlement Fund** – The contents of the Settlement Fund held by The Huntington National Bank (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

20. **Taxes** – Class Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes and Tax Expenses owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

21. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Supplemental Agreement, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, including as a result of any appeals, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Plaintiffs, the other Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action as of the date immediately prior to the execution of the Stipulation, as provided in the Stipulation.

22. **Use of this Order** – Neither this Order, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken

pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

        a.    shall be offered against any of the Defendants or the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by any of the Defendants or Defendants' Releasees with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants or Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants or the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

        b.    shall be offered against Plaintiffs or any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by Plaintiffs or any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants or Defendants' Releasees had meritorious defenses, or that damages recoverable in the Action would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for

any other reason as against Plaintiffs or any of the Plaintiffs' Releasees, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

    c. shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

23. **Supporting Papers** – Class Counsel shall file and serve the opening papers in support of the Settlement, the Plan of Allocation, and Class Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses no later than thirty five (35) calendar days prior to the Settlement Fairness Hearing; and reply papers shall be filed and served no later than seven (7) calendar days prior to the Settlement Fairness Hearing. Class Counsel shall include in their reply papers detailed data on the claims-rate, opt-out rate, and estimated mean recovery per claimant.

24. **CAFA Notice** – As set forth in the Stipulation, and pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § I 715(b)-(c), Defendants

18

shall timely serve the CAFA notice upon the appropriate federal and state officials. Defendants shall be responsible for all costs and expenses related to CAFA notice.

25. The Court finds that the Court will likely be able to approve the proposed Settlement under Federal Rule of Civil Procedure 23(e)(2).

26. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

27. In light of this Order, the parties' earlier motions (for summary judgment, for sanctions, and to exclude the testimony of certain witnesses) are DENIED as moot. The letter motions to file motion papers under seal, which the Court temporarily granted upon the filing of the papers, are GRANTED; the parties need not re-file on the docket any of the sealed or redacted motions papers.

28. The Clerk of Court is directed to terminate Docket Nos. 273, 276, 279, 289, 292, 295, 298, 310, and 353.

SO ORDERED this 10th day of April, 2019.

_____
JESSE M. FURMAN
U.S. DISTRICT JUDGE