# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GARY KOOPMANN, TIMOTHY KIDD, and VICTOR PIRNIK, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>FIAT CHRYSLER AUTOMOBILES N.V., FCA US LLC, RONALD ISELI AND ALESSANDRO BALDI, AS CO-EXECUTORS FOR THE ESTATE OF SERGIO MARCHIONNE, SCOTT KUNSELMAN, MICHAEL DAHL, STEVE MAZURE and ROBERT E. LEE,<br><br>Defendants. | **Case No: 15-cv-07199-JMF**<br><br>Hon. Jesse M. Furman |

**DECLARATION OF MATTHEW MULVIHILL REGARDING: (A) MAILING OF THE NOTICE AND PROOF OF CLAIM; (B) PUBLICATION OF THE SUMMARY NOTICE; AND (C) REPORT ON REQUESTS FOR EXCLUSION**

I, Matthew Mulvihill, declare and state as follows, pursuant to 28 U.S.C. § 1746:

1. I am a Project Manager employed by Epiq Class Action & Claims Solutions, Inc. ("Epiq"). The following statements are based on my personal knowledge and information provided by other Epiq employees working under my supervision and, if called on to do so, I could and would testify competently thereto.

2. Epiq was retained by Lead Counsel for the Class to provide notice and administration services in the above-captioned class action litigation (the "Action"), and appointed

by the Court as the Claims Administrator.[1] I submit this Declaration in order to provide the Court and the parties to the Settlement with information regarding, among other things, the mailing of the Court-approved Notice of Pendency of Class Action and Proposed Settlement (the "Notice") and the Proof of Claim and Release ("Proof of Claim") (together, the Notice and Proof of Claim are referred to herein as the "Claim Packet"), as well as the publication of the Summary Notice and establishment of the website and toll-free numbers dedicated to this class action, in accordance with the Order Preliminarily Approving Settlement and Providing for Notice ("Preliminary Approval Order").

**DISSEMINATION OF THE CLAIM PACKET**

3. Epiq is responsible for disseminating the Claim Packet to potential Class Members in this Action. By definition, Class Members are all persons and entities who purchased or otherwise acquired, on a U.S. Exchange or in a transaction in the United States, FCA common stock between October 13, 2014, and May 23, 2017, both dates inclusive.

4. On April 15, 2019, Lead Counsel forwarded to Epiq a spreadsheet from Defendants' Counsel that was provided by the transfer agent for FCA, containing shareholders of record of FCA common stock. This file had a total of 202 names and addresses for noticing. Epiq extracted the names and addresses. After data clean-up and de-duplication, there remained 185 unique names and addresses of potential Settlement Class Members. Epiq added this data into a database created for the Action.

5. As in most class actions of this nature, the large majority of potential Class Members are expected to be beneficial purchasers whose securities are held in "street name" – *i.e.*, the securities are purchased by brokerage firms, banks, institutions and other third-party nominees

[1] Unless otherwise defined herein, all capitalized terms shall have the same meanings as set forth in the Stipulation and Agreement of Settlement, dated April 5, 2019 (the "Stipulation").

in the name of the nominee, on behalf of the beneficial purchasers.  Epiq maintains and updates a proprietary list of the largest and most common banks, brokers and other nominees.  Accordingly, the list of known holders of FCA common stock provided by the FCA transfer agent was supplemented with Epiq's internal broker list containing 1,339 additional names and addresses.

6.      Epiq thereafter formatted the Claim Packet and caused it to be printed, personalized with the name and address of each potential Class Member or nominee, and mailed by first-class mail, postage prepaid, to the known potential Class Members and nominees on April 30, 2019 (the "Notice Date").

7.      On the Notice Date, 1,524 copies of the Claim Packet were mailed.  A copy of the Claim Packet is attached hereto as Exhibit A.

8.      The Notice requested that nominees who purchased or otherwise acquired FCA common stock during the Class Period for the beneficial interest of a person or entity other than themselves to either: (i)  within seven (7) calendar days of receipt of the Notice, request sufficient copies of the Claim Packet to forward to all such beneficial owners and with seven (7) calendar days of receipt of these Claim Packets to forward to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of the Notice, provide a list of the names and addresses (and e-mail addresses, if available) of all such beneficial owners to Epiq.  Nominees also received an instruction letter with their Claim Packets.  A true and accurate copy of the letter sent to nominees is attached as Exhibit B.

9.      Epiq has received requests from nominees for additional unaddressed copies of the Claim Packet and for Claim Packets to be mailed directly by Epiq to potential Class Members identified by the nominee.  From the Notice Date through August 1, 2019, Epiq has mailed an additional 94,311 copies of the Claim Packet to potential members of the Class whose names and

addresses were received from individuals or nominees. Epiq has also mailed another 85,072 Claim Packets to nominees who requested Claim Packets to forward to their customers. All requests for notice have been responded to in a timely manner and Epiq will continue to timely respond to any additional requests received.

10. Epiq performed a personalized calling campaign to the largest nominees in order to field any questions they had regarding the Notice and to prompt them to respond to the Notice by either identifying Class Members or requesting copies of the Notice to forward directly to their clients. Epiq's typical practice, which was followed here, is to make multiple attempts to reach a person at the nominees' offices. If Epiq is unable to reach the nominee by phone, Epiq sends the nominee an email reminding them to provide Epiq with the names and addresses of their clients in accordance with the Notice.

11. On July 26, 2019, Epiq mailed a letter to all of the banks, brokers, and other nominees contained on its proprietary list, to serve as a reminder of their obligation to respond to the Notice, as required by Order of this Court.

12. As of August 1, 2019, an aggregate of 180,907 Claim Packets have been disseminated to potential Class Members and nominees by first-class mail.

13. As of August 1, 2019, 2,294 Claim Packets have been returned by the United States Postal Service to Epiq as undelivered as addressed ("UAA"). Of those returned UAA, 489 had forwarding addresses and were promptly re-mailed to the updated address.

**PUBLICATION OF THE SUMMARY NOTICE**

14. The Court's Preliminary Approval Order also directed that the Summary Notice be published once in *Investor's Business Daily* and be transmitted once over the *PR Newswire* no later than ten (10) calendar days after the Notice Date. Accordingly, the Summary Notice was

published in *Investor*'s Business Daily and transmitted over the *PR Newswire* on May 6, 2019. Attached as Exhibit C is a confirmation of publication, attesting to the publication in *Investor's Business Daily* and a screen shot attesting to transmission over *PR Newswire.*

**CALL CENTER SERVICES**

15. Epiq reserved a toll-free phone number for the Settlement, (877) 568-3518, and published that toll-free number in the Claim Packet, in the Summary Notice, and on the Settlement website.

16. The toll-free numbers connect callers with an Interactive Voice Recording ("IVR"). The IVR provides potential Class Members and others who call the toll-free telephone numbers access to additional information that has been pre-recorded. The toll-free telephone lines with pre-recorded information are available 24 hours a day, 7 days a week. Specifically, the pre-recorded message provides callers with a brief summary of the Settlement and the option to select one of several more detailed recorded messages addressing frequently asked questions. The IVR also allows callers to request that a copy of the Claim Packet be mailed to them or the caller may opt to speak live with a trained operator. Callers are able to speak to a live operator regarding the status of the Settlement and/or obtain answers to questions they may have, Monday through Friday from 9:00 a.m. to 9:00 p.m. Eastern Time (excluding official holidays). During other hours, callers may leave a message for an agent to call them back.

**WEBSITE**

17. Epiq established and is maintaining a website dedicated to the Action (www.FiatChryslerSecuritiesLitigation.com) to provide information to Class Members and to answer frequently asked questions. Users of the website can download a copy of the Notice, Claim Form, Stipulation of Settlement, and Order Granting Preliminary Approval. The web address was

set forth in the Claim Packet and the Summary Notice. Epiq will continue operating, maintaining and, as appropriate, updating the website until the conclusion of this administration.

**REQUESTS FOR EXCLUSION**

18. The Notice informed Class Members that written requests for exclusion from the Class must be mailed, so that they are received no later than August 15, 2019, addressed to *Fiat Chrysler Automobiles Securities Litigation*, EXCLUSIONS, c/o Epiq, P.O. Box 5270, Portland, OR 97208-5270. Epiq has monitored all mail that has been delivered to this Post Office Box. As of the date of this Declaration, Epiq has received nine (9) requests for exclusion from the Class, representing approximately 7,350 shares.[2] Epiq will continue to be the repository for exclusion requests up to and beyond the postmark deadline and will report any exclusion requests that are received.

19. Epiq will submit a supplemental declaration after the August 15, 2019 deadline for requesting exclusion, which will address all exclusion requests that are received.

20. The deadline to object to the Settlement is August 15, 2019. As of the date of this Declaration, Epiq has not received any objections to the Settlement.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on August 1, 2019 at Lake Success, NY.

Matthew Mulvihill

[2] Epiq received one additional request for exclusion that only listed of shares of FCA stock purchased outside of the Class Period. In consultation with Class Counsel, this request is considered invalid as the requestor is not a member of the Class.

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GARY KOOPMANN, TIMOTHY KIDD, and VICTOR PIRNIK, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>FIAT CHRYSLER AUTOMOBILES N.V., FCA US LLC, RONALD ISELI AND ALESSANDRO BALDI, AS CO-EXECUTORS FOR THE ESTATE OF SERGIO MARCHIONNE, SCOTT KUNSELMAN, MICHAEL DAHL, STEVE MAZURE and ROBERT E. LEE,<br><br>Defendants. | **Case No: 15-cv-07199-JMF**<br><br>Hon. Jesse M. Furman |

# NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES; AND (III) SETTLEMENT FAIRNESS HEARING

***A Federal Court authorized this Notice. This is not a solicitation from a lawyer.***

**Notice of Pendency of Class Action:** Please be advised that your rights may be affected by the above-captioned securities class action ("Action")[1] pending in the United States District Court for the Southern District of New York ("Court"), if, during the period between October 13, 2014 and May 23, 2017, both dates inclusive ("Class Period"), you purchased or otherwise acquired the publicly traded common stock of Fiat Chrysler Automobiles N.V. ("FCA" or the "Company") on a U.S. Exchange or in a transaction in the United States.[2] [3]

**Notice of Settlement:** Please also be advised that the Court-appointed Class Representatives Gary Koopmann, Timothy Kidd and Victor Pirnik ("Plaintiffs"), on behalf of themselves and the Class (as defined in paragraph 12 below), have reached a proposed settlement of the Action with Defendants Fiat Chrysler Automobiles N.V. ("FCA"), FCA US LLC ("FCA US"), Ronald Iseli and Alessandro Baldi, as co-executors for the estate of Sergio Marchionne ("Marchionne" and the "Estate of Marchionne"), Scott Kunselman ("Kunselman"), Michael Dahl ("Dahl"), Steve Mazure ("Mazure") and Robert E. Lee ("Lee"; collectively, the "Defendants") for $110 million in cash that, if approved, will resolve all claims in the Action ("Settlement").

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a member of the Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, the Defendants in the Action or their counsel. All questions should be directed to Class Counsel or the Claims Administrator (*see* paragraph 56 below).**

**Additional information about the Settlement is available on the website, www.FiatChryslerSecuritiesLitigation.com.**

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated April 5, 2019 ("Stipulation"), which is available at www.FiatChryslerSecuritiesLitigation.com.

[2] This includes purchases of FCA common stock executed on a U.S. exchange or U.S. alternative trading system. FCA common stock was also listed on Italy's national stock exchange in Milan during the Class Period and traded under the ticker symbol "FCA." However, purchases of FCA common stock on a non-U.S. stock exchange are not included in the Settlement.

[3] Additional information concerning which purchases and acquisitions of FCA common stock are included in the Settlement is located herein at Appendix A, Plaintiffs' Proposed Plan of Allocation, "INSTRUCTIONS APPLICABLE TO ALL CLAIMANTS."

## 1. Description of the Action and the Class

This Notice relates to a Proposed Settlement of claims in a pending putative securities class action brought by investors alleging, among other things, that Defendants violated the federal securities laws by making false and misleading statements and omissions. A more detailed description of the Action is set forth in paragraph 11 below. The Proposed Settlement, if approved by the Court, will settle claims of the Class, as defined in paragraph 12 below.

## 2. Statement of the Class's Recovery

Subject to Court approval, Plaintiffs, on behalf of themselves and the Class, have agreed to settle the Action in exchange for a settlement payment of $110 million in cash ("Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon ("Settlement Fund") less (i) any Taxes and Tax Expenses; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; and (iv) any attorneys' fees awarded by the Court) will be distributed in accordance with a plan of allocation approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Class. Plaintiffs' proposed plan of allocation ("Plan of Allocation") is attached hereto as Appendix A.

## 3. Estimate of Average Amount of Recovery Per Share

Based on Plaintiffs' damages expert's estimate of the number of shares of FCA common stock purchased or otherwise acquired on a U.S. Exchange or in a transaction in the United States during the Class Period that may have been affected by the conduct at issue in the Action, and assuming that all Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses, and costs as described herein) per eligible share is approximately $0.26. **Class Members should note, however, that the foregoing average recovery per eligible share is only an estimate.** Some Class Members may recover more or less than this estimated amount depending on, among other factors: (i) when and the price at which they purchased/acquired shares of FCA common stock on a U.S. Exchange or in a transaction in the United States; (ii) whether they sold their shares of FCA common stock and, if so, when and the price at which they sold their shares; (iii) the total number and value of valid Claims submitted; (iv) the amount of Notice and Administration Costs; and (v) the amount of attorneys' fees and Litigation Expenses awarded by the Court. Distributions to Class Members will be made based on the Plan of Allocation attached hereto as Appendix A or such other plan of allocation as may be ordered by the Court.

## 4. Average Amount of Damages Per Share

The Parties do not agree on the average amount of damages per share of FCA common stock that would be recoverable if Plaintiffs were to prevail in the Action. Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Class as a result of their conduct.

## 5. Attorneys' Fees and Expenses Sought

Court-appointed Class Counsel, Pomerantz LLP and The Rosen Law Firm, P.A., have not received any payment of attorneys' fees for their representation of the Class in the Action and have advanced the funds to pay expenses incurred to prosecute this Action with the expectation that if they were successful in recovering money for the Class, they would receive fees and be paid for their expenses from the Settlement Fund, as is customary in this type of litigation. Class Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed 30% of the Settlement Fund. In addition, Class Counsel will apply for reimbursement of Litigation Expenses incurred in connection with the institution, prosecution, and resolution of the claims against Defendants, in an amount not to exceed $2,800,000, which amount may include a request for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Class in accordance with 15 U.S.C. §78u-4(a)(4), in an aggregate amount not to exceed $45,000, which will be included as part of the $2,800,000 total amount of Litigation Expenses sought. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses. The Settlement does not include an endorsement by Defendants of any application submitted by Class Counsel for an award of attorneys' fees and/or Litigation Expenses. The estimated average cost per eligible share of FCA common stock, if the Court approves Class Counsel's fee and expense application, is approximately $0.09 per share. **Please note that this amount is only an estimate**.

## 6.   Identification of Attorneys' Representatives

Plaintiffs and the Class are represented by Jeremy A. Lieberman, Esq. of Pomerantz LLP, 600 Third Avenue, 20th Floor, New York, NY 10016, 1-212-661-1100, jalieberman@pomlaw.com and Laurence M. Rosen, Esq. of The Rosen Law Firm, P.A., 275 Madison Avenue, 34th Floor, New York, NY 10016, 1-212-686-1060, lrosen@rosenlegal.com. Further information regarding the Action, the Settlement, and this Notice may be obtained by contacting Class Counsel or the Court-appointed Claims Administrator at *Fiat Chrysler Automobiles Securities Litigation Settlement*, c/o Epiq Class Action & Claims Solutions, Inc., P.O. Box 5270, Portland, OR 97208-5270, 1-877-568-3518, info@FiatChryslerSecuritiesLitigation.com, www.FiatChryslerSecuritiesLitigation.com.

## 7.   Reasons for the Settlement

Plaintiffs' principal reason for entering into the Settlement is the immediate cash benefit for the Class without the risk or the delays and costs inherent in further litigation. Moreover, the cash benefit provided under the Settlement must be considered against the risk that a smaller recovery–or indeed no recovery at all–might be achieved after contested motions, a trial of the Action, and the likely appeals that would follow a trial. This process could be expected to last several years. Defendants, who deny all allegations of wrongdoing or liability whatsoever, have determined that it is desirable and beneficial to them that the Action be settled in the manner and upon the terms and conditions of the Settlement.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM ONLINE OR POSTMARKED NO LATER THAN AUGUST 28, 2019.** | This is the only way to be eligible to receive a payment from the Settlement Fund. If you are a Class Member and you remain in the Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in paragraph 21 below) that you have against Defendants and the other Defendants' Releasees (defined in paragraph 22 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN AUGUST 15, 2019.** | Get no payment. If you exclude yourself from the Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that allows you to ever be part of any other lawsuit against the Defendants concerning the claims that were, or could have been, asserted in this Action. It is also the *only* way for Class Members to remove themselves from the Class. **If you are considering excluding yourself from the Class, please note that there is a risk that any new claims asserted against the Defendants may no longer be timely and would be time-barred. *See* paragraph 43 below.** |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN AUGUST 15, 2019.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, you may write to the Court and explain why you do not like them. In order to object, you must remain a member of the Class, may not exclude yourself, and you will be bound by the Court's determinations. |
| **GO TO THE SETTLEMENT FAIRNESS HEARING ON SEPTEMBER 5, 2019 AT 3:00 P.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN AUGUST 15, 2019.** | If you have filed a written objection and wish to appear at the Settlement Fairness Hearing, you must also file a notice of intention to appear by August 15, 2019, which allows you to speak in Court, at the discretion of the Court, about the fairness of the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing. |
| **DO NOTHING.** | If you are a member of the Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

**These rights and options–and the deadlines to exercise them–are further explained in this Notice. Please Note: The date and time of the Settlement Fairness Hearing–currently scheduled for September 5, 2019 at 3:00 p.m.–is subject to change without further notice to the Class. If you plan to attend the Settlement Fairness Hearing, you should check the website www.FiatChryslerSecuritiesLitigation.com or with Class Counsel as set forth above to confirm that no change to the date and/or time of the hearing has been made.**

## WHAT THIS NOTICE CONTAINS

| | |
|---|---|
| Why Did I Get This Notice? | Page 5 |
| What Is This Case About? | Page 5 |
| How Do I Know If I Am Affected By The Settlement? Who Is Included In The Class? | Page 6 |
| What Are Plaintiffs' Reasons For The Settlement? | Page 6 |
| What Might Happen If There Were No Settlement? | Page 6 |
| How Are Class Members Affected By The Action And The Settlement? | Page 7 |
| How Do I Participate In The Settlement? What Do I Need To Do? | Page 8 |
| How Much Will My Payment Be? | Page 9 |
| What Payment Are The Attorneys For The Class Seeking? How Will The Lawyers Be Paid? | Page 10 |
| What If I Do Not Want To Be A Member Of The Class? How Do I Exclude Myself? | Page 10 |
| When And Where Will The Court Decide Whether To Approve The Settlement? Do I Have To Come To The Settlement Fairness Hearing? May I Speak At The Settlement Fairness Hearing If I Don't Like The Settlement? | Page 10 |
| What If I Bought Shares On Someone Else's Behalf? | Page 12 |
| Can I See The Court File? Whom Should I Contact If I Have Questions? | Page 12 |
| Proposed Plan of Allocation of Net Settlement Fund Among Authorized Claimants | Appendix A |

## WHY DID I GET THIS NOTICE?

8. The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian <u>may</u> have purchased or otherwise acquired FCA common stock on a U.S. Exchange or in a transaction in the United States during the Class Period. The Court has directed us to send you this Notice because, as a potential Class Member, you have a right to know about your options before the Court rules on the Proposed Settlement. Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights. If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9. The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Class if you wish to do so. It is also being sent to inform you of the terms of the Proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and Class Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses ("Settlement Fairness Hearing"). *See* paragraph 46 below for details about the Settlement Fairness Hearing, including the date and location of the hearing.

10. The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing. Please be patient, as this process can take some time.

## WHAT IS THIS CASE ABOUT?

11. The Court in charge of this case, *Victor Pirnik v. Fiat Chrysler Automobiles N.V., et al.*, No. 15-cv-07199-JMF (S.D.N.Y.) (the "Action"), is the United States District Court for the Southern District of New York. The Action is a securities class action brought against FCA and the other Defendants. Plaintiffs allege that, during the Class Period, Defendants violated provisions of the Securities Exchange Act of 1934 ("Exchange Act") by allegedly making material misstatements and/or omissions of material fact in public statements regarding FCA's compliance with vehicle safety and emissions regulations in the United States and elsewhere. The Fourth Amended Complaint For Violations Of The Federal Securities Laws (the "Complaint") alleges that the misstatements or omissions artificially inflated the price of FCA common stock and that the share price dropped in response to certain subsequent disclosures. Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE CLASS?

12. If you are a member of the Class, you are subject to the Settlement, unless you timely request to be excluded from the Class. The Class certified by the Court consists of:

> **All persons and entities who purchased or otherwise acquired, on a U.S. Exchange or in a transaction in the United States, FCA common stock between October 13, 2014 and May 23, 2017, both dates inclusive.**

Excluded from the Class are Defendants, current and former officers and directors of FCA and FCA US LLC, their Immediate Family members and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest. Also excluded from the Class are any persons and entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court. *See* "What If I Do Not Want To Be A Member Of The Class? How Do I Exclude Myself," on page 10 below.

**PLEASE NOTE: RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.**

**IF YOU ARE A CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED NO LATER THAN AUGUST 28, 2019.**

## WHAT ARE PLAINTIFFS' REASONS FOR THE SETTLEMENT?

13. Plaintiffs and Class Counsel believe that the claims asserted against Defendants have merit; however, they also recognize the substantial risks in continuing to litigate the Action. For example, Defendants have raised a number of arguments and defenses, including that Defendants made no misrepresentations, that the alleged misrepresentations were immaterial as a matter of law and that Plaintiffs would not be able to establish that Defendants acted with the requisite intent. Even assuming Plaintiffs could establish Defendants' liability, the amount of damages that could be attributed to the allegedly false statements would be hotly contested. Additionally, Plaintiffs and Class Counsel recognize the significant expense and length of continued proceedings necessary to pursue their claims against Defendants through further motion practice, trial, and appeals. Thus, there were very significant risks attendant to the continued prosecution of the Action.

14. In light of these risks, the amount of the Settlement, and the immediacy of recovery to the Class, Plaintiffs and Class Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Class. Plaintiffs and Class Counsel believe that the Settlement provides a favorable result for the Class, namely $110 million in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no, recovery after summary judgment, trial, and appeals, possibly years in the future.

15. Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever. Defendants have agreed to the Settlement to eliminate the burden and expense of continued litigation, and the Settlement may not be construed as an admission of any wrongdoing by Defendants in this or any other action or proceeding.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

16. If there were no Settlement and Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Plaintiffs nor the other members of the Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial, or on appeal, the Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW ARE CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

17. The law firms of Pomerantz LLP and The Rosen Law Firm, P.A. were appointed to represent all Class Members. These lawyers are called Class Counsel. You will not be separately charged for the services of these lawyers. The Court will determine the amount of Class Counsel's fees and expenses. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. As a Class Member, you are represented by Class Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf. *See* "When And Where Will The Court Decide Whether To Approve The Settlement?" below.

18. If you are a Class Member and do not wish to remain a Class Member, you may exclude yourself from the Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Class? How Do I Exclude Myself?" below.

19. If you are a Class Member and you wish to object to the Settlement, the Plan of Allocation, or Class Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?" below.

20. If you are a Class Member and you do not exclude yourself from the Class, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment ("Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Plaintiffs and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, and on behalf of any other person or entity legally entitled to bring Released Plaintiffs' Claims (as defined in paragraph 21 below) on behalf of any Class Member, shall be deemed to have, and by operation of law and of the Judgment shall have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against the Defendants' Releasees (as defined in paragraph 22 below), and shall forever be barred and enjoined from commencing, instituting, maintaining, prosecuting or continuing to prosecute any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees, in this Action or in any other proceeding. This Release shall not apply to any Excluded Plaintiffs' Claims (as defined in paragraph 21 below).

21. "Released Plaintiffs' Claims" means any and all claims, rights, duties, controversies, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, losses, judgments, liabilities, allegations, arguments, and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether fixed or contingent, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that Plaintiffs or any other member of the Class (i) asserted in the Action or (ii) could have asserted in any court or forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations, or omissions set forth in the complaints filed in the Action and that relate to the purchase, acquisition or ownership of shares of FCA common stock on (and for ownership, shares resulting from a purchase or acquisition on) the New York Stock Exchange or any other securities exchange located in the United States ("U.S. Exchange") or otherwise in a transaction in the United States during the Class Period. "Released Plaintiffs' Claims" do not include (i) any claims relating to the enforcement of the Settlement; (ii) any claims asserted in the action *Palazzolo v. Fiat Chrysler Automobiles N.V.*, No. 4:16-cv-12803-LVP-SDD (E.D. Mich.); or (iii) any claims of any person or entity who or which submits a request for exclusion from the Class that is accepted by the Court ("Excluded Plaintiffs' Claims").

22. "Defendants' Releasees" means Defendants, together with their past, present, or future affiliates, divisions, joint ventures, assigns, assignees, direct or indirect parents or subsidiaries, controlling shareholders, successors, predecessors, and entities in which a Defendant has a controlling interest, and each of their past, present, or future officers, directors, agents, employees, partners, members, attorneys, controlling shareholders, advisors, investment advisors, auditors, accountants, insurers (including reinsurers and co-insurers), and Immediate Family members, and the legal representatives, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, successors in interest, or assigns of any of the foregoing. For the avoidance of doubt, Defendants' Releasees expressly includes Roland Iseli and Alessandro Baldi, as Co-Executors of the Estate of Sergio Marchionne.

23. "Unknown Claims" means any Released Plaintiffs' Claims which Plaintiffs or any other Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his or its favor at the time of the release of such claims. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly waive, and each of the Class Members shall be deemed to have, and by operation of the Judgment or the Alternative Judgment, if applicable, shall have, expressly waived, the provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Parties acknowledge that they may hereafter discover facts in addition to or different from those which he or it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims, but, upon the Effective Date, Plaintiffs and Defendants shall expressly settle and release, and each of the other Class Members shall be deemed to have, and by operation of the Judgment or the Alternative Judgment, if applicable, shall have, settled and released, any and all Released Claims without regard to the subsequent discovery or existence of such different or additional facts.

24. The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, and on behalf of any other person or entity legally entitled to bring Released Defendants' Claims on behalf of the Defendants, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim (as defined in paragraph 25 below) against the Plaintiffs' Releasees (as defined in paragraph 26 below), and shall forever be barred and enjoined from commencing, instituting, maintaining, prosecuting or continuing to prosecute any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees, in this Action or in any other proceeding. This Release shall not apply to any Excluded Defendants' Claims (as defined in paragraph 25 below).

25. "Released Defendants' Claims" means any and all claims, rights, duties, controversies, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, losses, judgments, liabilities, allegations, arguments, and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether fixed or contingent, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action. "Released Defendants' Claims" does not include (i) any claims relating to the enforcement of the Settlement; or (ii) any claims against any person or entity who submits a request for exclusion from the Class that is accepted by the Court ("Excluded Defendants' Claims").

26. "Plaintiffs' Releasees" means (i) Plaintiffs, their attorneys and all other Class Members; (ii) the current and former parents, affiliates, subsidiaries, successors, predecessors, assigns, and assignees of each of the foregoing in (i); and (iii) the current and former officers, directors, Immediate Family members, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, agents, affiliates, insurers, reinsurers, predecessors, successors, assigns, and advisors of each of the persons or entities listed in (i) and (ii), in their capacities as such.

## HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?

27. To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Class and you must timely complete and return the Claim Form with adequate supporting documentation ***postmarked (if mailed), or submitted online at www.FiatChryslerSecuritiesLitigation.com, no later than August 28, 2019***. A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.FiatChryslerSecuritiesLitigation.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-877-568-3518, or by emailing the Claims Administrator at info@FiatChryslerSecuritiesLitigation.com. You may also submit your Claim online. **Please retain all records of your ownership of and transactions in FCA common stock, as they may be needed to document your Claim.** If you request exclusion from the Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

28.  At this time, it is not possible to make any determination as to how much any individual Class Member may receive from the Settlement.

29.  Pursuant to the Settlement, Defendants shall pay or cause to be paid $110 million in cash. The Settlement Amount will be deposited into an escrow account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (as defined in paragraph 2 above) will be distributed to Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

30.  The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation and that decision is affirmed on appeal (if any) and/or the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired.

31.  Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final, including following any appeals. Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the plan of allocation, whether as proposed by Plaintiffs or as approved by the Court.

32.  Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

33.  Unless the Court otherwise orders, any Class Member who fails to submit a Claim Form postmarked (if mailed), or online, on or before **August 28, 2019** shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the Releases given. This means that each Class Member releases the Released Plaintiffs' Claims (as defined in paragraph 21 above) against the Defendants' Releasees (as defined in paragraph 22 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiffs' Claims against any of the Defendants' Releasees whether or not such Class Member submits a Claim Form.

34.  Participants in and beneficiaries of any employee retirement and/or benefit plan ("Employee Plan") should NOT include any information relating to shares of FCA common stock purchased/acquired through an Employee Plan in any Claim Form they submit in this Action. They should include ONLY those eligible shares of FCA common stock purchased/acquired during the Class Period outside of an Employee Plan. Claims based on any Employee Plan(s)' purchases/acquisitions of eligible FCA common stock during the Class Period may be made by the Employee Plan(s)' trustees. To the extent any of the Defendants or any of the other persons or entities excluded from the Class are participants in an Employee Plan(s), such persons or entities shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlement by such Employee Plan(s).

35.  The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Class Member.

36.  Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form.

37.  Only Class Members, *i.e.*, persons and entities who purchased or otherwise acquired FCA common stock on a U.S. Exchange or in a transaction in the United States during the Class Period, will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities who are excluded from the Class by definition or who exclude themselves from the Class pursuant to an exclusion request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.

38.  **Appendix A to this Notice sets forth the Plan of Allocation for allocating the Net Settlement Fund among Authorized Claimants, as proposed by Plaintiffs and Class Counsel. At the Settlement Fairness Hearing, Class Counsel will request the Court approve the Plan of Allocation. The Court may modify the Plan of Allocation, or approve a different plan of allocation, without further notice to the Class.**

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

39. Class Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Class, nor have Class Counsel been reimbursed for their out-of-pocket expenses. Before final approval of the Settlement, Class Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed 30% of the Settlement Fund, plus interest. Class Counsel intend to share part of any attorneys' fees awarded by the Court with Bronstein Gerwirtz & Grossman LLP and Bragar Eagel & Squire P.C in accordance with their level of contribution to the initiation, prosecution, and resolution of the Actions. Class Counsel also intends to apply for reimbursement of Litigation Expenses in an amount not to exceed $2,800,000, plus interest, which amount may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Class in accordance with 15 U.S.C. §78u-4(a)(4), in an aggregate amount not to exceed $45,000, which will be included as part of the $2,800,000 total amount of Litigation Expenses sought. The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses. The Settlement does not include an endorsement by Defendants of any application submitted by Class Counsel for an award of attorneys' fees and/or Litigation Expenses.

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE CLASS? HOW DO I EXCLUDE MYSELF?

40. Each Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written request for exclusion addressed to: *Fiat Chrysler Automobiles Securities Litigation Settlement,* EXCLUSIONS, c/o Epiq Class Action & Claims Solutions, Inc., P.O. Box 5270, Portland, OR 97208-5270. The request for exclusion must be ***received*** **no later than August 15, 2019**. You will not be able to exclude yourself from the Class after that date.

41. Each request for exclusion must: (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Class in *Pirnik et al. v. Fiat Chrysler Automobiles N.V., et al.*, Case No. 15-cv-07199-JMF"; (iii) state the number of shares of FCA common stock that the person or entity requesting exclusion purchased/acquired between October 13, 2014 and August 21, 2017, inclusive, as well as the dates, number of shares, and prices of each such purchase/acquisition, and whether the purchase/acquisition was made on a U.S. Exchange or otherwise in the United States; (iv) state the number of shares of FCA common stock that the person or entity requesting exclusion sold between October 13, 2014 and August 21, 2017, inclusive, as well as the dates, number of shares, and prices of each such sale; and (v) be signed by the person or entity requesting exclusion or an authorized representative.

42. A request for exclusion shall not be valid and effective unless it provides all the information called for in paragraph 41 and is received within the time stated above, or is otherwise accepted by the Court.

43. If you do not want to be part of the Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendants' Releasees. Excluding yourself from the Class is the only option that allows you to be part of any other current or future lawsuit against Defendants or any of the other Defendants' Releasees concerning the Released Plaintiffs' Claims. Please note, however, if you decide to exclude yourself from the Class, you may be time-barred from asserting the claims covered by the Action by a statute of repose. In addition, Defendants and the other Defendants' Releasees will have the right to assert any and all defenses they may have to any claims that you may seek to assert.

44. If you ask to be excluded from the Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

## WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?

45. **Class Members do not need to attend the Settlement Fairness Hearing. The Court will consider any submission made in accordance with the provisions below even if a Class Member does not attend the hearing.** Please Note: The date and time of the Settlement Fairness Hearing may change without further written notice to the Class. If you plan on attending the hearing, please check the website, www.FiatChryslerSecuritiesLitigation.com or contact Class Counsel to confirm that the date and/or time of the hearing has not changed.

46. The Settlement Fairness Hearing will be held on **September 5, 2019 at 3:00 p.m.**, before the Honorable Jesse M. Furman at the at the United States District Court for the Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, Courtroom 1105, New York, NY 10007. The Court reserves the right to approve the Settlement, the Plan of Allocation, Class Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and/or any other matter related to the Settlement at or after the Settlement Fairness Hearing without further notice to the members of the Class.

47. Any Class Member who or which does not request exclusion may object to the Settlement, the Plan of Allocation, or Class Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Southern District of New York at the address set forth below as well as serve copies on Class Counsel and on Defendants' Counsel at the addresses set forth below ***on or before August 15, 2019***.

| **Clerk of the Court** | **Class Counsel** | **Counsel For Defendants** |
|---|---|---|
| United States District Court<br>Southern District of New York<br>40 Foley Square<br>New York, NY 10007 | Jeremy A. Lieberman<br>POMERANTZ LLP<br>600 Third Avenue, Floor 20<br>New York, NY 10016<br>***or***<br>Laurence Rosen<br>The Rosen Law Firm, P.A.<br>275 Madison Avenue, 34th Floor<br>New York, NY 10016 | William B. Monahan<br>SULLIVAN & CROMWELL LLP<br>125 Broad Street<br>New York, NY 10004 |

48. To object, you must send a letter to the Court saying that you object to the Settlement in *Pirnik v. Fiat Chrysler Automobiles N.V., et al.*, No. 15-cv-07199-JMF, and stating the reasons that you object to the Settlement, or any part thereof.

49. Any objection must: (i) state the name, address, and telephone number of the person or entity objecting and be signed by the objector; (ii) state whether the objector is represented by counsel and, if so, the name, address, and telephone number of the objector's counsel; (iii) indicate whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class; (iv) state with specificity the grounds for the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention; (v) include documents sufficient to prove membership in the Class, consisting of documents showing the number of shares of FCA common stock that the objector purchased/acquired between October 13, 2014 and August 21, 2017, both dates inclusive, as well as the dates, number of shares, and prices of each such purchase/acquisition, and whether the purchase/acquisition was made on a U.S. Exchange or otherwise in the United States; and (vi) include documents showing the number of shares of FCA common stock that the objector sold between October 13, 2014 and August 21, 2017, both dates inclusive, as well as the dates, number of shares, and prices of each such sale.[4]

50. **You may not object to the Settlement, Plan of Allocation, or Class Counsel's motion for attorneys' fees and Litigation Expenses if you exclude yourself from the Class or if you are not a member of the Class.**

51. You may submit an objection without having to appear at the Settlement Fairness Hearing. You may not, however, appear at the Settlement Fairness Hearing to present your objection unless (1) you first submit a written objection in accordance with the procedures described above, (2) you first submit your notice of appearance in accordance with the procedures described below, or (3) the Court orders otherwise.

52. If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Class Counsel's motion for an award of attorneys' fees and Litigation Expenses, and if you timely submit a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Class Counsel and Defendants' Counsel at the addresses set forth in paragraph 47 above so that it is ***received* on or before August 15, 2019**. Persons who intend to object and desire to present evidence at the Settlement Fairness Hearing must include, in their written objection or notice of appearance, the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

[4] Documentation establishing membership in the Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement. Documentation must also show that the FCA common stock was purchased or otherwise acquired on a U.S. Exchange or in a transaction in the United States.

53. You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Fairness Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Class Counsel and Defendants' Counsel at the addresses set forth in paragraph 47 above so that the notice is ***received*** **on or before August 15, 2019**.

54. **Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Class Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Class Members do not need to appear at the Settlement Fairness Hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

55. If you purchased or otherwise acquired FCA common stock on a U.S. Exchange or in a transaction in the United States between October 13, 2014 and May 23, 2017, both dates inclusive, for the beneficial interest of persons or organizations other than yourself, you must either (i) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of this Notice, provide a list of the names and addresses (and e-mail addresses, if available) of all such beneficial owners to *Fiat Chrysler Automobiles Securities Litigation Settlement*, c/o Epiq Class Action & Claims Solutions, Inc., P.O. Box 5270, Portland, OR 97208-5270. If you choose the second option, the Claims Administrator will send a copy of the Notice Packet to the beneficial owners. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Copies of this Notice and the Claim Form may also be obtained from the Settlement website, www.FiatChryslerSecurtiesLitigation.com, by calling the Claims Administrator toll-free at 1-877-568-3518, or by emailing the Claims Administrator at info@FiatChryslerSecuritiesLitigation.com.

## CAN I SEE THE COURT FILE? WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

56. This Notice contains only a summary of the terms of the Settlement. For the terms and conditions of the Settlement, please see the Stipulation available at www.FiatChryslerSecuritiesLitigation.com. More detailed information about the matters involved in this Action can be obtained by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at www.pacer.gov, or by visiting, during regular office hours, the Office of the Clerk, United States District Court for the Southern District of New York, 40 Foley Square, New York, NY 10007. Additionally, copies of any related orders entered by the Court will be posted on the website for the Settlement, www.FiatChryslerSecuritiesLitigation.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

*Fiat Chrysler Automobiles Securities Litigation*
c/o Epiq Class Action & Claims Solutions, Inc.
P.O. Box 5270
Portland, OR 97208-5270
Tel.: 1-877-568-3518
info@FiatChryslerSecuritiesLitigation.com
www.FiatChryslerSecurtiesLitigation.com

and/or

Jeremy A. Lieberman
Pomerantz LLP
600 Third Avenue, Floor 20
New York, New York 10016

Laurence Rosen
The Rosen Law Firm, P.A.
275 Madison Avenue, 34th Floor
New York, NY 10016

**PLEASE DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: April 30, 2019

By Order of the Court
United States District Court
Southern District of New York

## APPENDIX A

**Plaintiffs' Proposed Plan of Allocation of Net Settlement Fund Among Authorized Claimants**

Plaintiffs' Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement. The Court may approve the Plan of Allocation proposed by Plaintiffs with or without modifications agreed to among the Parties, or may approve another plan of allocation, without further notice to Class Members.

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses as a result of the alleged fraud, as opposed to losses caused by market- or industry-wide factors, or Company-specific factors unrelated to the alleged fraud. The Claims Administrator shall be responsible for making administrative determinations, subject to review by the District Court, regarding whether claimants' transactions qualify for payments from the Net Settlement Fund pursuant to the terms of the Stipulation. The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the Recognized Loss formulas described below. A Recognized Loss will be calculated for each share of FCA common stock purchased on a U.S. Exchange or in a transaction in the U.S. during the Class Period. The calculation of Recognized Loss will depend upon several factors, including when the shares were purchased or otherwise acquired during the Class Period, and in what amounts, and whether those shares were sold, and if sold, when they were sold, and for what amounts. The Recognized Loss is not intended to estimate the amount a Class Member might have been able to recover after a trial, nor to estimate the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. The Claims Administrator will use its best efforts to administer and distribute the Net Settlement Fund to the extent that it is equitably and economically feasible.

The Plan of Allocation was created by Plaintiffs with the assistance of a consulting damages expert and reflects the assumption that the price of FCA common stock was artificially inflated throughout the Class Period. Defendants had no role in calculating the estimated alleged artificial inflation, and do not concede that any such artificial inflation existed. The estimated alleged artificial inflation in the price of FCA common stock during the Class Period is reflected in Table 1 below. The computation of the estimated alleged artificial inflation in the price of the shares during the Class Period is based on certain misrepresentations alleged by Plaintiffs and the price change in the shares, net of market- and industry-wide factors, in reaction to the public announcements that allegedly corrected the misrepresentations alleged by Plaintiffs.

Federal securities laws allow investors to recover for losses caused by disclosures which corrected the defendants' previous misleading statements or omissions. Thus, in order to have been damaged by the alleged violations of the federal securities laws, FCA common stock purchased on a U.S. Exchange or in a transaction in the U.S. during the Class Period must have been held during a period of time in which the price of the shares declined due to the disclosure of information which corrected an allegedly misleading statement or omission. Plaintiffs and Class Counsel have determined that such price declines occurred on: July 27, 2015; October 28, 2015; May 23, 2016; January 12, 2017; February 6, 2017; February 7, 2017; and May 23, 2017 (the "Corrective Disclosure Dates"). Accordingly, if a share of FCA common stock was sold before July 27, 2015 (the earliest Corrective Disclosure Date), the Recognized Loss for that share is $0.00, and any loss suffered is not compensable under the federal securities laws. Likewise, if a share of FCA common stock was both purchased and subsequently sold between two consecutive Corrective Disclosure Dates, the Recognized Loss for that share is $0.00.

**TABLE 1**
**ARTIFICIAL INFLATION IN FCA COMMON STOCK**

| From | To | Per-Share Price Inflation |
|---|---|---|
| 10/13/2014 | 7/26/2015 | $3.85 |
| 7/27/2015 | 10/27/2015 | $3.37 |
| 10/28/2015 | 5/22/2016 | $2.54 |
| 5/23/2016 | 1/11/2017 | $2.20 |
| 1/12/2017 | 2/5/2017 | $1.11 |
| 2/6/2017 | 2/6/2017 | $0.81 |
| 2/7/2017 | 5/22/2017 | $0.42 |
| 5/23/2017 | Thereafter | $0.00 |

The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss for FCA common stock. The limitations on the calculation of the Recognized Loss imposed by the PSLRA are applied such that losses on shares purchased during the Class Period and held as of the close of the 90-day period subsequent to the Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for such shares and the average price of FCA common stock during the 90-Day Lookback Period. The Recognized Loss on FCA common stock purchased during the Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for such shares and the rolling average price of FCA common stock during the portion of the 90-Day Lookback Period elapsed as of the date of sale. [5]

In the calculations below, all purchase and sale prices shall exclude any fees, taxes, commissions or other adjustments. If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to zero ($0.00). Any transactions in FCA common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

**Calculation of Recognized Loss Per FCA Security**

For each share of FCA common stock purchased or otherwise acquired during the Class Period (i.e., October 13, 2014 through May 23, 2017, both dates inclusive), the Recognized Loss per share shall be calculated as follows:

i. For each share purchased during the Class Period that was sold prior to July 27, 2015, the Recognized Loss per share is $0.

ii. For each share purchased during the Class Period that was subsequently sold during the period July 27, 2015, through May 23, 2017, both dates inclusive, the Recognized Loss per share is equal to the price inflation on the date of purchase as appears in Table 1 above, *minus* the price inflation on the date of sale as appears in Table 1 above.

iii. For each share purchased during the Class Period that was subsequently sold during the period May 24, 2017, through August 21, 2017, both dates inclusive (*i.e.*, the 90-Day Lookback Period), the Recognized Loss per share is equal to *the lesser of*:

  a. price inflation on the date of purchase as appears in Table 1 above; or

  b. the purchase price paid for such stock *minus* the "90-Day Lookback Value" on the date of sale as appears in Table 2 below.

iv. For each share purchased during the Class Period and still held as of the close of trading on August 21, 2017, the Recognized Loss per share is *the lesser of*:

  a. price inflation on the date of purchase as appears in Table 1 above; or

  b. the purchase price paid for such stock *minus* the average closing price for the FCA common stock during the 90-Day Lookback Period, which is $11.41.

[5] For purposes of applying the "90-day look back" provision of the PSLRA to FCA common stock acquired in the merger between Fiat S.p.A. and Chrysler Group LLC, the purchase price paid for such stock shall be $9.00, which is the opening price of FCA common stock on October 13, 2014, the start of the Class Period.

| TABLE 2 | | | | | |
|---|---|---|---|---|---|
| Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value |
| 5/24/2017 | $10.56 | 6/23/2017 | $10.77 | 7/25/2017 | $11.08 |
| 5/25/2017 | $10.57 | 6/26/2017 | $10.77 | 7/26/2017 | $11.09 |
| 5/26/2017 | $10.56 | 6/27/2017 | $10.77 | 7/27/2017 | $11.11 |
| 5/30/2017 | $10.53 | 6/28/2017 | $10.78 | 7/28/2017 | $11.13 |
| 5/31/2017 | $10.53 | 6/29/2017 | $10.78 | 7/31/2017 | $11.15 |
| 6/1/2017 | $10.64 | 6/30/2017 | $10.77 | 8/1/2017 | $11.17 |
| 6/2/2017 | $10.69 | 7/3/2017 | $10.78 | 8/2/2017 | $11.19 |
| 6/5/2017 | $10.72 | 7/5/2017 | $10.79 | 8/3/2017 | $11.20 |
| 6/6/2017 | $10.73 | 7/6/2017 | $10.80 | 8/4/2017 | $11.22 |
| 6/7/2017 | $10.76 | 7/7/2017 | $10.81 | 8/7/2017 | $11.24 |
| 6/8/2017 | $10.76 | 7/10/2017 | $10.82 | 8/8/2017 | $11.25 |
| 6/9/2017 | $10.76 | 7/11/2017 | $10.84 | 8/9/2017 | $11.26 |
| 6/12/2017 | $10.78 | 7/12/2017 | $10.86 | 8/10/2017 | $11.26 |
| 6/13/2017 | $10.80 | 7/13/2017 | $10.89 | 8/11/2017 | $11.27 |
| 6/14/2017 | $10.80 | 7/14/2017 | $10.92 | 8/14/2017 | $11.29 |
| 6/15/2017 | $10.80 | 7/17/2017 | $10.95 | 8/15/2017 | $11.32 |
| 6/16/2017 | $10.78 | 7/18/2017 | $10.97 | 8/16/2017 | $11.34 |
| 6/19/2017 | $10.77 | 7/19/2017 | $11.00 | 8/17/2017 | $11.36 |
| 6/20/2017 | $10.76 | 7/20/2017 | $11.03 | 8/18/2017 | $11.38 |
| 6/21/2017 | $10.76 | 7/21/2017 | $11.04 | 8/21/2017 | $11.41 |
| 6/22/2017 | $10.77 | 7/24/2017 | $11.06 | | |

## INSTRUCTIONS APPLICABLE TO ALL CLAIMANTS

The payment you receive will reflect your proportionate share of the Net Settlement Fund. Such payment will depend on the number of eligible shares that participate in the Settlement, and when those shares were purchased and sold. The number of claimants who send in claims varies widely from case to case.

A purchase or sale of FCA common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

Acquisition by Gift, Inheritance, or Operation of Law: If a Class Member acquired FCA common stock during the Class Period by way of gift, inheritance or operation of law, such a claim will be computed by using the date and price of the original purchase and not the date and price of transfer.

FCA common stock acquired during the Class Period (in a transaction in the U.S.) in connection with a stock offering by FCA, or in connection with a redemption/exchange/conversion/exercise of another security of FCA is deemed a purchase of FCA common stock.

FCA common stock acquired in connection with the October 12, 2014 cross-border merger of Fiat S.p.A. with and into its wholly-owned subsidiary Fiat Investments N.V., which was renamed Fiat Chrysler Automobiles N.V. upon effectiveness of the merger, is deemed a purchase of FCA common stock as of the first day of the Class Period.

Notwithstanding any of the above, receipt of FCA common stock during the Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase or sale of FCA common stock.

The first-in-first-out ("FIFO") basis will be applied to purchases and sales. Sales will be matched in chronological order, by trade date, first against FCA common stock held as of the close of trading on October 12, 2014 (the last day before the Class Period begins), and then against the purchases of FCA common stock during the Class Period.

The date of covering a "short sale" is deemed to be the date of purchase of FCA common stock. The date of a "short sale" is deemed to be the date of sale of FCA common stock. In accordance with the Plan of Allocation, however, the Recognized Loss on "short sales" is zero. In the event that a claimant has an opening short position in FCA common stock, the earliest Class Period purchases shall be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

Payment according to the Plan of Allocation will be deemed conclusive against all Authorized Claimants. A Recognized Loss will be calculated as defined herein and cannot be less than zero. The Claims Administrator shall allocate to each Authorized Claimant a *pro rata* share of the Net Settlement Fund based on his, her, or its Recognized Loss as compared to the total Recognized Losses of all Authorized Claimants. No distribution will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

Class Members who do not submit acceptable Proofs of Claim will not share in the Settlement proceeds. The Settlement Stipulation and the Order and Final Judgment dismissing this Action will nevertheless bind Class Members who do not submit a request for exclusion or submit an acceptable Proof of Claim.

Please contact the Claims Administrator or Class Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim. If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Class Members and the claims-administration process, to decide the issue by submitting a written request.

Defendants, their respective counsel, and all other Released Parties will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. Plaintiffs and Class Counsel likewise will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. If any funds remain in the Net Settlement Fund by reason of uncashed distribution checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund after at least three (3) months after the initial distribution of such funds will be used in the following fashion: (a) first, to pay any amounts mistakenly omitted from the initial disbursement; (b) second, to pay any additional settlement administration fees, costs, and expenses, including those of Class Counsel as may be approved by the Court; and (c) finally, to make a second distribution to claimants who cashed their checks from the initial distribution and who would receive at least $10.00, after payment of the estimated costs, expenses, or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible.

*Fiat Chrysler Automobiles Securities Litigation Settlement*
**c/o Epiq Class Action & Claims Solutions, Inc.**
**P.O. Box 5270**
**Portland, OR 97208-5270**

**Toll-Free Number: 1-877-568-3518**
**Email: info@FiatChryslerSecuritiesLitigation.com**
**Website: www.FiatChryslerSecuritiesLitigation.com**

## PROOF OF CLAIM AND RELEASE

TO BE ELIGIBLE TO RECEIVE A SHARE OF THE NET SETTLEMENT FUND IN CONNECTION WITH THE PROPOSED SETTLEMENT, YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND RELEASE FORM ("CLAIM FORM") AND MAIL IT BY PREPAID, FIRST-CLASS MAIL TO THE ABOVE ADDRESS, OR SUBMIT IT ONLINE AT WWW.FIATCHRYSLERSECURITIESLITIGATION.COM, **POSTMARKED (OR RECEIVED) NO LATER THAN AUGUST 28, 2019**.

FAILURE TO SUBMIT YOUR CLAIM FORM BY THE DATE SPECIFIED WILL SUBJECT YOUR CLAIM TO REJECTION AND MAY PRECLUDE YOU FROM BEING ELIGIBLE TO RECOVER ANY MONEY IN CONNECTION WITH THE PROPOSED SETTLEMENT.

**DO NOT MAIL OR DELIVER YOUR CLAIM FORM TO THE COURT, THE PARTIES TO THE ACTION, OR THEIR COUNSEL. SUBMIT YOUR CLAIM FORM ONLY TO THE CLAIMS ADMINISTRATOR AT THE ADDRESS SET FORTH ABOVE OR ONLINE AT WWW.FIATCHRYSLERSECURITIESLITIGATION.COM.**

**TABLE OF CONTENTS** **PAGE #**

**PART I – GENERAL INSTRUCTIONS** ........ **1**

**PART II – CLAIMANT INFORMATION** ........ **4**

**PART III - SCHEDULE OF TRANSACTIONS IN FIAT CHRYSLER AUTOMOBILES N.V. COMMON STOCK** ........ **5**

**PART IV – RELEASE OF CLAIMS AND SIGNATURE** ........ **6**

## PART I – GENERAL INSTRUCTIONS

1. It is important that you completely read and understand the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses; and (III) Settlement Fairness Hearing ("Notice") that accompanies this Claim Form, including the proposed Plan of Allocation set forth in the Notice ("Plan of Allocation"). The Notice describes the proposed Settlement, how Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the defined terms (indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the Releases described therein and provided for herein.

2. This Claim Form is directed to all persons and entities who purchased or otherwise acquired common stock of Fiat Chrysler Automobiles N.V. ("FCA"), on a U.S. Exchange or in a transaction in the United States, between October 13, 2014 and May 23, 2017, both dates inclusive ("Class Period"). Certain persons and entities are excluded from the Class by definition as set forth in paragraph 12 of the Notice.

3. By submitting this Claim Form, you will be making a request to share in the proceeds of the Settlement described in the Notice. IF YOU ARE NOT A CLASS MEMBER (*see* definition of Class contained in paragraph 12 of the Notice, which sets forth who is included in and who is excluded from the Class), OR IF YOU SUBMITTED A REQUEST FOR EXCLUSION FROM THE CLASS, DO NOT SUBMIT A CLAIM FORM. **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT.** THUS, IF YOU ARE EXCLUDED FROM THE CLASS, ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

4. **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

5.      Use the Schedule of Transactions in Part III of this Claim Form to supply all required details of your transaction(s) (including free transfers and deliveries) in and holdings of FCA common stock. On this schedule, please provide all of the requested transaction information, whether such transactions resulted in a profit or a loss. **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

6.      **Please note:** Only the publicly traded common stock of FCA purchased or otherwise acquired ***on a U.S. Exchange or in a transaction in the United States*** during the Class Period (*i.e.*, between October 13, 2014 and May 23, 2017, both dates inclusive) is eligible under the Settlement. However, under the "90-day look-back period" (described in the Plan of Allocation set forth in the Notice), your sales of FCA common stock during the period from May 24, 2017 through and including the close of trading on August 21, 2017, will be used for purposes of calculating loss amounts under the Plan of Allocation. Therefore, in order for the Claims Administrator to be able to balance your claim, the requested transaction information during the 90-day look-back period must also be provided. **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

7.      You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of FCA common stock set forth in the Schedule of Transactions in Part III of this Claim Form. The documentation submitted must show that the claimed FCA common stock was purchased or otherwise acquired on a U.S. Exchange or in a transaction in the United States. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement. The Parties and the Claims Administrator do not independently have information about your investments in FCA common stock. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. **Please keep a copy of all documents that you send to the Claims Administrator. Also, do not highlight any portion of the Claim Form or any supporting documents.**

8.      All joint beneficial owners each must sign this Claim Form and their names must appear as "Claimants" in Part II of this Claim Form. The complete name(s) of the beneficial owner(s) must be entered. If you purchased or otherwise acquired FCA common stock during the Class Period and held the shares in your name, you are the beneficial owner as well as the record owner. If you purchased or otherwise acquired FCA common stock during the Class Period and the shares were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these shares, but the third party is the record owner. The beneficial owner, not the record owner, must sign this Claim Form.

9.      **One Claim should be submitted for each separate legal entity**. Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

10.     Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)   expressly state the capacity in which they are acting;

(b)   identify the name, account number, last four digits of the Social Security Number (or taxpayer identification number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the FCA common stock; and

(c)   furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

11.     By submitting a signed Claim Form, you will be swearing that you:

(a)  own(ed) the FCA common stock you have listed in the Claim Form; or

(b)  are expressly authorized to act on behalf of the owner thereof.

12.     By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

13. If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing. The claims process will take substantial time to complete fully and fairly. Please be patient.

14. **PLEASE NOTE:** As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its pro rata share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

15. If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, Epiq Class Action & Claims Solutions, Inc., at the above address, by email at info@FiatChryslerSecuritiesLitigation.com, or by toll-free phone at 1-877-568-3518, or you can visit the website maintained by the Claims Administrator, www.FiatChryslerSecuritiesLitigation.com, where copies of the Claim Form and Notice are available for downloading.

16. NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the ***mandatory*** electronic filing requirements and file layout, you may visit the website for the Settlement, www.FiatChryslerSecuritiesLitigation.com, or you may email the Claims Administrator's electronic filing department at info@FiatChryslerSecuritiesLitigation.com. **Any file that is not in accordance with the required electronic filing format will be subject to rejection.** Only one claim should be submitted for each separate legal entity (*see* paragraph 9 above) and the ***complete*** name of the beneficial owner of the securities must be entered where called for (*see* paragraph 8 above). No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to that effect. **Do not assume that your file has been received until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the Claims Administrator's electronic filing department at info@FiatChryslerSecuritiesLitigation.com to inquire about your file and confirm it was received.**

**IMPORTANT PLEASE NOTE: YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGMENT POSTCARD. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL WITHIN 60 DAYS. IF YOU DO NOT RECEIVE AN ACKNOWLEDGMENT POSTCARD WITHIN 60 DAYS, CALL THE CLAIMS ADMINISTRATOR TOLL-FREE AT 1-877-568-3518.**

## PART II – CLAIMANT IDENTIFICATION

**Please complete this PART II in its entirety. The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above.**

Beneficial Owner's First Name MI Beneficial Owner's Last Name

Co-Beneficial Owner's First Name MI Co-Beneficial Owner's Last Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address 1 (street name and number)

Address 2 (apartment, unit or box number)

City State ZIP Code

Country

Last four digits of Social Security Number or Taxpayer Identification Number

Telephone Number (home) – – Telephone Number (work) – –

Email address (Email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.)

Account Number (where securities were traded)[1]:

Claimant Account Type (check appropriate box)

- ☐ Individual (includes joint owner accounts)
- ☐ Pension Plan
- ☐ Trust
- ☐ Corporation
- ☐ Estate
- ☐ IRA/401K
- ☐ Other ______________________ (please specify)

[1] If the account number is unknown, you may leave blank. If filing for more than one account for the same legal entity you may write "multiple." Please see paragraph 9 of the General Instructions above for more information on when to file separate Claim Forms for multiple accounts.

## PART III – SCHEDULE OF TRANSACTIONS IN FIAT CHRYSLER AUTOMOBILES N.V. COMMON STOCK

Complete this Part III if and only if you purchased or otherwise acquired FCA common stock on a U.S. Exchange or in a transaction in the United States during the period between October 13, 2014 and May 23, 2017, both dates inclusive. Please be sure to include proper documentation with your Claim Form as described in detail in Part I–General Instructions, paragraph 7, above. Do not include information regarding securities other than FCA common stock. **Please Note: Only FCA common stock purchased or otherwise acquired on a U.S. Exchange or in a transaction in the United States are eligible under this Settlement. However, all purchases/acquisitions and sales of FCA common stock must be identified below for purposes of validating your claim.**

**1. HOLDINGS AS OF OCTOBER 13, 2014**–State the total number of shares of FCA common stock held as of the opening of trading on October 13, 2014. (Must be documented.) If none, write "zero" or "0."

☐☐☐☐☐☐☐☐ . ☐☐

**2. PURCHASES/ACQUISITIONS FROM OCTOBER 13, 2014 THROUGH AUGUST 21, 2017, BOTH DATES INCLUSIVE**–Separately list each and every purchase/acquisition (including free receipts) of FCA common stock from after the opening of trading on October 13, 2014, through and including the close of trading on August 21, 2017. (Must be documented.) (Please note, purchases during the 90-day period from May 24, 2017 through August 21, 2017 will be used to balance your claim only.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/Acquired | Purchase/Acquisition Price per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Purchased on a U.S. Exchange or in a Transaction in the United States (Y/N) |
|---|---|---|---|---|
| | | . | . | |
| | | . | . | |
| | | . | . | |
| | | . | . | |

**3. SALES FROM OCTOBER 13, 2014 THROUGH AUGUST 21, 2017, BOTH DATES INCLUSIVE**–Separately list each and every sale/disposition (including free deliveries) of FCA common stock from after the opening of trading on October 13, 2014, through and including the close of trading on August 21, 2017. (Must be documented.)

**IF NONE, CHECK HERE** ☐

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price per Share | Total Sale (excluding taxes, commissions, and fees) |
|---|---|---|---|
| | | . | . |
| | | . | . |
| | | . | . |
| | | . | . |

**4. HOLDINGS AS OF AUGUST 21, 2017**–State the total number of shares of FCA common stock held as of the close of trading on August 21, 2017. (Must be documented.) If none, write "zero" or "0."

☐☐☐☐☐☐☐☐ . ☐☐

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT. PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE. IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX** ☐

## PART IV-RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE 7 OF THIS CLAIM FORM.**

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, and on behalf of any other person or entity legally entitled to bring Released Plaintiffs' Claims on behalf of any Class member, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim (including Unknown Claims) against the Defendants' Releasees, and shall forever be barred and enjoined from commencing, instituting, maintaining, prosecuting or continuing to prosecute any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees, in this Action or in any other proceeding. This Release shall not apply to any Excluded Plaintiffs' Claims.

## CERTIFICATION

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release above and certifies (certify) as follows:

1. that I (we) have read and understand the contents of the Notice and this Claim Form, including the Releases provided for in the Settlement and the terms of the Plan of Allocation;

2. that the claimant(s) is a (are) Class Member(s), as defined in the Notice, and is (are) not excluded by definition from the Class as set forth in the Notice;

3. that the claimant has **not** submitted a request for exclusion from the Class;

4. that I (we) own(ed) the FCA common stock identified in the Claim Form and have not assigned the claim against Defendants or any of the other Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5. that the claimant(s) has (have) not submitted any other claim covering the same purchases/acquisitions of FCA common stock and knows (know) of no other person having done so on the claimant's (claimants') behalf;

6. that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the Releases set forth herein;

7. that I (we) agree to furnish such additional information with respect to this Claim Form as Class Counsel, the Claims Administrator, or the Court may require;

8. that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, agree(s) to the determination by the Court of the validity or amount of this Claim and waives any right of appeal or review with respect to such determination;

9. that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

10. that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the claimant(s) is (are) exempt from backup withholding or (b) the claimant(s) has (have) not been notified by the IRS that he/she/it is subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the claimant(s) that he/she/it is no longer subject to backup withholding. **If the IRS has notified the claimant(s) that he/she/it is subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

Signature of Claimant | Date MM – DD – YY

Print claimant name here

Signature of Joint Claimant, if any | Date MM – DD – YY

Print Name of Joint Claimant, if any

***If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:***

Signature of person signing on behalf of claimant | Date MM – DD – YY

Print name of person signing on behalf of claimant here

Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc. (Must provide evidence of authority to act on behalf of claimant–*see* paragraph 10 on page 2 of this Claim Form.)

## REMINDER CHECKLIST

1.  Sign the above release and certification. If this Claim Form is being made on behalf of joint claimants, then both must sign.

2.  Attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.

3.  Do not highlight any portion of the Claim Form or any supporting documents.

4.  Keep copies of the completed Claim Form and documentation for your own records.

5.  The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days. Your claim is not deemed filed until you receive an acknowledgment postcard. **If you do not receive an acknowledgment postcard within 60 days, please call the Claims Administrator toll-free at 1-877-568-3518.**

6.  If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, you must send the Claims Administrator written notification of your new address. If you change your name, inform the Claims Administrator.

7.  If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the address below, by email at info@FiatChryslerSecuritiesLitigation.com, or by toll-free phone at 1-877-568-3518 or you may visit www.FiatChryslerSecuritiesLitigation.com. DO NOT call the Court, Defendants, or Defendants' Counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, OR SUBMITTED ONLINE AT WWW.FIATCHRYSLERSECURITITESLITIGATION.COM, **POSTMARKED (OR RECEIVED) NO LATER THAN AUGUST 28, 2019.** IF MAILED, THE CLAIM FORM SHOULD BE ADDRESSED AS FOLLOWS:

*Fiat Chrysler Automobiles Securities Litigation Settlement*
c/o Epiq Class Action & Claims Solutions, Inc.
P.O. Box 5270
Portland, OR 97208-5270

If mailed, a Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before August 28, 2019, is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms. Please be patient and notify the Claims Administrator of any change of address.

# EXHIBIT B

*Fiat Chrysler Automobiles Securities Litigation*
c/o Epiq Class Action & Claims Solutions, Inc.
P.O. Box 5270
Portland, OR 97208-5270

Website: www.FiatChryslerSecuritiesLitigation.com
Email: info@FiatChryslerSecuritiesLitigation.com
Phone: 1-877-568-3518

**NOTICE TO BROKERS, BANKS, AND OTHER NOMINEES**

**TIME-SENSITIVE, COURT-ORDERED ACTION REQUIRED ON YOUR PART**

***Pirnik et al. v. Fiat Chrysler Automobiles N.V., et al.***
**Case No. 15-cv-07199-JMF**

A proposed settlement of the above-noted securities class action has been reached. Enclosed is the Notice of the proposed settlement and Proof of Claim and Release Form (the "Notice Packet") that the Court has ordered be timely sent to potential Class Members.

The Class consists of all persons or entities who purchased or otherwise acquired publicly traded Fiat Chrysler Automobiles ("FCA") common stock between October 13, 2014 and May 23, 2017, both dates inclusive (the "Class Period"), and were damaged thereby. The CUSIP for FCA common stock was N31738102.

If you are a broker or other nominee who purchased or otherwise acquired FCA common stock during the period between October 13, 2014 and May 23, 2017, both dates inclusive, for the beneficial interest of a person or entity other than yourself, **WITHIN SEVEN (7) CALENDAR DAYS OF YOUR RECEIPT OF THE ENCLOSED NOTICE PACKET, you must either:**

(a) provide the Claims Administrator, Epiq, with a list of the names and last known addresses of all such beneficial owners described above; or

(b) request from the Claims Administrator sufficient copies of the enclosed Notice Packet to forward to all such beneficial owners and, within seven (7) calendar days of receipt of those copies, forward the Notice Packet to all such beneficial owners.

**PLEASE NOTE: These documents contain deadlines that could impact your customers' rights.**

**If you are providing a list of names and addresses to the Claims Administrator, please do the following:**

(a) Compile a list of names and last known addresses of the beneficial owners described above.

(b) Prepare the list in Microsoft Excel format following the "Electronic Name and Address File Layout" set forth on page 2 below. A preformatted spreadsheet can also be found on the "Nominees" page of the website, www.FiatChryslerSecuritiesLitigation.com.

(c) Then you must do one of the following:

1. Burn the Microsoft Excel file(s) to a CD or DVD and mail the CD or DVD to the following address:

   *Fiat Chrysler Automobiles Securities Litigation*
   c/o Epiq Class Action & Claims Solutions, Inc.
   P.O. Box 5270
   Portland, OR 97208-5270

2. Email the spreadsheet to info@FiatChryslerSecuritiesLitigation.com; or

3. Upload the spreadsheet to the "Nominees" page of the website, www.FiatChryslerSecuritiesLitigation.com.

**If you are going to forward the Notice Packet to the beneficial owners,** request the needed number of copies of the Notice Packet via email to info@FiatChryslerSecuritiesLitigation.com. You must mail the Notice Packets to the beneficial owners within seven (7) calendar days of your receipt of the Notice Packets.

**Expense Reimbursement**

Reasonable expenses are eligible for reimbursement (including postage and costs to compile names and addresses), provided an invoice documenting the expenses is timely submitted to the Claims Administrator. Please submit your invoice within one month of completing the mailing or providing your file.

**Electronic Name and Address File Layout**

| Column | Description | Length | Notes |
|---|---|---|---|
| A | Account # | 15 | Unique identifier for each record |
| B | Beneficial owner's first name | 25 | |
| C | Beneficial owner's middle name | 15 | |
| D | Beneficial owner's last name | 30 | |
| E | Joint beneficial owner's first name | 25 | |
| F | Joint beneficial owner's middle name | 15 | |
| G | Joint beneficial owner's last name | 30 | |
| H | Representative or contact name | 60 | Businesses, trusts, IRAs, and other types of accounts |
| I | Representative or contact name | 45 | |
| J | Address 1 | 35 | |
| K | Address 2 | 25 | |
| L | City | 25 | |
| M | U.S. state or Canadian province | 2 | U.S. and Canada addresses only[1] |
| N | ZIP Code | 10 | |
| O | Country (other than U.S.) | 15 | |

**For further details, please refer to page 12 of the enclosed Notice.**

If you have any questions, you may contact the Claims Administrator at 1-877-568-3518 or by email at info@FiatChryslerSecuritiesLitigation.com. Thank you for your cooperation.

[1] For countries other than the U.S. and Canada, place any territorial subdivision in "Address 2" field.

# EXHIBIT C

# CONFIRMATION OF PUBLICATION

**IN THE MATTER OF:** ***Fiat Chrysler Automobiles Securities Litigation***

I, Kathleen Komraus, hereby certify that

(a) I am the Media & Design Manager at Epiq Class Action & Claims Solutions, a noticing administrator, and;

(b) The Notice of which the annexed is a copy was published in the following publications on the following dates:

***5.6.19 – Wall Street Journal***
***5.6.19 – PR Newswire***

x Kathleen Komraus
**(Signature)**

Media + Design Manager
**(Title)**

# MUTUAL FUND PERFORMANCE

36 Mos Fund Performance Rating | 2019 % Chg | 12 Wk % Chg | 5 Yr % Chg | Net Asset Value | NAV Chg (After Tax%Value)

A LarCapCore +19 +9 +55 16.88n+.18
A SmCapGr +24 +9 +39 18.81n+.33
A+ Technology +31+15+173 33.63n+.50
BlackRock K
$33.4 bil 212–810–5596
A+ S&P500Ind +18 +9 +67 349.94n+3.4
Blackrock R
$89.8 bil 212–810–5596
A+ AdvCapCore +19 +9 +51 15.06n+.16
A+ CapAppR +22+11 +73 23.07n+.38
D– GlobAlloc p + 8 +3 +10 17.80n+.00
A LarCapFoc +23+12 +76 10.97n+.19
Blackrock S
$2.2 bil 212–810–5596
A+ LrgCapFocGr +23+12 +80 13.38n+.24
BlackRock Svc
$30.0 bil 212–810–5596
A SmCapGr +24 +9 +35 15.34n+.26
Blackrock Funds
$138 bil 212–810–5596
A+ Opportunity +30+15+158 26.32n+.39
E StratIncOpp + 2 +1 +2 9.78n+.01
E StratIncOpp + 2 +1 +6 9.79n+.01
E StrtIncOppA + 2 +1 +5 9.79 +.02
BNY Mellon
$13.1 bil 212–495–1784
A– SmlCapStrMT +22 +9 +45 18.19n+.28
Bridgeway Funds
$1.4 bil 800–531–4066
A– BluChp35Idx +19+11 +65 15.01n+.15
Brown Advisory
$7.6 bil 410–537–5400
A FlexEqtInst +21+11 +73 23.10n+.20
A GrEqInv +24+11 +79 24.02n+.29
A+ GrowEqtInst +24+11 +81 24.30n+.28
A SmlGrInv +28+12 +68 21.63n+.34
Brown Captl Mgmt
$5.2 bil 877–892–4226
A+ SmallCo +28+11+102 106.27n+2.1
Buffalo Funds
$3.9 bil 800–492–8332
A DISCovery +24+12 +59 26.32n+.24
A Growth +22+13 +34 26.46n+.36
A+ SmallCap +30+12 +34 13.72n+.22

—C—

Calamos Funds
$37.6 bil 630–245–7200
A GrowthA +21+10 +43 31.62 +.35
A Growthl +21+10 +48 43.24n+.47
Calvert Group
$12.0 bil 800–368–2745
A+ CrResidxA +19 +9 +66 24.40 +.25
A EquityA +21+12 +75 50.32 +.36
A EquityC +21+12 +62 27.76n+.19
CGM Funds
$1.7 bil 800–345–4048
E Focus –10 –12 –5 35.84n+.11
D Mutual + 6 –2 +14 28.04n+.15
Champlain
$3.4 bil 866–773–3238
A MidCap b +21 +8 +82 20.02n+.19
A SmallCo +21 +9 +67 20.57n+.34
Columbia A
$157 bil 800–345–6611
A AcornA +22+10 +30 13.03 +.19
A AcorUSA +24 +9 +35 12.70 +.21
A ActiveM +24+12 +70 15.06n+.22
A– Conv Secs +16 +6 +36 21.62 +.21
A+ GlobalEq +19+10 +55 13.55 +.18
A+ LargeCapA +23+11 +61 18.48 +.25
A LargeGrA +22+11 +79 42.77 +.58
A LargeGrow +19 +8 +70 9.22 +.08
A Lg Cp Idx +18 +9 +63 51.19n+.49
A LrCorQuant +17 +8 +64 12.36 +.12
A LrgCapCore +19+10 +60 14.83 +.16
A LrgEnCore +16 +7 +59 24.47n+.23
A MidCapGrow +26+12 +52 24.01 +.24
A+ SelCom&Inf +32+14+127 76.71 +.43
A SelGlbTch +33+15+132 42.37 +.25
A SellgGr +29+12 +62 15.93 +.27
A+ SmallGrl +28+10 +62 18.93 +.39
A+ TechGrw +27+15+158 37.31n+.46
A+ Technology +27+15+155 35.85 +.45
Columbia C
$121 bil 800–345–6611
A AcornC +22+10 +16 5.72n+.08
A AcornUSA +23 +9 +20 5.57n+.10
A LargeGrow +28+12 +56 13.79n+.23
A LgCapGrC +22+11 +51 12.57n+.18
A+ LrgCapGrow +22+11 +71 34.96n+.48
A+ SelgnCom&lnf +31+14+115 50.00n+.28
A SelGlbTch +32+14+122 31.68n+.18
A+ Technology +27+14+146 32.10n+.39
Columbia I,T&G
$20.9 bil 800–345–6611
A LargeGrT +22+11 +79 42.36 +.58
A+ MidCapGrT +26+12 +52 23.89 +.23
A SmallGrl +28+10 +65 20.33n+.42
Columbia R
$149 bil 800–345–6611
A– Convert +16 +6 +38 21.82n+.22
A CoreR5 +17 +8 +66 12.39n+.12
A Largecap +18 +9 +64 52.28n+.50
A LargeGrow +29+12 +66 17.27n+.29
A+ LGcap +16 +7 +58 24.41n+.22
A MidCapGr +26+12 +53 26.35n+.26
A+ SelCom&lnf +31+14+124 72.48n+.41
Columbia Y
$40.3 bil 800–345–6611
A LrgCapGr +29+12 +66 17.50n+.30
A LrgEnCore +16 +7 +62 24.43n+.23
Columbia Z
$106 bil 800–345–6611
A– AcornSel +19 +7 +29 14.28n+.25
A AcornUSA +24 +9 +39 15.96n+.27
A– DisCore +17 +8 +66 12.43n+.12
A LargeGr +23+11 +81 44.66n+.61
A LgCapGrIII +23+11 +64 20.08n+.28
A+ LgCapIdxZ +18 +9 +64 51.59n+.49
A LrgCapCore +19+10 +62 14.72n+.16
A LrgEnCore +16 +7 +61 24.43n+.23
A SelLgGr +29+12 +64 16.57n+.28
Columbia Funds
$37.7 bil 800–345–6611
A Acornlns +23+10 +34 15.91n+.24
A– ConvSecs +16 +6 +37 21.66n+.22
A+ SelCom&lnf +32+14+131 84.88n+.47
A+ SelGlob +33+15+134 43.23n+.25
A+ SeligCom +32+14+131 84.47n+.48

—D—E—

Dealwarelnv
$5.8 bil 877–693–3546
A+ SelectGrow +22+10 +31 20.83n+.28
Delaware A
$21.2 bil 877–693–3546
A– SelectGrow +23+10 +42 34.34 +.46
A SMIDCapGrow +31+10 +81 25.05 +.23
A– SmlCapGrow +22 +8 +46 15.28n+.26
A– USGrowth +18 +9 +51 21.51 +.24
Delaware C
$8.4 bil 877–693–3546
A LrgCpGrow +21+10 +68 14.36n+.16
A SMIDCapGrw +31+10 +64 10.77n+.10
Delaware Instl
$7.7 bil 877–693–3546
A+ LrgCpGrow +22+10 +80 19.05n+.22
A SelectGrow +23+10 +44 38.48n+.53
A– USGrowth +18 +9 +53 24.03n+.27
DEUTSCHE Asset & Wealth
$15.1 bil 800–621–7705
A CapGrowthA +23+12 +78 80.08 +.72
A+ CoreEquity +19+10 +62 27.03n+.33
A CoreEquity +19+10 +60 26.72 +.33
A+ Eq500ldx +18 +9 +53 200.26n+1.9
A Eq500ldx +18 +9 +54 203.51n+2.0
A EquDivA +15 +7 +48 55.38 +.50
A LgCpFocGrw +23+13 +82 51.17n+.63
A+ S&P500ldxS +18 +9 +60 31.88n+.30
Dimensional Funds
$407 bil 512–306–7400
C EmMktCorEq +10 +4 +15 21.22n+.14
A+ EnhUSLgCo +19+10 +40 13.54n+.14
D IntlCoreEq +14 +7 +10 13.26n+.11
A– SustUSCorl +20+10 +61 23.09n+.27
A– TxMgdUSEq +19 +9 +65 31.86n+.34
A– USCorEq1 +19 +9 +58 24.37n+.29
B+ USCorEq2 +19 +8 +50 22.45n+.27
A USLCpGr +19+10 +75 21.32n+.20
B USLgCapVal +14 +6 +41 36.57n+.31
A– USLgCo +18 +9 +66 22.74n+.22
Dodge&Cox
$215 bil 800–621–3979
E Income + 4 +2 +11 13.70n+.02
D+ IntlStock +14 +8 +4 42.26n+.32
B+ Stock +12 +4 +45 192.40n+2.1
Doubleline Funds
$147 bil 213–633–8200
A+ Enhance +19 +8 +92 15.16n+.00
A Enhance +19 +8 +80 15.14n+.00
E TotRtrnBndl + 2 +1 +10 10.50n+.01
E TotRtrnBndN + 2 +1 +9 10.49n+.01
Dreyfus
$61.1 bil 800–346–8893
A+ Apprciatn +20+12 +35 32.24n+.33
A– DiscStk +18 +9 +50 21.97n+.13
A+ Growth&lnc +19+10 +59 23.04n+.20
A Growthl +22+11 +69 15.82n+.16
A LgCapEql +19+10 +64 20.88n+.24
A ResearchA +22+11 +67 15.77 +.16
A+ S&P500ldx +18 +9 +55 51.90n+.50
A SmallCap +21 +9 +49 32.87n+.53
A+ TechGr +25+13 +84 32.66n+.42
A USEquity +18 +8 +56 19.69n+.18
DREYFUS I
$12.0 bil 800–346–8893
A BasS&P500 +18 +9 +65 56.50n+.54
DREYFUS Z
$7.5 bil 800–346–8893
A ReseGrwZ +22+11 +69 16.11n+.15
DWS Funds A
$12.5 bil 800–728–3337
A LgCpFocGrw +23+13 +80 48.88 +.60
A+ Technology +27+15+100 23.68 +.27
DWS Funds C
$4.5 bil 800–728–3337
A+ Technology +26+15 +86 15.11n+.17
DWS Funds S
$15.8 bil 800–728–3337
A CapGrowth +23+12 +79 81.02n+.73
A LtnAmerEq +15 +4 +11 28.87n+.41
Eagle Funds
$16.4 bil 800–237–3101
A CapApprA +19+10 +73 42.05 +.45
A+ CapApprC +19+10 +63 29.23n+.32
A MidCpGrowA +25+10 +74 62.43
A MidCpGrowC +24+10 +67 49.01n+.79
A SmCapGrA +24 +9 +50 51.94 +.95
Eaton Vance A
$60.9 bil 800–225–6265
A AtlSmidCap +23+12 +81 32.87 +.42
A LgCapGrow +21+10 +80 28.59 +.32
A TaxMgGr +19+10 +66 25.78 +.24
A TaxMgGr1.1 +19+10 +67 57.35 +.53
A TxMgGr1.0 +19+10 +68 1278.76n +1.7
Eaton Vance Instl
$40.5 bil 800–225–6265
A AtlSmidCap +23+12 +84 36.59n+.46
EdgeWood
$6.3 bil 800–791–4226
A+ EdgwdGrInst +21+11+114 34.77n+.36
Emerald Funds
$1.6 bil 855–828–9909
A EmeraldGrA +27+10 +70 26.42 +.52

—F—

FAM Funds
$1.6 bil 800–721–5391
A EquityInc +21+11 +71 36.07n+.29
Federated A
$82.9 bil 800–245–5051
A KaufmanLrg +24+13 +80 26.29 +.28
A Kaufmann +23+11 +69 6.20 +.08
A+ KaufSmlCap +27+14+105 41.47 +.74
A MDTMdGrStr +24 +9 +53 41.50 +.31
Federated B
$25.0 bil 800–245–5051
A Kaufmann +22+11 +66 4.96n+.06
A KaufSmlCap +27+13+102 35.27n+.62
Federated C
$42.6 bil 800–245–5051
A KaufmanLrg +24+13 +73 23.86n+.26
A KaufmnC +22+11 +66 4.95n+.06
A KaufSmlCapC +27+13+103 35.29n+.63
A MDTMdGrStr +23 +8 +43 27.42n+.20
Federated Funds
$48.8 bil 800–245–5051
A KaufmanLrgR +24+13 +76 24.92n+.26
A KaufmannR +23+11 +79 6.22n+.09
A+ KaufSmlCapR +27+14+111 41.68n+.74
A+ MaxCapldx +18 +9 +44 9.83n+.09
Federated Instl
$42.4 bil 800–245–5051
A KaufmanLrg +25+13 +82 27.05n+.29
A KaufSmlCap +27+14 42.17n+.75
A– MaxCapldx +18 +9 +46 10.00n+.10
A MDTMdGrStr +24 +9 +55 42.85n+.32
A MDTSmlCpGr +18 +7 +71 24.44n+.49
Fidelity
$112 bil 800–343–3548
E GradeBond + 3 +2 +7 11.16n+.01
A+ GrowthComp +24+12+106 17.58n+.25
A– SectorEquit +20+10 +46 10.11n+.11
Fidelity Adv A
$153 bil 800–343–3548
A ConsmrDiscr +22+13 +72 30.19 +.37
A EquityGr +21+12 +83 12.32 +.15
A+ GrowthOpp +27+13+116 83.44 +1.3
A InsightsZ +21+10 +67 32.55n+.37
A+ SmallGrowAr +25+10 +83 25.26 +.49
A+ StkSelAll +20 +9 +53 46.05 +.49
A TotalBond r + 4 +2 +17 10.56 +.02
Fidelity Adv C
$157 bil 800–343–3548
A+ EquityGrowr +21+11 +76 10.32n+.13
A GrowthOppr +26+13+107 71.23n+1.1
A+ NewInsight +20 +9 +58 27.71n+.31
A+ SmallGrowAr +24+10 +76 22.26n+.43
E TotalBondr + 4 +2 +5 10.56n+.01
Fidelity Adv I
$174 bil 800–343–3548
A+ ConsmrDiscr +22+13 +74 32.64n+.40
A– DiverStck +18 +9 +48 26.04n+.31
A EquityGrow +22+12 +86 13.61n+.17
A GrowthOpp +27+13+120 90.30n+1.3
A NewInsight +20+10 +66 32.52n+.38
A+ SmallGrowlr +25+10 +86 26.53n+.52
A+ StkSelAll +20 +9 +55 46.03n+.49
E TotalBond + 4 +2 +8 10.54n+.02
Fidelity Freedom
$217 bil 800–343–3548
D+ 2020 +10 +5 +26 16.12n+.09
C– 2025 +11 +5 +28 14.13n+.09
C– 2030 +12 +6 +33 17.63n+.13
B– 2040 +15 +7 +36 10.42n+.10
Fidelity Select
$24.3 bil 800–343–3548
A+ AirTrnsptrr +17 +3 +61 76.28n+.76
A+ CommEquipr +20+10 +59 40.95n+.05
A+ Computersr +22+12 +58 76.29n+.72
A– ConsmrDiscr +22+13 +76 47.70n+.59
A+ ITServicesr +29+12+142 69.34n+.06
A MedEq&Sysr +11 +3+116 52.69n+.65
A+ Sftwr&Cmpr +24+13+132 18.29n+.17
A Wireless +20+14 +44 9.88n+.06
Fidelity Spartan
$53.0 bil 800–343–3548
A+ TotMktldxF +18 +9 +64 83.20n+.00
Fidelity Spartan Adv
$114 bil 800–343–3548
D+ IntlldFdl +14 +8 +10 41.18n+.35
A+ TotMktldl +18 +9 +64 83.45n+.89
E USBdldl + 3 +1 +6 11.49n+.01
Fidelity Invest
$2035 bil 800–343–3548
2020Freedom +10 +5 16.10n+.09
A Advchina +24+13 +47 36.18n+.33
A AdvchinaR +23+13 +46 36.04 +.33
A– AdvDivStkA +18 +9 +46 24.33 +.29
A AdvDivStkO +18 +9 +48 25.08n+.30
A+ AdvSemi +38+20+151 24.81n+.22
A AdvSemiconC +37+20+111 19.95n+.18
A AdvSrsGro +28+14+121 15.15n+.23
A AdvTechAr +28+16+117 51.49 +.56
C– Balanced +15 +7 +38 23.55n+.20
A+ BalancedK +15 +7 +38 23.55n+.20
A+ BluChpGro +23+12+100 103.14n+1.3
A BluChpGroK +23+12+101 103.30n+1.3
A– Brokrge&Invr +18 +9 +31 74.25n+1.0
A ChinaRgn +24+13 +48 36.43n+.34
A– ConsmrDiscr +22+13 +66 24.30n+.29
A+ Dfnse&Aeror +23+13 +70 21.78
A EmrgAsia +21+13 +51 40.80n+.32
A– EmrgAsiar +21+13 +53 44.61n+.35
A– EmrgAsiar +21+13 +49 35.95 +.31
A– EmrgAsiaC +20+12 +45 35.63n+.28
A– EmrgAsiaMr +21+13 +48 38.38 +.30
A+ EqGrowthZ +22+12 +88 13.72n+.17
A+ EquityGr +21+12 +81 12.06 +.15
A+ FinanclSvcsr +19 +9 +49 10.19n+.08
A+ FocusedStkr +21+11 +78 25.19n+.32
Freedom +12 +6 17.61n+.12
Freedom2025 +11 +5 14.10n+.09
Freedom2025 +11 +5 14.11n+.09
Freedom2030 +13 +6 17.60n+.13
Freedom2040 +15 +7 10.39n+.09
Freedom2050 +15 +7 10.41n+.10
FreedomK6 +10 +5 16.08n+.09
A+ GrowthCo +24+12+104 19.89n+.28
A+ GrowthOpp +27+13+114 82.64 +1.2
A+ GrwDiscovery +21+12 +90 37.70n+.46
A+ GrwDiscvyK +21+12 +91 37.73n+.46
A+ IndepndncK +20+10 +42 36.91n+.37
A+ Independnck +20+10 +42 36.93n+.38
A Leisurer +21+13 +65 15.67n+.21
A+ LgCorEnhldx +16 +8 +59 15.31n+.15
A+ LgGrwEnhldx +19 +9 +74 20.13n+.21
C LowPrStkK +13 +5 +32 49.02n+.41
C LowPrStk +13 +5 +32 49.05n+.40
A+ NasdaqIndexr +24+12+103 106.34n+1.7
A NewInsight +20+10 +65 31.73 +.37
A NewInsight +20+10 +62 30.48 +.35
A+ OppsGrowth +27+13 +78 91.05n+1.4
A+ OTC +25+14+112 12.47n+.19
A+ OTCK +25+14+112 12.66n+.19
C+ Puritan +12 +6 +39 21.97n+.18
C+ PuritanK +13 +7 +39 21.96n+.19
A+ SalUS +18 +9 15.82n+.15
A+ SelectTechr +29+17+118 17.27n+.18
A+ SelSemir +38+20+142 10.82n+.10
A+ SemiCondA +37+20+148 23.41 +.21
A+ SerGrCo +22+12 14.56n+.19
A+ SmlCapGrMr +25+10 +80 24.37 +.48
A+ SmlGrowr +25+10 +86 26.45n+.51
A+ SpExtIdAdv +21 +7 +48 63.35n+.99
E SprtUSBdldF + 3 +2 +6 11.51n+.00
A+ StkSelAllCp +20 +9 +55 45.99n+.48
A+ StkSlAllCpK +20 +9 +55 46.09n+.49
A+ Technology +28+16+114 48.26 +.53
A+ Technologyr +28+16+107 41.98n+.46
E TotalBnd + 4 +2 +8 10.55n+.01
E TotalBond r + 4 +2 +7 10.54 +.02
A+ Transport r +18 +5 +56 95.89n+1.4
A Trend +21+10 +74 104.34n+1.3
A+ WIDINSTL +18+10 +45 27.15n+.30
A+ WorldWide +18+10 +45 27.31n+.30
First Eagle
$103 bil 800–334–2143
D GlobalA +12 +5 +23 56.86 +.38
First Invstrs A
$8.4 bil 800–423–4026
A SelectGrowb +16 +7 +65 12.61 +.05
First Invstrs B
$7.1 bil 800–423–4026
A SelectGrowth +16 +7 +52 10.23n+.04
Firsthand Funds
$363 mil 888–884–2675
A+ TechOpport +32+10+149 13.77n+.03
FmlyFnds
$1.9 bil 800–421–4184
A+ SmallCap +24+10 +76 30.37n+.65
Frank/Tmp Fr A
$234 bil 800–342–5236
A ConvSecs +18 +8 +49 22.45 +.30
A+ Dynatech +26+11+124 82.19 +.00
D GrOppoA +23+10 +75 38.97 +.48
D+ Income +11 +5 +11 2.33 +.01
A SmCapGr +24 +8 +52 21.41 +.00
A+ SmMidCapGr +25+10 +49 36.83 +.00
Frank/Tmp Fr C
$252 bil 800–342–5236
A+ ConvSecs +18 +8 +45 22.08n+.29
A+ Dynatech +25+11+115 68.27n+.00
A GrOppoC +22+10 +67 31.98n+.00
A Grwth +19 +8 +72 97.84n+.00
D Income +11 +5 +9 2.37n+.01
A SmCpGr +24 +8 +45 17.11n+.00
A+ SmMidCapGr +24 +9 +40 24.76n+.00
Frank/Tmp Fr R
$163 bil 800–342–5236
A+ DvlpMkts +15 +6 +15 20.61n+.00
A GrOppoR +23+10 +72 37.00n+.00
A Grwth +19 +8 +77 106.88n+.00
D Income +11 +5 +9 2.31n+.01
A+ SmMidCapGr +24+10 +46 33.35n+.00
Frank/Tmp FrAd
$230 bil 800–342–5236
A ConvSecs +19 +8 +51 22.46n+.30
A+ Dynatech +26+11+127 84.81n+.00
A GrOppAdv +23+10 +77 42.23n+.00
A Grwth +19 +8 +80 107.36n+.00
C– Income +11 +5 +12 2.31n+.01
A+ SmCapGr +25 +8 +55 23.32n+.00
A SmMidCapGr +25 +9 +52 40.72n+.00
Frank/Tmp Mutual C
$50.1 bil 800–342–5236
D GlbDiscov +14 +6 +13 29.95n+.00
Frank/Tmp Mutual R
$27.0 bil 800–342–5236
A+ Dynatech +25+11+121 79.70n+.00
D GlbDiscov +14 +6 +15 29.67n+.00
Frank/Tmp Mutual Z
$48.0 bil 800–342–5236
C– GlbDiscov +14 +6 +17 30.75n+.00
Frank/Tmp Tp A
$69.3 bil 800–342–5236
D– Glob Bond + 3 +0 +3 11.46 +.00
Frank/Tmp TpAd
$79.1 bil 800–342–5236
A– ChinaWrld +15 +7 +20 19.90n+.00
A– DvlpMkts +16 +6 +17 20.86n+.00
D– Glob Bond + 3 +0 +3 11.41n–.01
Frank/Tmp TpB/C
$57.5 bil 800–342–5236
E GlobalBdC + 3 +0 +1 11.49n–.01
Franklin Temp
$180 bil 800–342–5236
A+ DynTchClR6 +26+11+128 85.65n+.00
E GlobBond + 3 +0 +2 11.46n+.00
A+ GrthOppR6 +23+10 +79 42.78n+.00
A GrthR6 +19 +8 +80 107.26n+.00
A GrwthA +18 +8 +78 107.10 +.00
A+ SmCpGrR6 +25 +8 +56 23.68n+.00
D– TempGlb + 4 +0 +4 11.41n–.01

—G—H—I—

Gabelli AAA
$12.6 bil 800–422–3554
A Growth +22+11 +82 66.42n+.90
GE Elfun S&S
$11.9 bil 800–242–0134
A+ S&SUSEqt +18 +9 +51 54.42n+.60
A Trusts +19+10 +65 59.73n+.72
Glenmede Funds
$5.1 bil 800–966–3200
A+ StrategicEq +18 +8 +63 26.10n+.13
GMO Trust VI
$12.9 bil 617–330–7500
A Quality +16 +8 +65 23.63n+.12
GoldmnSachs A
$39.2 bil 800–292–4726
A CapitalGr +20+10 +63 22.78 +.26
A+ GrowthOpp +24+11 +40 17.73 +.20
A StratGr +22+11 +61 9.24 +.12
A StrucLgGr +20+10 +79 31.28 +.40
A+ StrucUSEq +17 +7 +55 49.00 +.55
A+ TechOppsA +27+15+118 23.39 +.26
GoldmnSachs C
$7.9 bil 800–292–4726
A CapitalGr +20+10 +52 13.99n+.16
A StrucLgGr +20 +9 +72 27.66n+.35
A+ TechOpps +26+14+107 18.16n+.20
GoldmnSachs In
$35.7 bil 800–292–4726
A CapitalGr +20+10 +67 26.18n+.29
A GrowthOpp +24+11 +45 22.39n+.25
A StrucLgGr +21+10 +81 32.24n+.42
A+ TechOpps +28+15 +58 50.57n+.56
Green Century
$801 mil 800–934–7336
A– Equity +18 +9 +66 45.26n+.46
GuideStone G2
$4.0 bil 888–473–8637
A EqIndxInst +17 +7 +83 32.77n+.00
GuideStone G4
$7.2 bil 888–473–8637
A– EqIdxInv +17 +7 +67 32.77n+.00
Harbor Funds
$137 bil 800–422–1050
A+ CapApprAdm +22+11 +90 74.37n+1.0
A+ CapApprIns +23+11 +93 75.91n+1.0
A+ CapApprInv +22+11 +89 72.74n+.99
A LrgValIns +19+10 +62 15.71n+.15
A+ MidGrAdm +31+13 +68 10.37n+.14
A MidGrInstl +31+13 +70 10.98n+.14
A MidGrInv +31+13 +66 9.99n+.13
A Sml GrInst +28+12 +49 13.01n+.27
A SmlGrAdm +28+12 +46 11.88n+.24
A SmlGrInv +28+12 +45 11.19n+.23
A SmValInstl +22 +9 +55 33.65n+.56
Hartford A
$77.7 bil 860–547–5000
A– COREq +18 +9 +75 31.78 +.28
A+ GrwthOpps +28+13 +84 41.20 +.52
A+ MidCap +24+10 +61 30.34 +.33
A+ SmallCompan +28+12 +44 20.78 +.40
A– SmCapGr +27+11 +48 47.11 +.95
Hartford C
$80.3 bil 860–547–5000
A+ GrowOppor +27+13 +69 21.49n+.27
A MidCap +24+10 +50 20.90n+.22
A SmallCo +28+12 +35 13.63n+.26
A+ SmCapGr +26+11 +40 31.93n+.64
Hartford HLS IA
$25.6 bil 860–547–5000
A– DiscpEq +19+10 +62 16.13n+.15
A GlobalGrow +22+11 +76 29.90n+.32
A+ GrwthOpps +28+14 +88 43.31n+.57
A MidCap +25+11 +63 42.13n+.45
A+ SmallComp +28+12 +53 23.58n+.46
A+ SmlCapGr +27+12 +50 33.94n+.68
Hartford HLS IB
$25.9 bil 860–547–5000
A– DiscpEq +19 +9 +60 15.93n+.14
A GlobalGrow +22+11 +74 29.57n+.32
A+ GrowOppor +28+14 +85 41.22n+.54
A MidCap +25+11 +61 40.94n+.44
A SmallCo +28+12 +42 21.73n+.43
A SmlCapGr +27+12 +48 32.88n+.66
Hartford I
$68.5 bil 860–547–5000
A CapAppreci +21+11 +43 36.56n+.34
A+ GrowOppor +28+13 +87 43.75n+.56
A MidCap +25+11 +63 31.39n+.34
A SmallCo +28+12 +46 22.07n+.43
A SmCapGr +27+12 +50 49.41n+.99
Hartford R3
$54.6 bil 860–547–5000
A+ GroOppty +27+13 +82 41.23n+.52
A+ MidCap +24+11 +59 34.04n+.37
A SmallCo +28+12 +43 22.79n+.44
Hartford R4
$57.5 bil 860–547–5000
A+ GrowOppor +28+13 +85 44.14n+.55
A MidCap +24+11 +62 35.57n+.38
A SmallCo +28+12 +46 24.38n+.47
A SmCapGr +27+12 +49 49.13n+.99
Hartford R5
$40.5 bil 860–547–5000
A+ CapAppreciR5 +21+11 +44 43.11n+.41
A+ GrowOpp +28+13 +88 46.71n+.59
A MidCap +25+11 +65 36.72n+.39
Hartford Y
$68.0 bil 860–547–5000
A+ CapApprecY +21+11 +42 43.37n+.41
A+ CoreEq +19 +9 +76 32.21n+.29
A+ GrowOppor +28+13 +89 47.55n+.60
A+ MidCap +25+11 +66 37.11n+.40
A+ SmlCapGr +27+12 +52 52.84n+1.1
Hennessy Funds
$9.1 bil 800–966–4354
A– JapanInst +12 +9 +89 37.38n+.49
Hirtle Callaghan
$3.0 bil 877–435–8105
A HCGrowEqStr +21+10 +84 24.61n+.27
Invesco Funds
$31.0 bil 800–959–4246
A+ SmlCapGr +22 +7 +51 39.86n+.67
A+ TechFndIns +24+14 +85 49.93n+.77
Invesco Funds A
$129 bil 800–959–4246
A+ S&P500IdxA +18 +9 +65 31.63 +.30
A+ Sml Cap Gr +22 +7 +51 37.74 +.64
A SmlCap +25 +9 +46 9.63 +.17
A+ TechFndA +24+14 +83 50.17 +.77
Invesco Funds C
$119 bil 800–959–4246
A SmallDi +25 +9 +32 6.72n+.12
A+ SmlCapGr +21 +7 +40 24.20n+.41
A+ TechFndC +24+14 +74 39.60n+.61
Invesco Funds P
$1.8 bil 800–959–4246
A+ SumFndP +24+13 +78 21.44n+.31
Invesco Funds R
$11.2 bil 800–959–4246
A+ SmlCapGr +21 +7 +48 34.59n+.58
Invesco Funds Y
$13.1 bil 800–959–4246
A+ S&P500IdxY +18 +9 +66 32.02n+.31
Invesco Instl
$12.1 bil 800–959–4246
A SmlCapGrR5 +22 +7 +55 43.18n+.73
Ivy Funds
$212 bil 866–941–4482
A+ LrgCapGrA +21+11 +85 23.72 +.30
A LrgCapGrC +21+11 +77 19.08n+.24
A+ LrgCapGrE +21+11 +85 23.65 +.30
A+ LrgCapGrl +21+11 +88 25.14n+.32
A+ LrgCapGrY +21+11 +86 24.39n+.31
A MidCapGrA +26+11 +62 26.25 +.29
A MidCapGrC +26+10 +56 21.81n+.25
A MidCapGrl +26+11 +65 28.59n+.32
A+ MidCapGrR +26+10 +60 25.44n+.28
A MidCapGrY +26+11 +63 27.55n+.31
A+ Sci&TechA +32+16 +68 70.15 +1.3
A+ Sci&TechB +31+16 +60 55.89n+1.0
A+ Sci&TechC +31+16 +61 58.52n+1.1
A+ Sci&TechE +32+16 +67 69.47 +1.3
A+ Sci&Techl +32+16 +70 78.27n+1.4
A+ Sci&TechR +31+16 +65 67.85n+1.2
A+ Sci&TechY +32+16 +68 74.48n+1.4
A SmlCapGrA +24 +9 +64 18.14 +.42
A SmlCapGrB +24 +8 +53 12.33n+.28
A SmlCapGrC +24 +8 +56 13.95n+.33
A SmlCapGrl +24 +9 +69 24.73n+.57
A SmlCapGrY +24 +9 +66 23.12n+.54

—J—K—L—

J Hancock A
$46.3 bil 800–225–5291
A+ RegionlBnk +19 +5 +68 26.55 +.37
A USGlbLdr +20+10 +77 49.96 +.44
J Hancock B
$26.0 bil 800–225–5291
A USGlbLdr +20+10 +69 40.97n+.36
J Hancock C
$16.7 bil 800–225–5291
A USGlbLdr +20+10 +69 40.99n+.36
Janus Aspn Inst
$2.2 bil 888–834–2536
A+ Enterprise +23+10 +94 82.71n+.83
Janus Henderson
$122 bil 800–668–0434
A Enterprise +23+10 +91 130.88n+1.3
A Forty +21+11 +85 35.72 +.36
A+ GlbTech +29+15+133 37.49n+.51
A Growth&Inc +15 +7 +64 57.16n+.44
A Research +23+12 +74 41.54n+.52
Janus S Shrs
$30.7 bil 888–834–2536
A Fortys +21+11 +83 34.24n+.34
A+ GrowthInc +15 +7 +62 57.09n+.43
Janus T Shrs
$49.5 bil 888–834–2536
A Enterprise +23+10 +94 134.18n+1.3
A Research +23+12 +69 50.10n+.62
A Venture +26+12 +70 81.44n+1.5
Jensen Inv Management
$10.6 bil 800–992–4144
A QualtGrowl +19 +7 +78 50.17n+.16
A QualtGrowJ +16 +7 +77 50.16n+.17
JP Morgan A
$252 bil 800–480–4111
E CoreBond + 3 +2 +8 11.48 +.01
A EmrgMktsEq +23+11 +31 29.60 +.34
A+ EquityIdx +18 +9 +57 45.01 +.43
A+ GrAdvantgr +23+11 +94 21.76 +.28
A IntrepidGr +19 +8 +81 57.38 +.62
A+ LgCapGr +25+12 +92 40.86 +.68
A MidCapGr +26+11 +65 32.21 +.36
A+ SmallGrow +29+12 +84 17.35 +.30
A SmlBlnd +23 +9 +68 20.26 +.35
A+ USEquity +19 +9 +56 15.92 +.17
JP Morgan C
$169 bil 800–480–4111
E CoreBond + 3 +2 +6 11.56n+.01
A+ DynSmlGr +23 +9 +59 13.22n+.23
A+ EmrgMktsEq +22+11 +28 28.69n+.33
A IntrepidGr +19 +8 +74 55.26n+.61
A MidCapGr +26+11 +59 24.80n+.27
JP Morgan Instl
$103 bil 800–480–4111
A+ EmrgMktsEq +23+11 +33 30.50n+.35
A+ EnhanEqL +18 +9 +53 27.73n+.28
A– EquityIdx +18 +9 +59 45.06n+.43
A+ SmallGrowth +29+13 +89 20.11n+.36
A TaxAwrDscEq +18+10 +67 36.12n+.39
A USEquityL +19 +9 +58 16.00n+.17
JP Morgan R5
$89.4 bil 800–480–4111
E CoreBond + 3 +2 +9 11.46n+.02
A IntrepidGrth +20 +8 +84 57.56n+.63
A– SmallCore +20 +6 +41 51.92n+1.0
A– USEqty +19 +9 +58 16.01n+.17
A+ USEqty +19 +9 +54 28.17n+.31
JP Morgan R6
$66.0 bil 800–480–4111
E Core Bond + 3 +2 +10 11.49n+.02
A+ EnhanEqu +18 +9 +54 27.75n+.29
JP Morgan Select
$253 bil 800–480–4111
E CoreBond + 3 +2 +9 11.47n+.01
A+ DynSmlGr +23 +9 +73 24.32n+.43
A+ EquityIndx +18 +9 +59 45.09n+.44
A GrAdvSel r +23+11 +96 22.59n+.29
A+ IntrepidGr +19 +8 +83 58.30n+.63
A+ LgCapGr +25+12 +94 41.41n+.68
A+ ResearchEn +18 +9 +63 27.78n+.29
A+ SmallGr +30+13 +88 19.44n+.35
A+ USEquity +19 +9 +57 15.98n+.17
A+ USLgCorPls +18 +9 +63 28.02n+.30
Kinetics Funds
$2.6 bil 800–930–3828
A+ ParadigmNL +27 +9 +64 52.32n+.29
A+ ParadigmIns +27 +9 +65 52.83n+.29
A+ SmCpOpport +22 +7 +56 62.59n+.26
LaudusFunds
$2.0 bil 800–447–3332
A+ GrInvUSLgGr +23+11 +60 22.35n+.37
Legg Mason I
$66.8 bil 800–822–5544
E CorePlusFI + 4 +2 +14 11.57n+.04
E CorePlusI + 4 +2 +15 11.56n+.03
Legg Mason A
$67.0 bil 800–822–5544
A CBLgGrA +21+11 +96 47.29 +.00
A+ CBSmCapGr +19 +6 +67 35.33 +.00
A+ S&P500IdxA +17 +8 +62 26.51n+.00
Legg Mason C
$92.7 bil 800–822–5544
A CBLgCapGr +21+10 +88 37.47n+.00
A+ CBSmCapGr +19 +6 +60 27.31n+.00
A+ CoreBondC1 + 4 +2 +12 11.56n+.03
Legg Mason FI
$13.4 bil 800–822–5544
A+ ClrBridg +21 +8 +54 58.98n+.00
Legg Mason I
$65.0 bil 800–822–5544
A CBLgCapGr +21+11 +99 52.61n+.00
A+ SmlCapl +21 +8 +57 62.29n+.00
LKCM Funds
$819 mil 817–332–3235
A– EqtyInstl +20+10 +53 27.99n+.34
Loomis Sayls
$28.9 bil 800–633–3330
A+ SmCapGrInst +20 +8 +65 27.41n+.48
Lord Abbett A
$126 bil 888–522–2388
A GrowthLdrs +26+13 +78 28.94 +.49
A+ GrowthOpp +25+11 +53 23.30 +.28
E ShrtDurInco + 3 +1 +3 4.19 +.00
Lord Abbett C
$104 bil 888–522–2388
A+ DvlpGrwth +32+13 +48 16.03n+.33
A+ GrowthOpp +25+11 +44 16.87n+.19
E ShrtDurInc + 2 +1 +1 4.21n+.00
Lord Abbett F
$94.0 bil 888–522–2388
A+ DvlpGrwth +33+13 +59 25.63n+.53
E ShrtDurInc + 2 +1 +3 4.18n+.00
Lord Abbett I
$86.5 bil 888–522–2388
A+ DvlpGrwth +33+13 +61 29.21n+.60
A+ GrowthOpp +26+11 +56 26.72n+.31
E ShrtDurInc + 2 +1 +3 4.18n+.00
Lord Abbett P
$22.2 bil 888–522–2388
A+ DvlpGrwth +32+13 +57 23.39n+.48
Lord Abbett R3
$20.2 bil 888–522–2388
A+ DvlpGrwth +32+13 +55 23.45n+.48

—M—N—O—

Madison Funds
$2.2 bil 800–877–6089
A Investors +18+10 +22 22.55n+.03
MainStay A Fds
$19.9 bil 800–624–6782
A+ SP500Idx +18 +9 +56 47.75 +.46
MainStay B Fds
$30.3 bil 800–624–6782
A+ LrgCpGrow +22+11 +68 7.44n+.11
Mainstay I Fds
$10.3 bil 800–624–6782
A MapEq +19 +9 +40 41.99n+.44
A+ SP500Idx +18 +9 +58 48.44n+.47
Marsico Funds
$1.2 bil 888–860–8686
A 21stCentury +24+11 +76 33.07n+.32
A Focus +22+11 +62 18.87n+.23
A Growth +23+12 +56 18.88n+.21
Mass Mutl Instl
$1.3 bil 800–272–2216
A PrmDiscGroA +20+10 +55 10.77 +.11
Mass Mutl Prem
$19.7 bil 800–272–2216
A Class +22+11 +98 23.17n+.30
A DiscplnGrwL +20+10 +57 11.15n+.12
A DiscplnGrwS +20+10 +58 10.95n+.11
A DiscplnGrwY +20+10 +57 11.00n+.12
A+ GlobalL +22+11 +37 12.77 +.16
A GlobalL +22+11 +38 12.94n+.16
A GlobalR5 +22+11 +39 12.94n+.16
Mass Mutl Select
$96.1 bil 800–272–2216
A+ BlueChipGrA +22+10 +93 21.59 +.28
A+ BlueChipGrL +22+11 +95 22.59n+.29
A+ BlueChipGrS +22+11 +97 23.14n+.30
A+ BlueChipGrY +22+11 +96 22.93n+.30
A FocusVal +16 +9 +46 16.85n+.12
A FocusVal +16+10 +48 17.50n+.12
A FocusVal +16+10 +47 17.12n+.12
A FocusValA +16 +9 +48 15.99 +.11
A+ GrwOppA +23+10 +61 8.44 +.11
A+ GrwOppl +23+10 +68 10.44n+.14
A GrwOppL +23+10 +64 9.38n+.12
A GrwOppR5 +23+10 +67 10.28n+.14
A+ GrwOppY +23+10 +66 9.89n+.14
A– IndexEqA +18 +9 +54 17.10 +.16
A– IndexEqS +18 +9 +56 17.69n+.18
A– IndexR5 +18 +9 +57 17.65n+.17
A MidCapEqll +22 +9 +88 19.52n+.20
A MidCpGrEqZ +22 +9 +91 23.04n+.24
A– MidGrEqll S +22 +9 +90 22.80n+.24
A MidGrEqllA +22 +9 +87 19.38 +.20
A MidGrEqllL +22 +9 +73 21.14n+.22
A MidGrEqllY +22 +9 +90 22.20n+.23
A+ SmlCpGrEqA +26+11 +46 11.69 +.23
A SmlCpGrEqL +26+11 +48 13.44n+.26
A SmlCpGrEqS +26+11 +52 15.44n+.30
A+ SmlCpGrEqY +26+11 +51 14.88n+.28
A SmlCpGrEqZ +26+11 +53 15.68n+.30
MassMutual
$4.0 bil 800–272–2216
A+ IndexEqY +18 +9 +55 17.33n+.17
Matthew25
$349 mil 888–836–1777
A Mattew +31+12 +43 30.13n+.33
Matthews Asia
$27.4 bil 800–789–2742
A+ ChinaInv +29+16 +48 18.54n+.25
Meridian Funds
$2.7 bil 800–446–6662
A ContraLeg +18 +9 +67 16.37 +.14
A Growth +22 +9 +63 40.60n+.77
Metro West
$255 bil 800–241–4671
E TotRetBdl + 3 +2 +9 10.61n+.01
E TotRetBdM + 3 +2 +8 10.61n+.01
E TRBdPlan + 3 +2 +9 9.99n+.02
MFS Funds A
$199 bil 800–225–2606
A CoreEquity +20 +9 +61 32.12 +.30
A+ GlobalGrow +20+10 +53 44.32 +.36
C+ IntlVal +16+10 +42 43.66 +.28
A MAInvGrStk +23+12 +78 31.14 +.25
A– MAInvTr +19 +9 +58 31.88 +.15
A MidCapGr +22 +9 +82 18.50 +.20
A+ NewDiscov +23 +8 +56 27.43 +.60
A– Research +20 +9 +59 43.07 +.41
A+ Technology +27+12+133 44.92 +.52
C+ ValueA +17 +9 +46 41.28 +.27
MFS Funds B
$204 bil 800–225–2606
A– CoreEquity +19 +9 +55 28.01n+.26
A+ GlobalGrow +20+10 +47 38.18n+.31
A+ Growth +22+11 +86 86.53n
C+ IntlVal +16+10 +38 41.50n+.26
A MAInvGrStk +23+12 +72 26.65n+.21
A– MAInvTr +19 +9 +53 30.81n+.15
A MidCapGr +22 +9 +74 15.78n+.13
A+ NewDiscov +23 +8 +52 21.43n+.45
A+ Research +20 +9 +53 38.41n+.44
A Technology +26+12+123 38.41n+.44
C Value +17 +8 +42 41.08n+.26
MFS Funds C
$168 bil 800–225–2606
A– CoreEquity +19 +9 +55 27.64n+.25
A GlobalGr +20+10 +47 37.69n+.30
A+ Growth +22+11 +86 85.83n+.99
A MAInvGrSk +23+12 +72 26.40n+.20
A– MAInvTr +19 +9 +53 30.15n+.15
A MidCapGr +22 +9 +74 15.08n+.15
A+ NewDiscov +23 +8 +48 20.73n+.45
A– Research +19 +9 +54 38.55n+.36
A+ Technology +26+12+123 38.33n+.44
C Value +17 +8 +42 40.95n+.26
MFS Funds I
$140 bil 800–225–2606
A+ Growth +23+12 +97 115.71n+1.4
A MAInvGrSk +23+12 +79 32.09n+.26
A MassInvTr +19 +9 +59 30.93n+.16
A MidCapGr +22 +9 +85 20.51n+.17
A+ NewDiscov +23 +9 +60 44.23n+.42
B– Value +17 +9 +47 41.52n+.27
Morgan Stan
$6.3 bil 888–454–3965
A+ MitiCpOpps +30+13+116 30.69n+.59
Morgan Stan A
$3.7 bil 888–454–3965
A+ InsightFdA +33+13+127 42.95 +.82
A+ MidCapGr +35+14 +52 16.83 +.30
Morgan Stan B
$2.6 bil 888–454–3965
A+ MitiCpGrt +30+13+113 30.09n+.57
Morgan Stan I
$3.2 bil 888–454–3965
A+ InstDiscl +35+14 +57 20.79n+.38
A+ MitiCapGrl +30+13+132 47.78n+.91
Morgan Stan Ins
$24.5 bil 888–454–3965
A+ GlbFranchl +17+11 +59 27.03n+.22
A+ GrowthInst +35+15+116 49.57 +.94
A+ InceptionI +35+14 +40 13.03n+.32
A+ Instgrowth +35+15+119 52.29n
A+ SmCoGrP +35+14 +35 10.40 +.26
Motley Fool Funds
$740 mil 888–863–8803
A GlobalOpps +26+15 +61 25.41n+.47
A GreatAmer +22+10 +57 25.01n+.40
Nationwide
$1.2 bil 800–321–6064
A+ NatnWdeSVC +18 +8 +51 21.29n+.00
Nationwide A
$10.8 bil 800–321–6064
A+ Nationwide +17 +8 +51 21.78 +.00
A+ S&P500Idx +17 +8 +57 15.17 +.00
Nationwide Funds Instl
$5.1 bil 800–321–6064
A Growth +19 +9 +60 9.77n+.00
A+ S&P500Idx +17 +8 +59 15.32n+.00
Nationwide Funds Service
$8.6 bil 800–321–6064
A+ S&P500Ins +17 +8 +58 15.28n+.00
A+ S&P500Svc +17 +8 +57 15.19n+.00
Natixis Funds
$62.4 bil 617–449–2100
A GrowthY +23+12+102 17.54n+.24
A USMltCapEqA +22+11 +72 36.84 +.54
A+ USMltCapEqC +22+11 +61 23.85n+.35
A USMltCapEqY +22+11 +76 43.40n+.63
Neubrg Brm
$49.1 bil 800–223–6448
A+ Intrinsic +25 +7 +39 16.09 +.20
A MultiCap +17 +8 +56 18.70 +.18
A+ MultiCpOppC +17 +8 +52 18.69n+.18
A+ NuberMidFd +24 +8 +61 15.46n+.19
A+ ResponsC +13 +5+215 37.05n+.06
A+ SocRespA +14 +5+210 37.19 +.06
A+ SocRespR3 +14 +5+213 37.24n+.06
Neubg Brm Adv
$11.8 bil 800–223–6448
A+ Genesis +23+12 +42 58.72n+.72
Neubg Brm Instl
$18.3 bil 800–223–6448
A MidGrwth +24 +8 +61 15.44n+.19
A MultCapOpp +17 +8 +57 18.67n+.18
Neubg Brm Inv
$32.9 bil 800–223–6448
A+ Genesis +23+12 +49 58.88n+.73
A+ Genesisl +23+12 +52 58.78n+.72
A+ Guardian +21+11 +47 17.74n+.17
A MidGrwth +24 +8 +65 15.39n+.19
Neubg Brm Tr
$15.9 bil 800–223–6448
A+ SocResponds +14 +5+205 37.21n+.06
Nicholas Group
$4.4 bil 800–844–6541
A LtdEditl +19 +9 +57 28.03n+.30
A+ Nicholl +22+10 +59 28.60n+.28
NorthCoastAsstMgmt
$80 mil 800–274–5448
C– SelGr +13 +5 +21 13.77n+.16
Northern
$39.0 bil 800–595–9111
A+ StockIndex +18 +9 +65 34.07n+.33
Nuveen Cl A
$50.9 bil 800–257–8787
A+ MidCapGrOpp +26 +9 +41 33.96 +.37
Nuveen Cl I
$40.4 bil 800–257–8787
A+ MidCapGrOpl +26 +9 +45 42.83n+.47
Oak Associates
$3.2 bil 888–462–5386
A+ PinOakEqty +18 +7 +67 70.84n+.75
A+ RedOakTech +25+12+125 29.62n+.30
A+ WhtOakSelGr +17 +8 +85 98.74n+.67
Oakmark I
$119 bil 800–625–6275
D+ Intl +17+10 +7 23.88n+.12
Oppenheimer A
$169 bil 800–525–7048
A+ CapApprec +23+11 +57 62.08 +.72
B DevelopMkt +17 +8 +21 44.52 +.45
A+ DiscoveryA +25+10 +70 79.33 +1.5
A+ DisMidGrwA +24+11 +72 21.08 +.16
A– Global +22+10 +43 90.02 +1.1
A+ GlobOppA +21 +8 +83 61.63 +.73
D– IntlGrowth +17+10 +8 40.91 +.26
A– IntlSmCo +20+12 +64 48.58 +.64
Oppenheimer I
$35.1 bil 800–525–7048
B DevlpMktC +16 +8 +17 41.33n+.41
Oppenheimer N
$88.8 bil 800–525–7048
A+ CapApprec +23+11 +54 58.06n+.68
A+ Discovery +25+10 +67 72.23n+1.4
A+ DisMidGrw +24+11 +70 19.53n+.14
A– Global +22+10 +44 89.53n+1.1
D– IntlGrowth +17+10 +7 40.12n+.25
A+ IntlSmCo +20+12 +62 46.13n+.61
Oppenheimer Y
$93.2 bil 800–525–7048
A+ CapApprec +23+11 +59 67.71n+.79
A+ Discovery +25+10 +73 91.45n+1.7
A+ Global +22+11 +46 90.11n+1.1
A+ GlobOppY +21 +8 +85 62.64n+.75
D– IntlGr +17+10 +9 40.64n+.26
A+ IntlSmCo +20+12 +64 48.07n+.63
Oppenhmr C&M
$150 bil 800–525–7048
D+ ActiveAlloc +14 +7 +26 14.46n+.11
A+ CpApprcC +23+10 +48 45.11n+.52
A+ DiscoveryC +25+10 +60 52.53n+.98
A+ DisMidGrw +24+11 +65 16.86n+.13
A+ GlobOppC +21 +8 +76 53.20n+.64
E IntlGrC +17+10 +6 38.79n+.25
Optimum C
$5.0 bil 800–914–0278
A SmlCpGrow +22 +8 +37 11.38n+.20

—P—Q—R—

Pace Funds A
$7.7 bil 800–647–1568
A LrgCGr +21+11 +40 23.58 +.27
A+ SmMdCoGr +21 +8 +43 16.93 +.28
Pace Funds Y
$4.6 bil 800–647–1568
A+ LrgCoGr +21+11 +42 24.64n+.29
Parnassus
$16.0 bil 800–999–3505
A+ CoreEqInv +18 +9 +57 45.83n+.40
PgimInvest
$214 bil 973–367–7930
A+ 20/20Focus +17 +7 +45 14.72 +.00
A+ 20/20Focus +17 +8 +38 9.85n+.00
A+ BlendZ +18 +8 +43 20.29n+.00
A+ ConservGr +19 +8 +55 10.74n+.00
A+ Growth +21 +9 +93 40.81 +.00
A Growth +20 +9 +84 31.94n+.00
A Growth +20 +9 +85 32.15n+.00
A Growth +21 +9 +96 44.03n+.00
A+ GrowthZ +22+10 +92 17.09n+.00
A+ JennFocGrA +22+10 +82 12.49n+.00
A+ JennFocGrB +22+10 +82 12.44n+.00
A+ MidCapGr +23 +8 +60 45.20n+.00
A+ MidCapGrZ +25+11 +44 31.39n+.00
A+ SelGwthC +22+10 +82 12.45n+.00
A+ StockIdxl +17 +8 +59 47.33n+.00
A+ StockIdxZ +17 +8 +59 47.34n+.00
E TotRetBd + 4 +2 +9 14.33n+.00
E TotRetBd + 4 +2 +12 14.34 +.00
PIMCO A
$170 bil 888–877–4626
A– StocksPlus +19 +6 +41 9.56 +.00
A+ StocksPLUS +18 +9 +55 9.61 +.00
E StocksRet +18 +8 +55 10.46 +.00
PIMCO Admin
$239 bil 888–877–4626
D– IncomeFd + 4 +2 +17 12.04n+.00
D– Realpath + 5 +1 +7 7.98n+.00
PIMCO C
$146 bil 888–877–4626
A– StocksPlus +18 +6 +36 8.73n+.00
A– StocksPlRet +18 +8 +49 9.42n+.00
A– StocksPLUS +18 +8 +52 9.01n+.00
PIMCO Inst I
$194 bil 800–927–4648
A StkPlsLgDur +23+11 +72 6.90n+.00
A– StocksPlus +19 +6 +43 9.80n+.00
A StocksPlRet +18 +9 +57 10.67n+.00
A+ StocksPLUS +18 +9 +59 10.51n+.00
PIMCO P
$325 bil 888–877–4626
D Income + 4 +2 +18 12.04n+.00
A– StocksPlus +19 +6 +42 9.71n+.00
A StocksPlus +18 +8 +57 10.52n+.00
E TotalRetrn + 3 +2 +8 10.11n+.02
Pioneer
$15.0 bil 800–225–6292
A+ Pioneer +17+11 +44 29.02n+.29
Pioneer A
$32.5 bil 800–225–6292
A– CoreEq +20+10 +51 19.04 +.18
A DiscGr +23+12 +63 16.89 +.17
A+ Growth +21 +9 +76 25.10 +.19
A+ MidCapGrw +26+12 +63 43.07 +.42
Pioneer C
$28.9 bil 800–225–6292
A– DiscGr +22+12 +56 14.43n+.14
A+ Growth +21+10 +70 22.73n+.17
Pioneer Y
$31.3 bil 800–225–6292
A– CoreEq +20+10 +53 19.31n+.19
A DiscGr +23+12 +64 17.36n+.18
A+ GrowthY +21 +9 +78 25.32n+.19

Mutuals continued on B16

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

GARY KOOPMANN, TIMOTHY KIDD and VICTOR PIRNIK, Individually and on Behalf of All Others Similarly Situated,

Plaintiffs,

v.

FIAT CHRYSLER AUTOMOBILES N.V., FCA US LLC, RONALD ISELI AND ALESSANDRO BALDI, AS CO-EXECUTORS FOR THE ESTATE OF SERGIO MARCHIONNE, SCOTT KUNSELMAN, MICHAEL DAHL, STEVE MAZURE and ROBERT E. LEE,

Defendants.

Case No: 15-cv-07199-JMF

Hon. Jesse M. Furman

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES; AND (III) SETTLEMENT FAIRNESS HEARING**

**TO: All persons and entities who purchased or otherwise acquired, on a U.S. exchange or in a transaction in the United States, Fiat Chrysler Automobiles N.V. common stock between October 13, 2014 and May 23, 2017, both dates inclusive (the "Class").**

Certain persons and entities are excluded from the Class as set forth in detail in the Stipulation and Agreement of Settlement dated April 5, 2019 ("Stipulation") and the Notice described below.

**PLEASE READ THIS NOTICE CAREFULLY; YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

**ADDITIONAL INFORMATION ABOUT THE SETTLEMENT IS AVAILABLE ON THE SETTLEMENT WEBSITE, WWW.FIATCHRYSLERSECURITIESLITIGATION.COM.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York ("Court"), that the above-captioned action ("Action") has been certified as a class action and that the parties to the Action have reached a proposed settlement for $110 million in cash ("Settlement"), that, if approved, will resolve all claims in the Action. A hearing will be held on September 5, 2019 at 3:00 p.m., before the Honorable Jesse M. Furman at the United States District Court for the Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, Courtroom 1105, New York, NY 10007, to determine: (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the releases specified and described in the Stipulation (and in the Notice described below) should be entered; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Class Counsel's application for an award of attorneys' fees and reimbursement of expenses should be approved.

**If you are a member of the Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund.** If you have not yet received the detailed Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses; and (III) Settlement Fairness Hearing ("Notice") and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at *Fiat Chrysler Automobiles Securities Litigation Settlement*, c/o Epiq Class Action & Claims Solutions, Inc., P.O. Box 5270, Portland, OR 97208-5270; 1-877-568-3518; info@FiatChryslerSecuritiesLitigation.com. Copies of the Notice and Claim Form can also be downloaded from the website maintained by the Claims Administrator, www.FiatChryslerSecuritiesLitigation.com.

If you are a member of the Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form ***postmarked (if mailed), or online*, no later than August 28, 2019**, in accordance with the instructions set forth in the Claim Form. If you are a Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any releases, judgments or orders entered by the Court in the Action.

If you are a member of the Class and wish to exclude yourself from the Class, you must submit a request for exclusion such that it is ***received* no later than August 15, 2019**, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Class, you will not be bound by any releases, judgments or orders entered by the Court in the Action and you will not be eligible to share in the net proceeds of the Settlement. Excluding yourself is the only option that allows you to be part of any other current or future lawsuit against Defendants or any of the other released parties concerning the claims being resolved by the Settlement. Please note, however, if you decide to exclude yourself from the Class, you may be time-barred from asserting the claims covered by the Action by a statute of repose.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Class Counsel's motion for attorneys' fees and reimbursement of expenses, must be filed with the Court and delivered to Class Counsel and Defendants' Counsel such that they are ***received* no later than August 15, 2019**, in accordance with the instructions set forth in the Notice.

**PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.** All questions about this notice, the Settlement, or your eligibility to participate in the Settlement should be directed to Class Counsel or the Claims Administrator.

Requests for the Notice and Claim Form should be made to:

**Claims Administrator**
*Fiat Chrysler Automobiles Securities Litigation Settlement*
c/o Epiq Class Action & Claims Solutions, Inc.
P.O. Box 5270
Portland, OR 97208-5270
Tel.: 1-877-568-3518
info@FiatChryslerSecuritiesLitigation.com
www.FiatChryslerSecuritiesLitigation.com

Inquiries, other than requests for the Notice and Claim Form, may be made to Class Counsel:

**Class Counsel**

Jeremy A. Lieberman
Pomerantz LLP
600 Third Avenue, Floor 20
New York, New York 10016
1-212-661-1100
jalieberman@pomlaw.com

Laurence Rosen
The Rosen Law Firm, P.A.
275 Madison Avenue, 34th Floor
New York, NY 10016
1-212-686-1060
lrosen@rosenlegal.com

DATED: April 30, 2019

BY ORDER OF THE COURT
United States District Court
for the Southern District of New York

Copyright 2019 Investor's Business Daily Inc.

# Announcing Pendency of Class Action and Proposed Settlement Involving Purchases of Fiat Chrysler Automobiles N.V. Common Stock

---

NEWS PROVIDED BY
**United States District Court for the Southern District of New York →**
May 06, 2019, 07:59 ET

---

NEW YORK, May 6, 2019 /PRNewswire/ --

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| GARY KOOPMANN, TIMOTHY KIDD and VICTOR PIRNIK, Individually and on Behalf of All Others Similarly Situated, | : | **Case No: 15-cv-07199-JMF** |
| | : | Hon. Jesse M. Furman |
| Plaintiffs, | : | |
| v. | : | |
| FIAT CHRYSLER AUTOMOBILES N.V., FCA US LLC, RONALD ISELI AND ALESSANDRO BALDI, AS CO-EXECUTORS FOR THE ESTATE OF SERGIO MARCHIONNE, SCOTT KUNSELMAN, MICHAEL DAHL, STEVE MAZURE and ROBERT E. LEE, | : | |
| Defendants. | : | |

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES; AND (III) SETTLEMENT FAIRNESS HEARING**

**TO: All persons and entities who purchased or otherwise acquired, on a U.S. exchange or in a transaction in the United States, Fiat Chrysler Automobiles N.V. common stock between October 13, 2014 and May 23, 2017, both dates inclusive (the "Class").**

Certain persons and entities are excluded from the Class as set forth in detail in the Stipulation and Agreement of Settlement dated April 5, 2019 ("Stipulation") and the Notice described below.

**PLEASE READ THIS NOTICE CAREFULLY; YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

**ADDITIONAL INFORMATION ABOUT THE SETTLEMENT IS AVAILABLE ON THE SETTLEMENT WEBSITE, WWW.FIATCHRYSLERSECURITIESLITIGATION.COM.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York ("Court"), that the above-captioned action ("Action") has been certified as a class action and that the parties to the Action have reached a proposed settlement for $110 million in cash ("Settlement"), that, if approved, will resolve all claims in the Action. A hearing will be held on September 5, 2019 at 3:00 p.m., before the Honorable Jesse M. Furman at the United States District Court for the Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, Courtroom 1105, New York, NY 10007, to determine: (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the releases specified and described in the Stipulation (and in the Notice described below) should be entered; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Class Counsel's application for an award of attorneys' fees and reimbursement of expenses should be approved.

**If you are a member of the Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund**. If you have not yet received the detailed Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses; and (III) Settlement Fairness Hearing ("Notice") and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at *Fiat Chrysler Automobiles Securities Litigation Settlement*, c/o Epiq Class Action & Claims Solutions, Inc., P.O. Box 5270, Portland, OR 97208-5270; 1-877-568-3518; info@FiatChryslerSecuritiesLitigation.com. Copies of the Notice and Claim Form can also be downloaded from the website maintained by the Claims Administrator, www.FiatChryslerSecuritiesLitigation.com.

If you are a member of the Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form ***postmarked (if mailed), or online,*** **no later than August 28, 2019**, in accordance with the instructions set forth in the Claim Form. If you are a Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any releases, judgments or orders entered by the Court in the Action.

If you are a member of the Class and wish to exclude yourself from the Class, you must submit a request for exclusion such that it is ***received*** **no later than August 15, 2019**, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Class, you will not be bound by any releases, judgments or orders entered by the Court in the Action and you will not be eligible to share in the net proceeds of the Settlement. Excluding yourself is the only option that allows you to be part of any other current or future lawsuit against Defendants or any of the other released parties concerning the claims being resolved by the Settlement. Please note, however, if you decide to exclude yourself from the Class, you may be time-barred from asserting the claims covered by the Action by a statute of repose.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Class Counsel's motion for attorneys' fees and reimbursement of expenses, must be filed with the Court and delivered to Class Counsel and Defendants' Counsel such that they are ***received*** **no later than August 15, 2019**, in accordance with the instructions set forth in the Notice.

**PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.** All questions about this notice, the Settlement, or your eligibility to participate in the Settlement should be directed to Class Counsel or the Claims Administrator.

Requests for the Notice and Claim Form should be made to:

**Claims Administrator**
*Fiat Chrysler Automobiles Securities Litigation Settlement*
c/o Epiq Class Action & Claims Solutions, Inc.
P.O. Box 5270
Portland, OR 97208-5270
Tel.: 1-877-568-3518
info@FiatChryslerSecuritiesLitigation.com
www.FiatChryslerSecuritiesLitigation.com

Inquiries, other than requests for the Notice and Claim Form, may be made to Class Counsel:

**Class Counsel**
Jeremy A. Lieberman
Pomerantz LLP
600 Third Avenue, Floor 20
New York, New York 10016
1-212-661-1100
jalieberman@pomlaw.com

Laurence Rosen
The Rosen Law Firm, P.A.
275 Madison Avenue, 34th Floor
New York, NY 10016
1-212-686-1060
lrosen@rosenlegal.com

DATED: April 30, 2019

BY ORDER OF THE COURT
United States District Court
for the Southern District of New York

SOURCE United States District Court for the Southern District of New York

Related Links

http://www.FiatChryslerSecuritiesLitigation.com