UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
GARY KOOPMANN, TIMOTHY KIDD and : :
VICTOR PIRNIK, Individually and on Behalf : :
of All Others Similarly Situated, : : Case No. 1: 15-cv-07199-JMF
: :
Plaintiff(s), :
v. :
:
FIAT CHRYSLER AUTOMOBILES N.V., :
FCA US, LLC, RONALD ISELI AND :
ALESSANDRO BALDI, AS CO- :
EXECUTORS FOR THE ESTATE OF ;
SERGIO MARCHIONNE, SCOTT ;
KUNSELMAN, MICHAEL DAHL, STEVE
MAZURE and ROBERT E. LEE,

Defendants.
------------------------------------------------------------ X

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR
DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS**

IT IS HEREBY ORDERED THAT:

1. Plaintiffs' Motion for Distribution of Class Action Settlement Funds is GRANTED.

2. The funds that are currently in the Net Settlement Fund (less any necessary amounts to be withheld for payment of potential tax liabilities and related fees and expenses) shall be distributed on a pro rata basis to the Authorized Claimants identified in Exhibits C-1 and C-2 to the Declaration of Nicholas Schmidt Concerning the Results of the Claims Administration Process ("Schmidt Declaration"), at the direction of Class Counsel, The Rosen Law Firm P.A. and Pomerantz LLP, pursuant to the Stipulation and Agreement of Settlement filed with the Court on April 5, 2019 (the "Stipulation") (Dkt. No. 355) and the Plan of Allocation of the Net Settlement Fund set forth in the Notice of Pendency and Proposed Settlement of Class Action that was distributed pursuant to this Court's prior Order.

3. Any person asserting any rejected or subsequently filed claims are finally and forever barred as of May 21, 2020, the date used to finalize the administration based on the Schmidt Declaration.

4. The Court finds that the administration of the Settlement and proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and the Plan of Allocation and that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, including, but not limited to Class Counsel and the Court-appointed Claims Administrator, Epiq Class Action & Claims Solutions, Inc. ("Epiq"), are released and discharged from any and all claims arising out of such involvement, and all Class Members are barred from making any further claims against the Net Settlement Fund or the Released Parties beyond the amount allocated to them pursuant to this Order.

5. The checks for distribution to Authorized Claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER DISTRIBUTION DATE." Class Counsel and Epiq are authorized to locate and/or contact any Authorized Claimant who has not cashed his, her, or its check within said time.

6. Pursuant to the Plan of Allocation, if any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, then, after Epiq has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any balance remaining in the Net Settlement Fund after three (3) months from the initial distribution (whether by reason of tax refunds uncashed checks or otherwise), the Claims Administrator, shall, if feasible: (a) first, pay any amounts mistakenly omitted from the initial disbursement; (b) second, pay any additional settlement administration fees, costs, and expenses, including those of Class Counsel as may be approved by the Court; and (c) finally, make a second distribution to claimants who cashed their checks from the initial distribution and who would receive at least $10.00, after payment of the estimated costs, expenses, or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible.

7. This Court retains jurisdiction over any further application or matter which may arise in connection with this action.

IT IS SO ORDERED.

Dated: January 12, 2021

HONORABLE JESSE M. FURMAN
UNITED STATES DISTRICT JUDGE

Six claimants disputed the determinations made by the Claims Administrator and requested judicial review. Those claimants were provided an opportunity to file their objections with the Court by January 6, 2021, but none did so. In any event, the Court agrees with the Claims Administrator's determinations for substantially the reasons stated in Plaintiffs' submissions. *See* ECF Nos. 373-74, 376-77. Plaintiffs shall file a letter updating the Court on the status of distribution efforts **three months from the date of this Order.** The Clerk of Court is directed to terminate ECF No. 372.